**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY KEITH VAUGHN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | )    **Civil Action No. 3:06-cv-1103-WKW** |
| | ) |
| **OFFICER SCROGGINS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>DEFENDANTS' SPECIAL REPORT</u>

COME NOW Sheriff Jay Jones, Officer James Scroggins and Officer Leon Aaron, Defendants in the above-styled cause, and submit their Special Report to the Court.

## INTRODUCTION

Anthony Keith Vaughn, has been in and out of the Lee County Detention Center multiple times over the past fifteen years. Most recently he booked into the Lee County Detention center on October 30, 2006 on charges of failure to pay child support, failure to appear on a charge of first degree theft and failure to appear on a charge involving a pistol. (Exhibit A, Inmate File of Anthony Keith Vaughn.) The Plaintiff was a pretrial detainee at all times relevant to the allegations made the basis of the Plaintiff's Complaint. (Exhibit B, Affidavit of Corey Welch[1], "Welch Aff." ¶ 3.)

---

[1]  Lt. Welch is employed by the Lee County Sheriff's Office and assigned to serve as a corrections officer at the Lee County Detention Center. He has worked as a correctional officer for over ten years, having obtained the rank of Lieutenant in November 2004. He is both a graduate of the Police Academy and the Alabama Jail Management School. Half of Lee County Detention Center staff is assigned to the red team and half is assigned to the blue team. He is the red team supervisor. Lt. Welch is in charge of work-release inmates and is the SPORT team administrator. Lt. Roberson and Lt. Welch are the highest ranking jail officials under Major Torbert and Sheriff Jones.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendants violated his constitutional rights by threatening to "beat [him] up," by housing him in a cell with inmates charged with violent crimes and by housing him in unconstitutional conditions.  However, Plaintiff requests no relief as a result of these alleged constitutional violations.  (Plaintiff's Compl. p. 4.)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact.  Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.  (Exhibit C, Affidavit[2] of Sheriff Jay Jones[3], "Jones Aff.," ¶ 5; Exhibit D, Affidavit of James Scroggins[4], "Scroggins Aff.," ¶ 4; Exhibit E, Affidavit of Leon Aaron[5], "Aaron Aff.," ¶ 4.)  Defendants raise the defenses of Eleventh Amendment immunity, qualified immunity, Plaintiff's failure to comply with the Prison Act, and additional defenses presented below.  Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

## I.    FACTS

### A.    EXCESSIVE FORCE

As Sheriff of Lee County, Sheriff Jones is responsible for promulgating the policies governing the Lee County Detention Facility.  (Jones Aff. ¶ 4.)

---

[2] Sheriff Jay Jones has reviewed and approved the attached affidavit.  However, the undersigned attorney has not received a signed copy.  The undersigned attorney will file a Motion to Substitute the signed copy as soon as same is received.

[3] Jay Jones is the duly elected Sheriff of Lee County, Alabama, and has served in such capacity since 1999.  (Jones Aff. ¶ 2.)

[4] Officer Scroggins is employed by the Lee County Sheriff's Office and assigned to serve as a Corrections Officer at the Lee County Detention Center.  He has worked as a correctional officer for approximately three years at the Lee County Detention Center.  For approximately eleven years, he was employed as a Corrections Officer at the Macon County Sheriff's Office.  He is a graduate of the Alabama Jail Management School.  (Scroggins Aff. ¶ 2.)

[5] Officer Aaron is employed by the Lee County Sheriff's Office and assigned to serve as a Corrections Officer at the Lee County Detention Center.  He has worked as a correctional officer for three and one-half (3 1/2) years.  He is a graduate of the Alabama Jail Management School.  (Aaron Aff. ¶ 2.)

It is the policy of the Lee County Sheriff's Office that Detention Center staff use only the minimum physical force necessary to control combative or uncooperative inmates. Physical abuse is not used to punish an inmate for a rule violation. (Jones Aff. ¶ 6; Welch Aff. ¶ 5; Scroggins Aff. ¶ 5; Aaron Aff. ¶ 5.)

It is the policy of the Lee County Sheriff's Office that force and restraints are used in the Lee County Detention Center only when it is necessary to do so in order to maintain appropriate control and management and provide for secure and orderly running of the Detention Center. (Jones Aff. ¶ 7; Welch Aff. ¶ 6; Scroggins Aff. ¶ 6; Aaron Aff. ¶ 6.)

The Lee County Sheriff's Office operates the Lee County Detention Center under the belief that control and management of inmates incarcerated there should be by sound scientific methods, stressing moral values and organized persuasion rather than depending upon physical force for effective management and control. (Jones Aff. ¶ 8; Welch Aff. ¶ 7; Scroggins Aff. ¶ 7; Aaron Aff. ¶ 7.)

When the use of force is necessary, only the minimum amount needed to accomplish the task at hand is used. (Jones Aff. ¶ 9; Welch Aff. ¶ 8; Scroggins Aff. ¶ 8; Aaron Aff. ¶ 8.)

Physical force is used only as a last resort. All reasonable attempts are made to identify and utilize alternative means to deal with the situation. (Jones Aff. ¶ 10; Welch Aff. ¶ 9; Scroggins Aff. ¶ 9; Aaron Aff. ¶ 9.)

Physical force or chemical agents may be used in the following incidences:

a. Prior to the use of deadly force to prevent the commission of a felony, including escape or to prevent an act which could result in death or serious bodily harm to one's self or another person.

b. In defending one's self or others against any physical assault.

c. To prevent the commission of a misdemeanor.

d. To prevent serious damage to property.

    e.       To enforce Detention Center regulations.

    f.       To prevent or quell a riot.

(Jones Aff. ¶ 11; Welch Aff. ¶ 10; Scroggins Aff. ¶ 10; Aaron Aff. ¶ 10.)

It is the policy of the Lee County Sheriff's Office to establish rules and regulations governing the behavior of persons incarcerated in the Lee County Detention Center and to subject such persons to discipline for violation of those rules only in a matter which provides due process for the accused person. (Jones Aff. ¶ 12; Welch Aff. ¶ 11; Scroggins Aff. ¶ 11; Aaron Aff. ¶ 11.)

Using profanity or derogatory remarks or gestures to a staff member is a major offense, subjecting the inmate to lockdown. Plaintiff was placed in lockdown for a short time period to allow him to "cool-off." (Jones Aff. ¶ 13; Welch Aff. ¶ 12; Scroggins Aff. ¶ 12; Aaron Aff. ¶ 12.)

On November 3, 2006, Officer Scroggins and Officer Aaron responded to a call from the inmates in F-3 that an inmate was sick and needed help. Upon arriving in F-3, they summoned medical help for an inmate who was lying on the floor and stating that he was in pain. They instructed the 15-20 inmates in the cell to be quiet so that the nurse could do her job and take care of the sick inmate. Plaintiff began running his mouth as soon as the officers arrived in the cell and continued after they told the inmates to not talk. Plaintiff was instructed several times to be quiet by Officer Aaron and Officer Scroggins. However, Plaintiff refused to stop talking and made multiple and various derogatory comments such as they were not helping the sick inmate, that they were going to let him die, and that they needed to get the inmate some more medical help. Plaintiff spoke in a loud and belligerent manner and kept using profanity. Plaintiff was the only inmate in the cell refusing the order to be quiet. Plaintiff was interfering with the nurse's ability to talk with the sick inmate and was interfering with the nurse's work. Plaintiff was

refusing to follow a direct order from an officer. (Scroggins Aff. ¶ 26; Aaron Aff. ¶ 26; Welch Aff. ¶ 12.)

Due to his refusal to follow orders, Officer Scroggins told Plaintiff to pack his things up because he was going to lockdown. Scroggins handcuffed Plaintiff and escorted him down the hallway to E-6, a lockdown cell. Officer Aaron witnessed Plaintiff being handcuffed and was 6-8 feet behind them as they walked down the hall. Scroggins removed Plaintiff's handcuffs and he walked into the lockdown cell. Officer Aaron witnessed Officer Scroggins removing the handcuffs and Plaintiff walking into the lockdown cell. Plaintiff was handcuffed, escorted to the lockdown cell and the handcuffs were removed all without incident. At no time was any physical force used against Plaintiff by Officer Scroggins or Officer Aaron. Plaintiff did not resist being handcuffed, being escorted to E-6 or having the handcuffs removed. Plaintiff made no complaint of any kind. Officer Scroggins told Plaintiff that he was placing Plaintiff in lockdown so he could cool-off. Plaintiff was in lockdown for approximately one day. (Aaron Aff. ¶ 27; Scroggins Aff. ¶ 27; Ex. A, Inmate File; Exhibit F, Inmate Medical File.)

### B.    CONDITIONS OF CONFINEMENT

It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff. (Jones Aff. ¶ 14; Welch Aff. ¶ 13; Scroggins Aff. ¶ 13; Aaron Aff. ¶ 13.)

It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment. (Jones Aff. ¶ 15; Welch Aff. ¶ 14; Scroggins Aff. ¶ 14; Aaron Aff. ¶ 14.)

It is the policy of the Lee County Sheriff's Office to maintain a housekeeping plan at the Lee County Detention Center in order that all areas of the Detention Center are kept clean and sanitary. (Jones Aff. ¶ 16; Welch Aff. ¶ 15; Scroggins Aff. ¶ 15; Aaron Aff. ¶ 15.)

Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily. (Jones Aff. ¶ 17; Welch Aff. ¶ 16; Scroggins Aff. ¶ 16; Aaron Aff. ¶ 16.)

The first and second shift supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas. (Jones Aff. ¶ 18; Welch Aff. ¶ 17; Scroggins Aff. ¶ 17; Aaron Aff. ¶ 17.)

Each cleaning consists of the following: Floors are swept and mopped. Toilets are scrubbed with toilet cleanser and disinfectant. Sinks and showers are scrubbed with scouring cleanser and disinfectant. Tables and benches are washed. Bunks and sleeping areas are made clean and orderly. Trash receptacles are emptied and washed daily. (Jones Aff. ¶ 19; Welch Aff. ¶ 18, Scroggins Aff. ¶ 18; Aaron Aff. ¶ 18.)

The shift supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time including any areas where mildew is present. (Jones Aff. ¶ 20; Welch Aff. ¶ 19; Scroggins Aff. ¶ 19; Aaron Aff. ¶ 19.)

The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility. (Jones Aff. ¶ 21; Welch Aff. ¶ 20; Scroggins Aff. ¶ 20; Aaron Aff. ¶ 20.)

The heating system for the Lee County Detention center maintains a temperature between 68 and 70 degrees Fahrenheit in all inmate cells. Increasing this temperature increases the opportunity for germ growth. If a problem does occur within the heating system, a service

professional is called to fix it immediately.  Plaintiff has never been housed in a cell without adequate heat.  (Jones Aff. ¶ 29; Welch Aff. ¶ 28; Scroggins Aff. ¶ 30; Aaron Aff. ¶ 30.)

The Lee County Detention Center is painted once every two years.  If significant paint chipping occurs in between paintings, that spot will be repainted.  Often, inmate vandalism to cell walls causes paint to chip.  Sprinklers thought the jail are fully functional and are not painted over.  Jail officials inspect all surfaces after being painted and ensure that sprinkler heads are functional.  Also, the Lee County Detention Center is inspected by fire department officials every six months to ensure sprinklers are operational.  (Jones Aff. ¶ 30; Welch Aff. ¶ 29; Scroggins Aff. ¶ 31; Aaron Aff. ¶ 31.)

During Plaintiff's incarceration, he has been served a meal three times a day each and every day he has been incarcerated.  Inmates receive ample amounts of dairy products, proteins and vegetables.  Water is served to the inmates daily; also, inmates receive non-fat milk and fruit drinks several times a week.  Further, healthy portions are served at each meal.  Inmates are usually served meat daily.  Inmates are served three to four different food items at every meal, offering a variety of food choices each day.  Inmates are served fruit several times a week. (Welch Aff. ¶ 30.)

### C.    FAILURE TO PROTECT

When an inmate is booked into the Lee County Detention Center the shift supervisor assigns the inmate to a cell.  Felony pretrial inmates are held on the F-wing of the jail.  When Plaintiff was first incarcerated he was placed on the F-wing of the jail because Plaintiff was arrested on failure to appear on a first degree theft of property charge, which is a felony charge.  Inmates charged with murder are housed in the maximum–security E-wing.  Most inmates in the F-wing are facing felony charges of theft.  Later, when Plaintiff was released on the felony

charge, he was moved to the D-wing of the jail where inmates charged with misdemeanors and trustys are held.  At all times, Plaintiff was housed in a cell appropriate for the type of charges against him.  (Jones Aff. ¶ 30; Welch Aff. ¶ 26; Scroggins Aff. ¶ 29; Aaron Aff. ¶ 28.)

Sheriff Jones, Lt. Welch, Officer Scroggins and Office Aaron have never harassed or threatened Plaintiff in any manner.  Sheriff Jones, Lt. Welch, Officer Scroggins and Office Aaron have never made any statement to the Plaintiff indicating that they would "beat him up" or cause him any harm whatsoever.  (Jones Aff. ¶ 30; Welch Aff. ¶ 27; Scroggins Aff. ¶ 28; Aaron Aff. ¶ 29.)

Officer Scroggins has never made any statement encouraging anyone else to harm Plaintiff.  Officer Scroggins has never made any statement to Plaintiff regarding teaching him a lesson or teaching him to respect me by housing him with inmates charged with murder or rape. (Scroggins Aff. ¶ 28.)

Sheriff Jones, Lt. Welch, Lt. Roberson, Officer Aaron and Officer Scroggins have complied with all policies and procedures of the Lee County Detention Center.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.  (Jones Aff. ¶ 30; Welch Aff. ¶ 31; Scroggins Aff. ¶ 32; Aaron Aff. ¶ 32; Exhibit G, Affidavit of Ray Roberson[6], "Roberson Aff.," ¶ 11.)

### D.    GRIEVANCE PROCEDURES.

It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the sheriff, chief deputy sheriff, or Detention Center personnel.  (Jones Aff. ¶ 19; Welch Aff. ¶ 21; Roberson Aff. ¶ 24; Aaron Aff. ¶ 20; Scroggins Aff. ¶ 21.)

---

[6] Lt. Roberson is employed with the Lee County Sheriff's Office and serve as Assistant Jail Administrator at the Lee County Detention Center.  He has worked in the Lee County Detention Center for twenty-three years and has obtained the rank of lieutenant.  (Roberson Aff. ¶ 2.)

Inmates housed in the Lee County Detention Center are furnished with inmate request forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day. (Jones Aff. ¶ 19; Welch Aff. ¶ 22; Roberson Aff. ¶ 24; Aaron Aff. ¶ 20; Scroggins Aff. ¶ 22.)

Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon. (Jones Aff. ¶ 19; Welch Aff. ¶ 22; Roberson Aff. ¶ 24; Aaron Aff. ¶ 20; Scroggins Aff. ¶ 23.)

All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail. Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it. (Ex. A, Inmate File, Plaintiff's signed receipt of inmate handbook.) The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision. (Jones Aff. ¶ 19; Welch Aff. ¶ 22; Roberson Aff. ¶ 24;

Aaron Aff. ¶ 20; Scroggins Aff. ¶ 24.)

Sheriff Jones, Officer Aaron and Officer Scroggins have never received any request form or complaint from Plaintiff concerning any of the allegations of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to Sheriff Jones, Lt. Welch, and Lt. Roberson if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to Sheriff Jones, Major Torbert, and Lt. Roberson me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center. (Jones Aff. ¶ 19; Welch Aff. ¶ 25; Roberson Aff. ¶ 24; Aaron Aff. ¶ 20; Scroggins Aff. ¶ 25.)

## II. LAW

### A. All claims by Plaintiff against Defendants in their official capacities must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C. § 1983.

Plaintiff's claims against Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction as such claims are barred by the Eleventh Amendment to the United States Constitution. Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, Ala., 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a

person, acting under color of law, from depriving another of his rights secured by the United States Constitution.  42 U.S.C. § 1983 (emphasis added).  The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Any claims against Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983, and therefore claims against them in their official capacities fail to state a claim upon which relief can be granted.  Id.; Carr, 916 F.2d at 1525 n.3 (11th Cir. 1990).

**B.     Plaintiff's failure to comply with the Prison Litigation Reform Act bars the Complaint.**

**1.     Plaintiff has failed to exhaust all Administrative Remedies.**

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983.  42 U.S.C. § 1997e (a).  The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him.  First, the Plaintiff has not exhausted the grievance procedures provided at the Lee County Detention Center.  Secondly, he has not alleged that he pursued any grievance through the State Board of Adjustment.  See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies).  Despite the availability of a grievance procedure at the Lee County Detention Center, Plaintiff did not file a grievance with the Lee County Detention Facility.

In addition to the grievance procedure at the local level, Alabama law provides the opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to Ala. Code § 41-9-60.  The Sheriff of Lee County is a state officer, as are his alter egos, and therefore would be entitled to sovereign immunity.  See Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1998).  Due to this immunity, the State of Alabama has provided

an administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment.

As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing this action under § 1997e(a).  See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies).[7]

> **2.    Plaintiff's claims are barred by the Prison Litigation Reform Act because he has not suffered any physical injury as a result of the allegations in his Complaint.**

42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act requires that a plaintiff demonstrate that he suffered physical injury before instituting a complaint based upon jail conditions.  The PLRA states the following concerning physical injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.  42 U.S.C. § 1997e(e).

The Eleventh Circuit has determined that the physical injury requirement of § 1997e(e) requires that a plaintiff demonstrate a physical injury that is more than *de minimis* although the injuries do not have to be significant.  Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir.), vacated, 197 F.3d (11th Cir. 1999), reinstated in relevant part, Harris v. Garner, 216 F.3d 970 (11th Cir.

---

[7] See Terry Shane Williams v. Cecil Reed, et al., United States District Court for the Northern District of Alabama, Middle Division, No. CV-99-BU-2938-M, slip op. at 3-4 (N.D. Ala. August 15, 2000) (adopted by district judge September 21, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Richard Dale Woodham v. Bill Lands, United States District Court for the Northern District of Alabama, Middle Division, No. CV-00-AR-0170-M, slip op. at 4-5 (N.D. Ala. November 7, 2000) (adopted by district judge December 4, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Quinton M. Johnson v. Sgt. Robinson, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-616-E, slip op. at 3-5 (M.D. Ala. January 12, 2001) (adopted by district judge January 31, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); David Wilson Bell, Sr. v. Tina Riley, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-731-E, slip op. at 4-5 (M.D. Ala. February 21, 2001) (adopted by district judge March 20, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); Mitchell Lee Hicks v. Jack Day, et al., Circuit Court of Clarke County, Alabama, No. CV-00-280M, slip op. 1-3 (March 21, 2001) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); But see, Garner v. Weeks, No. 00-14582 (11th Cir. April 10, 2001).

2000) (en banc).  In the present action, Plaintiff suffered <u>no</u> physical injury as a result of the allegations described in his Complaint.  (<u>See</u> Plaintiff's Compl.)  Further, Plaintiff's Complaint fails to allege that he suffered an injury.  As a result, the case is due to be dismissed pursuant to 42 U.S.C § 1997e(e).

     **C.**     **Alternatively, Defendants are entitled to qualified immunity because nothing in their conduct crossed a "bright line" contour of clearly established constitutional law.**

Defendants were acting within their discretionary authority as Sheriff and Detention Center officials of Lee County during all times relevant to Plaintiff's Complaint because all their actions were taken in the furtherance of their job duties.  <u>See, e.g.</u> <u>Holloman ex rel. Holloman v. Harland</u>, 370 F.3d 1252 (11th Cir. 2004).  Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation.  <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).  This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  <u>Id.</u>  (citing <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991)).  The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that these Defendants had "fair warning" that their conduct violated the plaintiff's constitutional rights?  <u>Willingham v. Loughnan</u>, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of these Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred.  <u>See</u> <u>Rodgers v. Horsley</u>, 39 F.3d 308, 311 (11th Cir. 1994).  A constitutional right is clearly established only if its contours are "sufficiently clear

that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424. "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the conduct of the Defendant was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

### 1.    Excessive Force

The standard used in analyzing excessive force claims based on the Fourteenth Amendment has been described by the United States Supreme Court as follows: "whether force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose

of causing harm." <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1984); <u>Bozeman v. Orum</u>, 422 F.3d

125 (11th Cir. 2005). In <u>Hudson v. McMillian</u>, the United States Supreme Court reasoned:

> [C]orrections officers must balance the need "to maintain or restore discipline"
> through force against the risk of injury to inmate. . . . Prison administrators . . .
> should be accorded wide-ranging deference in the adoption and execution of
> policies and practices that in their judgment are needed to preserve internal order
> and discipline and to maintain institutional security.

503 U.S. 1, 6 (1992) (citations omitted). The factors to be considered in evaluating whether the

use of force was wanton and unnecessary include: 1) the need for application of force; 2) the

relationship between the need and the amount of force used; 3) the threat reasonably perceived

by the prison official; 4) any efforts made to temper the severity of a forceful response; and 5)

the extent of the injury suffered by the inmate. <u>Whitley v. Albers</u>, 475 U.S. at 1085.

"The infliction of pain in the course of a prison security measure . . . does not amount to

cruel and unusual punishment simply because it may appear in retrospect that the degree of force

authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict

sense." <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).[8] In evaluating the challenged conduct of

jail officials, a court must keep in mind the paramount concerns of maintaining order and

discipline in an often dangerous and unruly environment. <u>Ort v. White</u>, 813 F.2d 318, 322 (11th

Cir. 1987).

> Prison administrators . . . should be accorded wide-ranging deference in the
> adoption and execution of policies and practices that in their judgment are needed
> to preserve internal order and discipline and to maintain institutional security. . . .
> That deference extends to prison security measure taken in response to an actual
> confrontation with riotous inmates, just as it does to prophylactic or preventive
> measures intended to reduce the incidence of these or any other breaches of prison
> discipline.

---

[8] The Supreme Court of the United States has recognized that "not every push or shove, even if it may later seem
unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." <u>Graham v. Connor</u>, 490 U.S.
386, 396 (1989); <u>see also</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) (citing same principle in reference to excessive
force claim in a prison context).

<u>Whitley</u>, 475 U.S. at 321-22.  "[T]he courts give great deference to the actions of prison officials in applying prophylactic or preventive measures intended to reduce the incidence of riots and other breaches of prison discipline."  <u>Williams v. Burton</u>, 943 F.2d 1572, 1576 (11th Cir. 1991). "When the 'ever-present potential for violent confrontation and conflagration,' . . . ripens into *actual* unrest and conflict, the admonition that 'a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators,' . . . carries special weight."  <u>Whitley</u>, 475 U.S. at 321 (emphasis in original).  In <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986), the court held that the "shooting [of an inmate in the leg] was part and parcel of a good-faith effort to restore prison security . . . [and] did not violate respondent's Eighth Amendment right to be free from cruel and unusual punishments."

In the instant case, the only physical contact occurred when Officer Scroggins handcuffed the Plaintiff, led him down the hall to the lockdown cell and then removed the handcuffs.  The evidence is clear that Officer Scroggins and Officer Aaron did not push, force, or in any way cause harm the Plaintiff.

The actions of handcuffing, leading Plaintiff down the hall and removing the handcuffs were the minimum amount of force necessary to get the Plaintiff to the lockdown cell and were therefore proportionate to the need for the force.  The Plaintiff was threatening the secure operations of the jail by refusing the order of an officer and was interfering with the medical care of another inmate. There are insufficient allegations to show that the Plaintiff sustained *any* injuries as a result of being handcuffed and taken to lockdown.  Clearly, in the instant case, the minimal force used was in a good faith effort to restore discipline, not maliciously or sadistically for the very purpose of causing harm.

Even if the Plaintiff's allegations were believed – that Plaintiff was injured by Officer Aaron

and Officer Scroggins – this force would still not be excessive.  The Plaintiff was acting belligerently and continued to use profanity and make derogatory remarks.  Such malfeasance clearly presented a threat to the security of the institution and warranted the alleged force.  Even if, in hindsight, physical force was unnecessary, it does not rise to the level of a constitutional violation.  See, e.g., Graham v. Connor, 490 U.S. 386, 396 (1989) ("[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."; see also Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing same principle in reference to excessive force claim in a prison context).

Further, *de minimus* uses of force cannot support a claim for a constitutional violation "provided that the use of force is not of a sort repugnant to the consciences of mankind."  Id. at 9-10 (internal quotation marks omitted).  It is obvious that the force used in the instant case was a *de minimus* use of force and not repugnant to the consciences of mankind.  Plaintiff was merely handcuffed, escorted to another cell and the handcuffs were removed.  Even if the Plaintiff's allegation that he was injured is believed, such force still is de minimus.  Accordingly, the Plaintiff cannot make out a claim for a constitutional violation.

### 2.    Plaintiff's conditions of confinement claims.

In order to establish a conditions of confinement claim Plaintiff "must prove three elements:    (1) a condition of confinement that inflicted unnecessary pain or suffering [constituting cruel and unusual punishment], (2) the defendant[s'] 'deliberate indifference' to that condition, and (3) causation.  Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981) (first element); Wilson v. Seiter, [502] U.S. [294, 303], 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991) (second element); Williams v. Bennett, 689 F.2d 1389-90 (11th Cir. 1982) (third element).  Whether a particular condition of confinement constitutes cruel

and unusual punishment is an objective inquiry; whether jail officials were deliberately indifferent to that condition is a subjective inquiry. Wilson v. Seiter, 502 U.S. at 290. In the instant case, the Plaintiff cannot establish either the objective or subjective components of his conditions of confinement claims.

### a.    Objective Component

With regard to the objective component, the Eleventh Circuit has held that "*extreme* deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment.[9] Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004) (emphasis in original). "[A] constitutional violation occurs only where the deprivation alleged is, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[T]he Constitution does not mandate comfortable prisons." Chandler, 379 F.3d. at 1289. In the instant case, the Plaintiff cannot present evidence of any *extreme* deprivation that could be objectively considered "cruel and unusual."

### b.    Subjective Component

Even if the Plaintiff's conditions of confinement were objectively "cruel and unusual," there must still be evidence of subjective deliberant indifference on the part of each Defendant. "To be deliberately indifferent, a [jail] official must knowingly or recklessly disregard an inmate's basic needs." LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993). "[A] plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred

---

[9] "Claims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. But it makes no difference whether [the plaintiff] was a pretrial detainee or a convicted prisoner because 'the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving pretrial detainees.'" Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal citations omitted).

from the defendant's failure to prevent it.'" Id. (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986). There must be evidence that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The Court equates the level of culpable intent required to the standard employed in the context of *criminal* recklessness prosecutions. Id. at 837-839. No liability can be attributed to "an official's failure to alleviate a significant risk which he should have perceived but did not." Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996). Where jail officials attempt to remedy constitutional short-comings but fail to do so, the official cannot be found to have been "deliberately indifferent" unless the official knew of but disregarded appropriate effective alternatives. LaMarca, 995 F.2d at 1536. Furthermore, the United States Supreme Court has held that a significant injury is required in order to sustain a conditions of confinement claim. Porter v. Nussle, 534 U.S. 516, 528 (U.S. 2002).

Plaintiff cannot show that Defendants have been deliberately indifferent with regard to the conditions of confinement at the Lee County Detention Facility. Plaintiff has failed to allege or offer any evidence sufficient to sustain a claim that any actions of the Defendants constituted cruel and unusual punishment. In this case, none of the conditions of which Plaintiff complains constitutes an excessive risk to his health or safety. Plaintiff has not shown or even alleged how he has been injured as a result of any of his allegations. Furthermore, the Plaintiff has not presented sufficient evidence to show that any impairment to his physical or mental condition actually resulted from the aforementioned environment. In the instant case, even if there were an excessive risk to his health or safety, the Plaintiff has not sufficiently alleged that any of the

Defendants knew of or disregarded that risk. There are no grievances in the Plaintiff's file regarding his allegations of the conditions of his confinement. The Plaintiff has failed to sufficiently allege how each Defendant was deliberately indifferent to any alleged conditions. Plaintiff has failed to allege that he suffered any injury as a result of the conditions of his confinement.

Based on the foregoing, it is clear that the Defendants did not violate Plaintiff's constitutional rights. Further, Plaintiff cannot show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. Therefore, the Defendants are entitled to qualified immunity. Because the Plaintiff cannot meet the objective or subjective tests as set forth in Farmer, *supra*, his conditions of confinement claims are due to be dismissed.

### 3.    Failure to Protect Claim

Should Plaintiff's Complaint be construed as making a failure to protect claim, this claim fails. "[N]ot . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, (U.S. 1994). A jail officer only violates the Eighth Amendment when two conditions are met: (1) the inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm" and (2) "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 834 and 837. Where the inmate had not requested protection from the other inmate involved and where the officer had no knowledge of a threat prior to the injury, a plaintiff's failure to protect claim must fail. Carter v. Galloway, 352 F.3d 1346, 1350-51 (11th Cir. 2003). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."

Farmer v. Brennan, 511 U.S. 825, 838 (U.S. 1994).

In the instant case, Plaintiff has not shown that he was injured by allegedly being housed in an inappropriate cell. Plaintiff has failed to show that he was subjected to a substantial risk of serious harm, nor can he show that any Defendant was aware of any such risk. Because Plaintiff has not shown that Defendants were deliberately indifferent to a substantial risk of serious harm, his claim for failure to protect must fail.

### 4.    No clearly established law provided the Defendants with fair warning that their conduct was unlawful.

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the conduct of the Defendant was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

The Plaintiff cannot meet his burden of demonstrating a constitutional violation or showing that clearly established law provided the Defendants with fair warning that their conduct was unlawful in any of the areas of which the Plaintiff complains. Therefore, the

Defendants are entitled to qualified immunity.

      **D.**    **Plaintiff has failed to allege sufficient personal involvement on each claim.**

Plaintiff does not allege that any of the Defendants were personally involved in the alleged sanitation issues. Accordingly, these claims are due to be dismissed as to those Defendants to whom the Plaintiff fails to make allegations. In fact, Major Torbert and Lieutenant Roberson are due to be completely dismissed from this action because there are *no* factual allegations against them.

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the defendants and the constitutional deprivation. Swint v. City of Wadley, 51 F. 3d 988 (11th Cir. 1995). The requisite causal connection may be shown by the personal participation of the defendant, a policy established by the defendant resulting in indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury. Zatler v. Wainwright, 802 F. 2d 397 (11th Cir. 1986).

The Plaintiff has failed to allege that Sheriff Jones was in any way personally involved in any alleged violation of Plaintiff's constitutional rights. Plaintiff has offered no allegation demonstrating that Sheriff Jones was in any way involved in the actions he claims were constitutionally infirm. There are absolutely no facts to show that Sheriff Jones personally participated in his claims, nor does the Plaintiff allege specifically how Sheriff Jones violated his constitutional rights. As such, all Plaintiff's claims against Sheriff Jones are due to be dismissed.

Plaintiff does not allege that any of the Defendants were personally involved in the alleged sanitation, paint and heat issues. Accordingly, these claims are due to be dismissed as to all Defendants to whom the Plaintiff fails to make allegations.

**E.    To the extent that any claims against the Defendants are based on the theory of *respondeat superior*, such claims must fail.**

To the extent that Plaintiff's claims are an attempt to hold the Defendants liable under a

*respondeat superior* theory, his claim must similarly fail.

> [Supervisory] liability under § 1983 must be based on something more than a
> theory of *respondeat superior*.  Supervisory liability occurs either when the
> supervisor personally participates in the alleged constitutional violation or when
> there is a causal connection between actions and the supervising official and the
> alleged constitutional violation.  The causal connection can be established when a
> history of widespread abuse puts the responsible supervisor on notice of the need
> to correct the alleged depravation, and he fails to do so.

Dolihite v. Maughon, 74 F.3d 1027, 1052 (11th Cir. 1996).

**F.    Plaintiff Fails to Request Relief**

Plaintiff fails to request any relief of any sort from the alleged violations of his constitutional

rights.  Thus, this Court lacks jurisdiction over Plaintiff's claims.  Dismissal under Rule 12(b)(6),

Fed. R. Civ. P., is appropriate if it is clear that no relief could be granted under any set of facts that

could be proved consistent with the allegations of the complaint.  When a plaintiff completely fails

to request any damages or relief form the alleged constitutional violations, it necessarily appears that

the plaintiff can prove no set of facts that would entitle him to relief.  See Hassell v. U.S., 2006 WL

1418612 *2 (Fed. Cl. 2006) (dismissing pro se complaint as plaintiff's complaint fails to request

relief that this court has jurisdiction to offer).

**G.    Summary Judgment Standard**

On a motion for summary judgment, the court should view the evidence in the light most

favorable to the nonmovant.  Greason v. Kemp, 891 F.2d 829, 831 (11th Cir. 1990).  However, a

plaintiff "must do more than show that there is some metaphysical doubt as to the material

facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Only

reasonable inferences with a foundation in the record inure to the nonmovant's benefit.  See

Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).  "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'"  Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[10]  "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'"  Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts Sch. of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

## CONCLUSION

Defendants deny each and every allegation made by Plaintiff in the Complaint. Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

## MOTION FOR SUMMARY JUDGMENT

Defendants respectfully request that this Honorable Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

---

[10] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'"  Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Respectfully submitted this 28th day of February, 2007.

**s/Ashley Hawkins Freeman**
DARYL L. MASTERS, Bar No. MAS018
ASHLEY HAWKINS FREEMAN, Bar No. FRE044
Attorneys for Defendants Jay Jones,
James Scroggins, and Leon Aaron
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: afreeman@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the **28th** day of **February, 2007**, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

**Anthony Keith Vaughn**
**AIS #168490**
**Lee County Detention Center**
**P. O. Box 2407**
**Opelika, AL 36801**

**s/Ashley Hawkins Freeman**
OF COUNSEL

# Exhibit A
# Inmate File of Anthony Keith Vaughn

LOCATION

Name _Anthony K. Vaughn_    Date _12-1-06_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet
☐ Special Visit    ☐ Personal Problem    ☑ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

I would like to request to go to the
Library so I could work out my Law Work.
I will she appreciated if yall would let
me go

anthony Vaugh

Thank You
M.H.

<u>Do Not Write Below This Line</u> - For Reply Only

Taken 12-7-06

G Fai Pear 5

Approved _____    Denied _____    Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

## LEE COUNTY SHERIFF'S DEPARTMENT
## REGULATIONS RECEIPT
### (Form #7)

Date: 10/30/06                                    Time: 515

I, Anthony, Vaughn _____, have received copy number _____ of the Rules and Regulations governing inmates in the Lee County Jail which I am/am not (mark one out) able to read. I understand that while in this institution I will abide by these Rules and Regulations.

I will return the copy of the Rules and Regulations upon my release from jail. I also understand that I will be responsible for the loss or any damage of the Inmate Rules and Regulations Handbook and will be charged $2 for its replacement. I also understand that if I fail to pay for the replacement of the lost or damaged handbook I will have additional criminal charges filed against me for destruction of county property.

Years of School 1 )                    X _____
                                       Inmate's Signature

Anthony Vaughn has today received copy number _____ of the Lee County Sheriff's Department Rules and Regulations for Inmates.

[X] Said inmate stated to me that he was able to read the Rules and Regulations.

[ ] Said inmate stated that he was not able to read the Rules and Regulations and I explained the orientation rules to him.

_____ 43D34
Jailer's Signature

Date: 10/30/06   Time: _____

| DOMESTIC VIOLENCE DUAL ARREST | ALABAMA UNIFORM ARREST REPORT | Fingerprinted | R84 Completed |
|---|---|---|---|
| ☐ | | ① Yes  ② No | ① Yes  ② No |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

**IDENTIFICATION**

| 1 ORI # 043 0.000 | 2 AGENCY NAME LEE COUNTY SHERIFFS OFFICE | 3 CASE # 06,00230B | 4 SFX |
|---|---|---|---|

5 LAST, FIRST, MIDDLE NAME   VAUGHN, ANTHONY KEITH      6 ALIAS AKA —

| 7 SEX ①M ②F | 8 RACE ①W ③A ④H ②B ⑤I ⑥O | 9 HGT. 601 | 10 WGT. 190 | 11 EYE BRO | 12 HAIR BLK | 13 SKIN DARK | 14 | ☐ SCARS | ☐ MARKS R-ARM | ☐ TATTOOS | ☐ AMPUTATIONS |

15 PLACE OF BIRTH (CITY, COUNTY STATE)   OPELIKA, LEE CO AL     16 SSN _____   17 DATE OF BIRTH _____   18 AGE 34

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| 24 FBI # | HENRY CLASS | | | | | | | 25 IDENTIFICATION COMMENTS | |
| | NCIC CLASS | | | | | | | | |

| 26 ☐ RESIDENT ☐ NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) 18 RAINBOW TRL PK OPELIKA YONE ST | 28 RESIDENCE PHONE (   ) 758- | 29 OCCUPATION (BE SPECIFIC) CONTRACTOR |
|---|---|---|---|

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) WRIGHTS CONTRACTOR | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) LEE RD 72 WAVERLY AL | 32 BUSINESS PHONE # |
|---|---|---|

**ARREST**

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) OPELIKA CITY JAIL | 34 SECTOR # 04130 00 | 35 ARRESTED FOR YOUR JURISDICTION? ☐YES ☐NO ☐ OUT OF STATE AGENCY |
|---|---|---|

| 36 CONDITION OF ARRESTEE: | ① DRUNK ② DRINKING | ③ RESIST ARREST? ☐ YES ☑ NO | 38 INJURIES? ☐ OFFICER ☐ ARRESTEE | 39 ARMED? ☐ | 40 DESCRIPTION OF WEAPON ☐ HANDGUN ☐ OTHER FIREARM |
|---|---|---|---|---|---|
| | ④ DRUGS | | | | ☐ RIFLE ☐ OTHER WEAPON ☐ SHOTGUN |

| 41 DATE OF ARREST 11 03 06 | 42 TIME OF ARREST 15:32 ☐ AM MIL. ☐ PM | 43 DAY OF ARREST S M T W T F S | 44 TYPE OF ARREST ☐ ON VIEW ☑ CALL ☐ WARRANT | 45 ARRESTED BEFORE? ☑ YES ☐ NO ☐ UNKNOWN |
|---|---|---|---|---|

| 46 CHARGE – 1 ☐ FEL ☑ MISD   CHILD SUPPORT X 2 | 47 UCR CODE | 48 CHARGE – 2 ☐ FEL ☑ MISD   FTA/CASE APPEALED | 49 UCR CODE |
|---|---|---|---|
| 50 STATE CODE/LOCAL ORDINANCE CC-96-167.01  CC-01-56 | 51 WARRANT # | 52 DATE ISSUED 06 28 06 | 53 STATE CODE/LOCAL ORDINANCE CC-96-610 | 54 WARRANT # | 55 DATE ISSUED 08 30 06 |

| 56 CHARGE – 3 ☐ FEL ☑ MISD   FTA/THEFT 1st | 57 UCR CODE | 58 CHARGE – 4 ☐ FEL ☑ MISD   FTA/PISTOL-CERTAIN PERSONS | 59 UCR CODE |
|---|---|---|---|
| 60 STATE CODE/LOCAL ORDINANCE CC97-724 | 61 WARRANT # | 62 DATE ISSUED 08 30 06 | 63 STATE CODE/LOCAL ORDINANCE CC-01-1071 | 64 WARRANT # | 65 DATE ISSUED 08 30 06 |

| 66 ARREST DISPOSITION ☐ HELD ☐ TOT—LE ☐ BAIL ☐ OTHER ☐ RELEASED | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

**VEHICLE**

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|

| 78 VIN | | | | 79 IMPOUNDED? ☐ YES ☑ NO | 80 STORAGE LOCATION/IMPOUND # | | |
|---|---|---|---|---|---|---|---|

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE |
|---|---|

**JUVENILE**

| 82 JUVENILE DISPOSITION: ① HANDLED AND RELEASED ② REF. TO JUVENILE COURT | ③ REF. TO WELFARE AGENCY ④ REF. TO OTHER POLICE AGENCY | ⑤ REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|---|
| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |

**RELEASE**

| 91 DATE AND TIME OF RELEASE M D Y ☐ AM ☐ MIL. ☐ PM | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| 95 RELEASED TO | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS | |
| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ NO ☐ PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # | |
| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) | | | |

LOCAL USE

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | STATE USE |
|---|---|---|

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED ☐ Y ☐ N |
|---|---|---|---|---|---|---|---|

| 111 ARRESTING OFFICER (LAST, FIRST, M.) FLOURNOY, R  SGT | 112 ID # 4313 | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR | 116 WATCH CMDR. |
|---|---|---|---|---|---|
| | | | | ID # | ID # |

TYPE OR PRINT IN BLACK INK ONLY

```
10:08 04/26/2006 176356
AM.AL0430201.AL0430000,AL0430200.
*MRI0176356.
FROM : OPELIKA POLICE DEPT
```

TO: LEE COUNTY SO 

REFERENCE BM  ANTHONY KEITH  VAUGHN DOB/ ██████████

PLEASE PLACE A HOLD ON THIS SUBJECT .THIS DEPT HOLDS FOUR OUTSTANDING
WARRANTS. ADVISE WHEN HE IS TO BE RELEASED.

AUTH/GRADY

SEQ # 0075 MRI # 176356



VAUGHN, ANTHONY KEITH.

# LEE COUNTY SHERIFF'S DEPARTMENT
## REGULATIONS RECEIPT
(Form #7)

Date: 4-26-06                                    Time: 9:50

I, Anthony K. Vaughn _____, have received copy number _____ of the Rules and Regulations governing inmates in the Lee County Jail which I am/am not (mark one out) able to read. I understand that while in this institution I will abide by these Rules and Regulations.

I will return the copy of the Rules and Regulations upon my release from jail. I also understand that I will be responsible for the loss or any damage of the Inmate Rules and Regulations Handbook and will be charged $2 for its replacement. I also understand that if I fail to pay for the replacement of the lost or damaged handbook I will have additional criminal charges filed against me for destruction of county property.

Years of School _____              X _Anthony K. Vaughn_
                                     Inmate's Signature

_Anthony K. Vaughn_ has today received copy number _____ of the Lee County Sheriff's Department Rules and Regulations for Inmates.

[X]  Said inmate stated to me that he was able to read the Rules and Regulations.

[ ]  Said inmate stated that he was not able to read the Rules and Regulations and I explained the orientation rules to him.

Blaum 43p51
Jailer's Signature

Date: 4-26-06  Time: _____

# PROPERTY ENVELOPE

| | FOR CASHIER USE ONLY | |
|---|---|---|
| | INSTITUTION | DATE REC. |

INMATE'S NAME: _Vaughn Anthony_

ICN NO.: _____

CC NO.: _____

DATE: _10-4-05_

CORRECTION OFFICER: _Wheeler_

SHIELD NO.: _43080_

Money $ _73_   Food Stamps $ _____

| Quantity | Property | Quantity | Property | Quantity | Property |
|---|---|---|---|---|---|
| | Wallet | 1 | Watch | | Comb |
| | Purse | | Rings | | Personal Papers |
| | Lighter | | Pr. Earrings | | Eyeglasses |
| 1 | Keys | | Bracelet/Wrist Chain | 1 | Belt |
| | Pr. Shoelaces | 1 | Necklace/Neck Chain | | |

Other _Belt, Black, pages, Chapstick, pills sucked areas_

VAUGHN, ANTHONY R

I ACKNOWLEDGE THE SURRENDER OF THE PROPERTY LISTED.

_Anthony R. Vaughn_   _12-4-05_
SIGNATURE OF INMATE         DATE

PROPERTY RECEIVED FROM INMATE BY:

NAME OF EMPLOYEE AND ID# _____   (PRINT)   _____ (ID #)

SIGNATURE OF EMPLOYEE _____   DATE

I, _Anthony Vaughn_ ACKNOWLEDGE THE RETURN OF MY PROPERTY
SIGNATURE OF INMATE/ DESIGNEE

ON _____

PROPERTY RETURNED TO INMATE/DESIGNEE BY:

NAME OF EMPLOYEE AND ID# _____   (PRINT)   _____ (ID #)

SIGNATURE OF EMPLOYEE _____   DATE

## INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME Vaughn, Anthony Keith

SEARCHED BY Cpl Cowhick

TIME 730                    DATE 4-18-05

MONEY $ ⊗ NONE TAKEN

ARTICLES BY NAME  Belt              BlK Hat
lipchap   2 KNIFES    Gray, Wht, BlK
earring   lighter            sweater
          Watch
          Ring (yellow)      IN Color
          Necklace (Gry)

**The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.**

Signature *Anthony K. Vaugh*

Please Call: _____

═══════════════════════════

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _____

Signature *Anthony K. Vaugh*

Form: LCS-ENV-03 (4/95) DARCO

# PURGE

**The following person is incarcerated and needs a purge to be released from jail**

**DEFENDANT:**  Anthony K Vaughn

**CS:**  1996 - 167

**DATE INCARCERATED:** April 19, 2005

**ARREARS OWED $ 27,527.76**

**COMMENTS**

 The Defendant was picked up on a FTA writ from Court 2/7/05

$____2000 00____ **purge amount**

or

☐ **released from jail without purge**

☑ **add to docket for review court date**

_____ **Judge's signature**

4/19/05 **date**

# INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME _Anthony Vaughn_

SEARCHED BY _____

TIME _____ DATE _7/4/04_

MONEY $ _820_

ARTICLES BY NAME _Driver's Manual, key ring,_
_goggles, doublemint gum watch_
_(silver in color) Blk Wallet w/_
_misc papers_

**The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.**

Signature X _Anthony Vaughn_

Please Call: _____

_____

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _____

Signature _anthony k Vaughn_

Form: LCS-ENV-03 (4/95) DARCO

# ACKNOWLEDGMENT OF SCHEDULED COURTDATE

I, _Anthony K. Vaughn_ hereby admit that I was given notice of my courtdate scheduled for **THE 11th DAY OF _August_**, **2004, AT ☒ 8:00 A.M. / ☐ 1:00 P.M. in Courtroom # 2 of the Lee County Justice Center. I understand that my failure to appear in Court on said date and time may result in a default judgment and/or writ of arrest being issued.**

By signing below, I acknowledge notification of this courtdate.

_anthony Vaughn_

Defendant's signature

_7-7-04_

**Date**

Sworn to and subscribed to me
this the _7th_ day of _July_, 2004.

Witness

Court Case # _CS 1996-1162.01 ; CS 2001-86_

DHR # _40179 ; 37286_

Reason for Continuance: _Compliance of Order_

Defendant's home address and phone number: _18 Rain Bow TR RK._
_7491-5414_

Defendant's employer: _City of Opelika_

# INDIVIDUAL'S PERSONAL EFFECTS

## In Possession Of

# SHERIFF'S OFFICE, LEE COUNTY

NAME *Vaugh, Anthony*

SEARCHED BY

TIME                                    DATE *2·4·04*

MONEY $ *0*

ARTICLES BY NAME *1 Earring (Clear Stone)*
*Top Cigarette paper, 1 Bro Bolt +*
*2 Tickets, + bag of Misc Clothing items*

**The above listing is all my personal effects turned in to Sheriff's Office
at the time of booking.**

Signature X *anthony Vaugh*

Please Call:

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date

Signature *anthony K. Vaugh*

Form: LCS-ENV-03 (4/95) DARCO

# INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME _Vaughn, Anthony_

SEARCHED BY _Wiltsie_

TIME _1900_      DATE _6 Jul 01_

MONEY $ _____

ARTICLES BY NAME _Hat, Rag, Canine, Dice_
_Belt, Wallet, Rolling Paper, Watch (out?)_
_Cigarette, Lighter, Dice_

The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.

Signature _Anthony K Vaughn_

Please Call: _____

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _____

Signature X _Anthony Vaughn_

Form: LCS-ENV-03 (4/95) DARCO

```
                           ALABAMA DEPARTMENT OF CORRECTIONS          INST:    241
CBR716                        INMATE SUMMARY AS OF 11/26/2001          CODE: CIADM
```

```
**********************************************************************************

AIS: 001684908   INMATE: VAUGHN, ANTHONY KEITH           RACE: B   SEX: M

INSTITUTION: 241 - LEE                                    JAIL CR: 00Y04M00D

DOB: ████████   SSN: ████████

ALIAS: KILO, KEITH VAUGHN              ALIAS: VAUGHN, KEITH

ADM DT: 11/05/2001 DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF      STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: OTW-3   CURRENT CUST DT: 11/05/2001   PAROLE REVIEW DATE: -NONE-

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN CLASS II        CURRENT CLASS DATE:   11/05/2001
INMATE IS EARNING : EARNS 40 DAYS FOR EACH 30 SERVED

COUNTY        SENT DT  CASE NO   CRIME                         JL-CR    TERM
LEE           11/05/01 N01001071 POSS PISTOL AFTER CONVICT VI 01200 003Y 00M 00D CS
              ATTORNEY FEES : $000500    HABITUAL OFFENDER : N
              COURT COSTS   : $0000298   FINES : $0000000   RESTITUTION : $0000050

 TOTAL TERM      MIN RELI DT     GOOD TIME BAL     GOOD TIME REV     LONG DATE
003Y 00M 00D     10/08/2002      000Y 00M 28D      000Y 00M 00D      07/04/2004

INMATE LITERAL:
**********************************************************************************

DETAINER WARRANTS SUMMARY
     INMATE CURRENTLY HAS NO DETAINER-WARRANT RECORDS

**********************************************************************************

ESCAPEE-PAROLE SUMMARY

>PAROLED FRM 050:08/09/99 RVK:00/00/00 DELQ:00/00/00 RECAP:00/00/00 RTN:00/00/00
     INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

     INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
     SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

**********************************************************************************

DISCIPLINARY/CITATION SUMMARY
     INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS
```

```
ACR359                     ALABAMA JUDICIAL DATA CENTER
                                    LEE COUNTY
                              TRANSCRIPT OF RECORD
                               CONVICTION REPORT
                                           CC 2001 001071.00 01
                                           ROBERT M. HARPER
-------------------------------------------------------------------------
| CIRCUIT COURT OF LEE COUNTY               COURT ORI: 043015 J         |
| STATE OF ALABAMA      VS.              DC NO: GJ 2001 000566.00       |
| VAUGHN ANTHONY KEITH      ALIAS: VAUGHN KEITH   G J:    80            |
| 131 LEE RD 180           ALIAS:          SSN:                         |
| OPELIKA AL  36801                        SID:    000000000            |
|                                          AIS:                         |
|-----------------------------------------------------------------------|
| DOB:              SEX: M  HT: 0 00     WT: 000  HAIR:      EYE:       |
| RACE: ( )W ( )B (X)O  COMPLEXION: _____  AGE: ____  FEATURES: _____ |
|-----------------------------------------------------------------------|
| DATE OFFENSE: 00/00/0000  ARREST DATE: 07/06/2001  ARREST ORI: 0430000|
|-----------------------------------------------------------------------|
| CHARGES @ CONV   CITES          CT CL COURT ACTION        CA DATE    |
| PISTOL-CERTAIN PER 13A-011-072(A)  01 C  GUILTY PLEA      11/05/2001 |
|                                    00                     00/00/0000 |
|                                    00                     00/00/0000 |
|-----------------------------------------------------------------------|
| JUDGE: ROBERT M. HARPER        PROSECUTOR: ABBETT NICK               |
|-----------------------------------------------------------------------|
| PROBATION APPLIED  GRANTED  DATE      REARRESTED DATE   REVOKED  DATE |
| ( )Y(X)N _____ ( )Y( )N _____ ( )Y( )N _____ ( )Y( )N _____|
|-----------------------------------------------------------------------|
| 15-18-8, CODE OF ALA 1975  IMPOSED   SUSPENDED  TOTAL   JAIL CREDIT  |
| ( )Y (X)N  CONFINEMENT:    03 00 000  00 00 000  03 00 000  00 00 120|
|            PROBATION  :    00 00 000             00 00 000           |
| DATE SENTENCED: 11/05/2001   SENTENCE BEGINS: 11/05/2001            |
|-----------------------------------------------------------------------|
| PROVISIONS              COSTS/RESTITUTION       DUE      ORDERED     |
|                                                                      |
|   PENITENTIARY         RESTITUTION           $0.00       $0.00      |
|                        ATTORNEY FEE        $500.00     $500.00      |
|                        CRIME VICTIMS        $50.00      $50.00      |
|                        COST                $298.00     $298.00      |
|                        FINE                  $0.00       $0.00      |
|                        MUNICIPAL FEES        $0.00       $0.00      |
|                        DRUG FEES             $0.00       $0.00      |
|                        ADDTL DEFENDANT       $0.00       $0.00      |
|                        DA FEES               $0.00       $0.00      |
|                        COLLECTION ACCT       $0.00       $0.00      |
|                        JAIL FEES             $0.00       $0.00      |
|                                                                      |
|                        TOTAL               $848.00     $848.00      |
|-----------------------------------------------------------------------|
| APPEAL DATE       SUSPENDED       AFFIRMED        REARREST           |
| ( )Y( )N _____ ( )Y( )N _____ ( )Y( )N _____ ( )Y( )N _____ |
|-----------------------------------------------------------------------|
| REMARKS:                    THIS IS TO CERTIFY THAT THE             |
|                             ABOVE INFORMATION WAS EXTRACTED         |
|                             FROM OFFICIAL COURT RECORDS             |
|                             AND IS TRUE AND CORRECT.                |
|                                                                      |
|                                                                      |
|                             Corinne J Hurst                         |
|                             CORINNE T. HURST                         |
|                             11/08/2001                               |
-------------------------------------------------------------------------
OPERATOR: LEW
PREPARED: 11/08/2001
```

COUNTY DETENTION CENTER
## DISCIPLINARY REPORT
(Form #28)

Inmate Vaughn, Anthony      Custody Maximum      Number 10631
  Last      First      Middle

Assignment E5 _____ is being charged by Cpl. Wiltsie

With rule violation 13.2 B-2

on or about 12-31-2001 XXX, Time 1320 a.m./p.m. Location E5

Circumstances are as follows: Inmate Vaughn told Officers he wasn't going into his fucking cell and thenhe called Officer Jones into his fucking cell and then he called Officer Jones a "weak bitch".

MAJOR ___X___
MINOR _____
SERIOUS _____        *Cpl Wilt*
                      Signature of Arresting Officer
Notifying Officer: Chambers      Time & Date notified: 1413  01-04-02
Inmate's Signature Anthony K. Vaughn      Witnesses desired: NO ___ If YES, (List) Malbrough
Smith, Ashford

Circumstances Investigated By: _____
Hearing date 1-8-02      Time 1821      Plea ( ) Guilty (X) Not Guilty
If guilty, inmate must affix signature _____

Committee Findings & Reasons: Guilty; due to the testimony of Cpl.Wiltsle that inmate Vaughn refused to go into his cell called Ofc. Jones a weak bitch

Committee Recomendations: 10 days lockdown, loss of all priviledges except for clergy, media, and attorney

Witnesses: John Ashford, Derrick Jordan
                      *Sgt. Welch*
                      Signature of Chairman
                      Sd. Jones  43D07
                      Signature, Member
                      Sg/ Tull  D31
                      Signature/Member

Copy delivered to inmate: Date 1-10-02  Time 1020  Inmate's Signature X Refused to sign Sgt. Welch
Action - Date 1-9-02      Appeal - Date (attach copy) _____
Approved Ms when      Approved _____
Disapproved _____      Denied _____
Other (Specify) _____      Other (Specify) _____

# LEE COUNTY SHERIFF'S DEPARTMENT
## NOTIFICATION OF CHARGES
(Form #29)

*TO:*   Anthony Vaughn                 *DATE:*   12-31-2001

*YOU ARE HEREBY NOTIFIED THAT IT IS ALLEGED THAT YOU HAVE COMMITTED THE FOLLOWING RULE VIOLATIONS:*

  13.2 B-2 Profanity or derogatory remarks or gestures to staff.

*YOU HAVE BEEN CHARGED WITH THESE RULE VIOLATIONS BY OFFICER(S):*

  Cpl. Wiltsie

*THE FACTS ON WHICH THESE CHARGES ARE BASED ARE:*

  Inmate Vaughn stated that he wasn't going in his fucking cell and then he called Officer Jones a "weak bitch."

*THE MAXIMUM PENALTY FOR THE VIOLATION(S) IS:*

  Ten days lockdown and loss of all privileges.

*YOU HAVE THE OPTION OF REQUESTING A DISCIPLINARY HEARING FOR THE ABOVE CHARGE(S) OR ACCEPTING DISCIPLINARY ACTION WITHOUT A HEARING. SHOULD YOU DESIRE A DISCIPLINARY HEARING, YOU MUST REQUEST THE HEARING IN WRITING ON THE INMATE REQUEST FORM ATTACHED TO THIS NOTIFICATION WITHIN EIGHT (8) HOURS AFTER RECEIVING THIS NOTIFICATION.*

01-04-02   1413
*DATE & TIME OF NOTIFICATION*

  Cpl. Wiltsie
*OFFICER MAKING REPORT*

## LEE COUNTY DETENTION CENTER
## DISCIPLINARY REPORT
(Form #28)

Inmate __Vaughn,   Anthony_____ Custody __Maximum___ Number __10631___
       Last    First    Middle

Assignment __E5_____ is being charged by __Cpl. Wiltsie_____

With rule violation __13.2 C-10 Refusing to lockdown._____

on or about __12-31-2001__ ~~199~~__, Time __1320____ a.m./p.m. Location ____E5____

Circumstances are as follows: __Inmate Vaughn was told to go to his cell along with the_
other inmates in the cell and he refused to do so._____

MAJOR    _____

MINOR    _____

SERIOUS   __X__            _Cpl. Wilt - Wilt_

Notifying Officer: _C/O Jones___      Signature of Arresting Officer

Inmate's Signature (X) _Anthony K. Vaughn_    Time & Date notified: _01/04/02__ _1410_

_Smith, Jordan_      Witnesses desired: NO _____ If YES, (List) _Hallbrough_

Circumstances Investigated By: _____

Hearing date ___1-8-02___    Time ___1821___    Plea ( ) Guilty (X) Not Guilty

If guilty, inmate must affix signature _____

Committee Findings & Reasons: _Guilty, due to the testimony of Cpl. Wiltsie_
_and inmate Vaughn that he wasn't going to lockdown for_
_know reason_

Committee Recomendations: _21 days lockdown, loss of all priviledges except for_
_clergy, media, and attorney_

Witnesses: _John Ashford, Derrick_     _Sgt. Wilson_____
_Jordan_                Signature of Chairman

                         _Sgt. Long_   _43 D07_
                         Signature, Member

                         _Sgt. Todd_   _D31_
                         Signature/Member

Copy delivered to inmate: Date _1-10-02_   Time _1020_   Inmate's Signature X _Refused to sign_ _Sgt. West_

Action - Date _1-9-02_____           Appeal - Date (attach copy) _____

Approved _____        Approved _____

Disapproved _____      Denied _____

Other (Specify) _No where_      Other (Specify) _____

_Because you stated that_
_you wasn't going in your cell_
_I concur with guilty. But you will_
_be in lock down 10 days._

# LEE COUNTY SHERIFF'S DEPARTMENT
## NOTIFICATION OF CHARGES
(Form #29)

*TO:* ___Anthony Vaughn_____    *DATE:* ___12-31-2001_____

*YOU ARE HEREBY NOTIFIED THAT IT IS ALLEGED THAT YOU HAVE COMMITTED THE FOLLOWING RULE VIOLATIONS:*

___13.2 C-10 Refusing to lockdown.___

*YOU HAVE BEEN CHARGED WITH THESE RULE VIOLATIONS BY OFFICER(S):*

___Cpl. Wiltsie___

*THE FACTS ON WHICH THESE CHARGES ARE BASED ARE:*

___Your were told to go to your cell to be locked down and you refused.___

*THE MAXIMUM PENALTY FOR THE VIOLATION(S) IS:*

___Twentyone days lockdown and loss of all privileges.___

*YOU HAVE THE OPTION OF REQUESTING A DISCIPLINARY HEARING FOR THE ABOVE CHARGE(S) OR ACCEPTING DISCIPLINARY ACTION WITHOUT A HEARING. SHOULD YOU DESIRE A DISCIPLINARY HEARING, YOU MUST REQUEST THE HEARING IN WRITING ON THE INMATE REQUEST FORM ATTACHED TO THIS NOTIFICATION WITHIN EIGHT (8) HOURS AFTER RECEIVING THIS NOTIFICATION.*

___01/04/02___  ___1410___
*DATE & TIME OF NOTIFICATION*

___Cpl. Wiltsie___
*OFFICER MAKING REPORT*

# LEE COUNTY SHERIFF'S DEPARTMENT
## SYNOPSIS OF MAJOR/MINOR DISCIPLINARY HEARING
### (Form #30)

ALL THOSE INVOLVED IN THE CASE WERE SWORN IN BY THE CHAIRPERSON.

The Lee County Jail Disciplinary Board convened at __1821__ on __1-8-02__, to

hear the evidence in the case involving Inmate _Anthony Vaughn_, # __10631__.

The board consisted of Chairperson _Sgt. Welch_ and Member _S/s, Jones, Parquette_

The accused and Arresting Officer _Cpl Wiltsie_ were brought before the board.

The chairperson explained to _Inmate Vaughn_ that he was charged with violating Rule

# _13.2C-10/13.2B-2_ of Inmate Handbook (revised August 1988).

_Inmate Vaughn_ was further advised that on __01-04-02__ at

__1410__ he was served with "Notice of Disciplinary Hearing" and given a copy of the notice.

The chairperson explained that according to due process requirements, he must be given at least 24 hours notice

of the date that the hearing will take place. Furthermore, that the hearing must be given within seven (7)

calendar days of the time his custody changed and that he is to be given the opportunity to request any

witnesses on his behalf. The chairperson asked _Inmate Vaughn_ if he understood due

process and he replied, "_____Yes

_____."

The chairperson explained to _Inmate Vaughn_ that he was charged with violation

of Rule # _13.2 B-2_ _Profanity or Derogatory Remarks or Gestures Towards Staff_
_13.2 C 10_ _Refusing Lock Down_.

The chairperson asked _Inmate Vaughn_ if he understood the charges against

him and he replied, "_____Yes

_____."

_Inmate Vaughn_ was then asked how he pled to the charge and he stated,

"_____Not Guilty_____."

Lee County Detention Center

# INMATE REQUEST SLIP

**LOCATION** E-5

Name _Anthony Keith Vaughn_   Date _Jan. 28-2002_

- [ ] Telephone Call
- [ ] Doctor
- [ ] Dentist
- [ ] Time Sheet
- [ ] Special Visit
- [ ] Personal Problem
- [x] Other

**Briefly Outline Your Request.** **Give To Jailer**

Sgt. Welsh, I talk to Mrs. Cross about get into the kitchen to work. Now I'm asking you to work in the kitchen or be a truster. I only have 8 months before I be finish with my time I appreciate your time

anthony L. Vaughn

**Do Not Write Below This Line - For Reply Only**

I don't use state inmates on the halls anymore, but I'll let Mrs. Crawl decide if she wants you in the kitchen

Sgt. Welsh
1-29-02

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

- [ ] Lieutenant
- [ ] Chief Deputy
- [ ] Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

STATE OF ALABAMA
BOARD OF PARDONS AND PAROLES
LURLEEN B. WALLACE BUILDING
500 MONROE STREET
P.O. BOX 302405
MONTGOMERY, ALABAMA  36130 - 2405
CENTRAL OFFICE (334) 242 - 8700

01/22/2002


ANTHONY KEITH VAUGHN
168490
LEE COUNTY JAIL
P O BOX 688
OPELIKA  AL  36803


YOUR CASE HAS BEEN REVIEWED AND SCHEDULED FOR PAROLE CONSIDERATION IN
05/2002
THIS ACTION WAS TAKEN FOR THE FOLLOWING REASON:

GUIDELINE SETTING

SINCERELY,

*Carolyn P. Flack*

CAROLYN P. FLACK
BOARD OPERATIONS SUPERVISOR

DLP/

CC:    WARDEN      -LEE COUNTY JAIL
       COMPUTER UNIT
       FILE

STATE OF ALABAMA
BOARD OF PARDONS AND PAROLES
LURLEEN B. WALLACE BUILDING
500 MONROE STREET
P.O. BOX 302405
MONTGOMERY, ALABAMA  36130 - 2405
CENTRAL OFFICE (334) 242 - 8700

01/22/2002

ANTHONY KEITH VAUGHN
168490
LEE COUNTY JAIL
P O BOX 688
OPELIKA  AL  36803

YOUR CASE HAS BEEN REVIEWED AND SCHEDULED FOR PAROLE CONSIDERATION IN
05/2002
THIS ACTION WAS TAKEN FOR THE FOLLOWING REASON:

GUIDELINE SETTING

SINCERELY,

*Carolyn P. Flack*

CAROLYN P. FLACK
BOARD OPERATIONS SUPERVISOR

DLP/

CC: WARDEN          -LEE COUNTY JAIL
    COMPUTER UNIT
    FILE

Lee County Detention Center
# INMATE REQUEST SLIP

E-5
**LOCATION**

Name _anthony K. Vaughn_    Date _11-26-01_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_Sgt. Welch, Do you have a position open own trustee if so I would like to Become a trustee. Thanks anthony Vaughn_

<u>Do Not Write Below This Line</u> - For Reply Only

_Request denied   11-26-01_

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

Lee County Detention Center
# INMATE REQUEST SL.P

*E-5*
**LOCATION**

Name _Anthony K. Vaughn_    Date _11-19-01_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☑ Other

Briefly Outline Your Request. **Give To Jailer**

_I would Like To go To THE_

_LiBRAry If PoSSible, To check_

_up own My CASe._

Do Not Write Below This Line - For Reply Only

_Taken to law library 11/25/01_

_OFc. Cooper_

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

Sgt Welch

Lee County Detention Cente

# INMATE REQUEST SLIP

E-5
**LOCATION**

Name _Anthony K Vaughn_          Date _11-17-01_

☐ Telephone Call     ☐ Doctor          ☐ Dentist          ☐ Time Sheet

☐ Special Visit       ☐ Personal Problem   ☑ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_I'm Requesting to Be a trustie of jail_
_Hold a postion open I only hold_
_Three years. I'll appreciate it    Thanks_
_anthony Vaughn_

<u>Do Not Write Below This Line</u> - For Reply Only

_Request denied 11-19-01 S_

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy          ☐ Sheriff

Date _____     Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

Lee County Detention Center
# INMATE REQUEST SLIP

*E-5*
**LOCATION**

Name _Anthony K Vaughn_    Date _12-06-2001_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☒ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_I'm Requesting to go to the Law Library_
_so I can Check up over my case Thanks_
_anthony Vaugh_

Do Not Write Below This Line - For Reply Only

_Jalen. 11/3/01_
_11/25/01_

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

Lee County Detention Cer

# INMATE REQUEST SLIP

E-5
**LOCATION**

Name _Anthony K Vaughn_    Date _Nov. 1, 2001_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☑ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_I'm Requesting to go to the Library_

_Check up own Something own my Case_

_Thanks_

_Anthony K. Vaughn_

<u>Do Not Write Below This Line</u> - For Reply Only

_Taken to law library on 11/3/01_

_OB 2034_

Approved ___X___    Denied _____    Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _11/3/01_    Time Received _2034_

CORRECTION OFFICER _Hill 9301g_

FORM: LCS-038 (6/99)

Lee County Detention Center

# INMATE REQUEST SLIP

$E-5$
### LOCATION

Name _Anthony K. Taylor_     Date _12-26-2001_

☐ Telephone Call     ☐ Doctor     ☐ Dentist     ☐ Time Sheet

☐ Special Visit     ☐ Personal Problem     ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_Requesting to go to the Library_
_so I can chek up own something to_
_Do with my case_
_Thanks_
_Anthony K. Taylor_

<u>Do Not Write Below This Line</u> - For Reply Only

_Taken to law library at 01-02_

_JC Sparks_

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant     ☐ Chief Deputy     ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

# CANNOT CHANGE FOR SIX MONTHS!!!!

# INMATE VISITOR INFORMATION FORM

*ALL INFORMATION MUST BE COMPLETE AND MUST BE LEGIBLE. INFORMATION WHICH IS INCOMPLETE OR NOT LEGIBLE WILL RESULT IN THAT PERSON NOT BEING LISTED ON YOUR VISITATION CARD. NEWLY ARRIVED INMATES ARE NOT ELIGIBLE FOR VISITATION DURING THEIR FIRST SEVEN DAYS AT THE LEE COUNTY DETENTION CENTER IN ORDER TO ALLOW TIME FOR A BACKGROUND CHECK TO BE CONDUCTED ON THE VISITORS LISTED BELOW. VISITATION IS A PRIVILEGE AND MAY BE RESTRICTED OR WITHDRAWN AT ANY TIME.*

**INMATE NAME** Anthony Keith Vaughn          **CELL#** F-5

**VISITOR #1**

**NAME** Dorothine Vaughn          **RELATIONSHIP** Mother

**ADDRESS** 131 Lee Road 180          **CITY** Opelika          **STATE** Al

**TELEPHONE** ~~(334) 800~~ 749-0653

**VISITOR #2**

**NAME** Felicia Vaughn Cook          **RELATIONSHIP** Sister

**ADDRESS** Pin Hurst apt 11c1          **CITY** Opelika          **STATE** Al

**TELEPHONE** 749-0653

**VISITOR #3**

**NAME** _____          **RELATIONSHIP** _____

**ADDRESS** _____          **CITY** _____          **STATE** ____

**TELEPHONE** _____

**VISITOR #4**

**NAME** _____          **RELATIONSHIP** _____

**ADDRESS** _____          **CITY** _____          **STATE** ____

**TELEPHONE** _____

Lee County Detention Center
# INMATE REQUEST SLIP

F-5
**LOCATION**

Name *Anthony K. Vaughn*        Date *9-4-01*

☐ Telephone Call      ☐ Doctor        ☐ Dentist      ☐ Time Sheet
☐ Special Visit       ☐ Personal Problem   ☑ Other

Briefly Outline Your Request.  Give To Jailer

*I'm Requesting to go to library _____ so I can check up own my case*

Do Not Write Below This Line - For Reply Only

*Taken ___ 9-7-01 K.T.N*

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy        ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

Lee County Detention Center
# INMATE REQUEST SLIP

F-6
LOCATION

Name KEITH Vaughn                    Date 7-31-01

☐ Telephone Call        ☐ Doctor          ☐ Dentist        ☐ Time Sheet

☐ Special Visit         ☐ Personal Problem          ☑ Other

Briefly Outline Your Request.  Give To Jailer

I'm Requesting To go To LAW -
LibRARY
To CHECK up OWN M/ CASE.

Thankx
A.K.V

Do Not Write Below This Line - For Reply Only
TAKEN  8-2-01 - Red TEAm

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant            ☐ Chief Deputy             ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-036  (6/99)

Unified Judicial System
Lee County Form CC-1

AFFIDAVIT CHARGING CRIME

The State of Alabama,
  Lee County

Before me, _Amanda Meador, N_____, Clerk of the District / Circuit Court of Lee County, Alabama, personally appeared <u>John Thompson</u>, who being first duly sworn, deposes and says on oath that he has probable cause for believing and does believe that: **Anthony Keith Vaughn, ALIAS, Keith Vaughn, ALIAS,** did on, to wit: 07/06/2001, unlawfully possess **COCAINE BASE (CRACK COCAINE)**, a controlled substance, in violation of 13A-12-212 (a)(1) of the Code of Alabama.

**PROBABLE CAUSE:** On or about 7/06/01 at 12:05 A.M., Opelika Police Officer Cpl. Terri McCall responded to Lot 18 Rainbow Acres Trailer Park, Opelika, Lee County, Alabama, in reference to a Menacing report. The complainant, Travis Whatley, advised that Keith Vaughn had pulled two (2) guns on him and told him, "Let's end this in blood." Whatley described Vaughn as wearing a white hat and a white shirt. Opelika Officer Michael Bass noticed a black male wearing a white hat and a white shirt, identified as Anthony Keith Vaughn, walking towards Lot 67 Bennett's Trailer Park from Rainbow Acres; toss something under a car at Lot 67. Officer Bass located the above-described pistol under the car and arrested Vaughn for License to Carry Pistol in Vehicle or Concealed on Person Required. A criminal history was ran on Vaughn and it was determined that Vaughn was convicted of Robbery Second Degree on 02/07/1992 through the Circuit Court of Lee County, Alabama. After a search incident to arrest Cpl. McCall recovered a quantity of white rock like substance believed to be "crack" cocaine from Vaughn's right hand. Vaughn was also arrested for Unlawful Possession of a Controlled Substance.

Sworn to and subscribed before me,
this 6th day of July , 2001.

Amanda Meador, N
Clerk, District / Circuit Court

*[handwritten: This Case is nol prossed so the bond would only be 20,000 fee look on back]*

The State of Alabama,
  · Lee County

To Any Lawful Officer of the State of Alaba

You are hereby commanded to arrest **ANTH** UGHN, ALIAS, and bring him/her before the District/Circuit Cou    Alabama on a charge of

**UNLAWFUL POSSESSIO.** ANCES

said charges being preferred by <u>John Thompson</u>

And have you then and there this Writ with your return thereon.

Witness my hand this 6th day of July , 2001 AD

Amanda Meador, N
Clerk, District / Circuit Court

TO THE JAILER OF LEE COUNTY:

On the examination of _____ charged with the offense
of _____ it appearing that such offense has been
committed, and that there is sufficient cause to believe that he/she is guilty thereof, you are therefore
commanded to receive him/her into your custody and detain him/her until he/she is legally discharged.

BOND in this cause is fixed at the sum of $ _____ .

THIS the _____ day of _____, 20 _____ .

_____
Clerk

---

### WARRANT NO.  01-V-122

#### THE STATE OF ALABAMA
#### LEE COUNTY

#### THE STATE OF ALABAMA
#### vs.

#### ANTHONY KEITH VAUGHN, KEITH VAUGHN, ALIAS

#### CHARGE:

#### UNLAWFUL POSSESSION OR RECEIPT OF CONTROLLED SUBSTANCES
#### 13A-12-212(a)(1)

#### OFFICER'S RETURN

I have executed this Writ by arresting the defendant and
committing him/her to jail or allowing him/her to give bond.

This __6th__ day of _____July_____, 20 _01_ .

_Ronald Roberton_____ A. H. P.
Sheriff

*[handwritten notations:]* 7/9/01 Nol prose, evidence turned out to be weak or poor. Not controlled Per: Dt. Ronnie Rowe, Nick Abbett District Atty.

**STATE'S WITNESSES**
Travis Ortez Whatley  14 Rainbow Acres Trailer Park, Opelika, AL 36801
Cpl. Terri McCall                OPD
Officer Michael Bass             OPD
Officer Cameron Siems            OPD
Detective John Thompson          OPD

**DEFENDANT'S WITNESSES**

| State of Alabama<br>Unified Judicial System<br><br>Form C-80    Rev. 6/93 | **ORDER<br>ON INITIAL APPEARANCE** | Case Number |
|---|---|---|

IN THE _____**DISTRICT**_____ COURT OF _____**LEE COUNTY**_____ , ALABAMA
        (Circuit, District or Municipal)              (Name of County or Municipality)

☒ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. __**ANTHONY KEITH VAUGHN**__
                                                    **Defendant**

The above-named defendant, charged with the criminal offense(s) of **POSS./REC. CONT. SUB.; CERTAIN PERSON FORBIDDEN FIREARM**
was duly brought before the Court for initial appearance on _____**JULY 6, 2001**_____ , at __**11:15**__ o'clock
__A__ .m., whereupon the Court did the following, as checked in the appropriate blocks:
*(CHECK AS APPLICABLE):*

☒ 1. Name and address of defendant.
    ✓ (a) Ascertained the true name and address of the defendant to be:
        _131 lee Road 120_
        _Opelika AL 36801_
    ____ (b) Amended the formal charges to reflect defendant's true name.
    ____ (c) Instructed the defendant to notify the Court promptly of any change of address.

☒ 2. Informed the defendant of the charges against him/her and ensured that the defendant was served with a copy of the charges.

☒ 3. Informed the defendant of the right to be represented by counsel, that he/she would be afforded time and opportunity to retain an attorney, and further advised the defendant that, if he/she were indigent and unable to obtain counsel, an attorney would be appointed by the Court to represent him/her.

☒ 4. Informed the defendant that he/she had the right to remain silent and that anything that he/she said could be use against him/her.

☒ 5. Bail
    ____ (a) Determined that the defendant shall not be released from custody since charged with a non-bailable capital offense.
    ✓ (b) Determined that the defendant shall be released from custody pending further proceedings, subject to the mandatory conditions prescribed in Rule 7.3(a), A.R.Cr.P., and subject to the following additional conditions:
        ____ 1.) Execution of an appearance bond (recognizance) in the amount of $ _____ .
        ✓ 2.) Execution of a secured appearance bond in the amount of $ _40,000.00_ .
        ____ 3.) Other conditions (specify) _____
            _($20,000 each case)_

☒ 6. If charged with a felony offense, informed the defendant of right to demand a preliminary hearing under Rule 5.1, A.R.Cr.P., and of the procedure by which that right may be exercised.

☒ 7. If charged with a felony offense a preliminary hearing was demanded with 30 days of date of arrest by the above named defendant, set a preliminary hearing to be held in the District Court of _____ , _____ ,
    _____ (date) at _____ o'clock ____ .m.
    an
    ____ (a) Notified the District Court that such demand was made.
    ✓ (b) Defendant made no demand for a preliminary hearing at the initial appearance hearings.

☐ 8. Other: _____
    _____
    _____

_7-6-01_                                    _[signature]_
_____              _____
Date                                        Judge/Magistrate

| State of Alabama<br>Unified Judicial System<br><br>Form C-81          11/91 | ADVICE OF RIGHTS ON INITIAL APPEARANCE<br>BEFORE JUDGE OR MAGISTRATE<br>(Felony) | Case Number |
|---|---|---|

IN THE _____DISTRICT_____ COURT OF _____LEE COUNTY_____, ALABAMA
(Circuit, District, or Municipal)              (Name of County or Municipality)

☒ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. ___ANTHONY KEITH VAUGHN___
                                                                            Defendant

This is a first appearance hearing. You are charged with committing the offense(s) of POSS./REC. CONT. SUB.; CERTAIN PERSON FORBIDDEN TO POSSESS FIREARM _____ in this court in violation of _____. The primary purpose of this hearing is to ensure that you know and understand the charge or charges against you. At this hearing, there will be no determination made about your guilt or innocence of the crime charged, but only a determination that you know and understand the charge or charges against you. If you are before the court on a complaint following a warrantless arrest, the judge or magistrate will determine whether there is probable cause for the charge against you.

In addition, the purpose of this hearing is to determine whether bail should be set in your case; or, if it has been already set, if it should remain the same, be raised, be lowered, or whether you should be released upon your personal recognizance (that is, your promise to appear for future court proceedings) or released in the custody of some responsible person. In order to make this determination, it will be necessary for the judge or magistrate to ask you some questions concerning your ties with the community.

You are entitled to be represented by an attorney. You have a right to have your own attorney and will be given time and opportunity to retain an attorney. If you are unable to afford an attorney, one will be appointed for you by the court if you qualify for such representation. It will be necessary for you to complete an indigency questionnaire under oath in order for the court to make this determination.

You have a right to talk with your attorney, family, or friends and, if necessary, reasonable means will be provided in order to enable you to do so. You have the right to remain silent. Anything that you say may be used against you.

Because you are charged with a felony, you are entitled to demand a preliminary hearing before a judge or magistrate to determine whether there is sufficient evidence to establish that you probably committed the offense or offenses with which you are charged. You must make this demand within thirty (30) days of the date of arrest. If a hearing is demanded and one is conducted, and if, at the conclusion of the preliminary hearing, the judge finds that sufficient evidence has been shown to establish that you probably committed the offense or offenses with which you are charged, the judge will then bind you over for further action by a grand jury. If, on the other hand, the judge finds that the evidence is insufficient to establish that you probably committed the crime or crimes charged, then the judge will dismiss the charge and discharge you from further custody or pre-trial obligations subject to the right of the prosecution to reinstate the charges against you at a later time.

If you are released from custody (whether personal recognizance or otherwise), you must:
1) Appear to answer and submit to all orders and process of the court having jurisdiction in the case.
2) Refrain from committing any criminal offense.
3) Not depart from the State of Alabama without the leave of the court having jurisdiction of this case.
4) Promptly notify the court of any change of address or the phone number.
5) Other conditions: _Bond set at 40,000 (total)_
_Unlawful Poss. Cont. Substance     20,000_
_Certain Person forbidden to poss. firearm  20,000_

The provisions of the Release Order may be revoked or modified by the court for cause. The Release Order and any appearance bond executed in compliance with it will continue in force and effect until the dismissal, acquittal, or conviction on the charges, unless sooner revoked or modified by the court. Upon report of a violation of any of the above conditions, a warrant for your arrest will be issued.

___7-6-01___
Date                                                          Judge/Magistrate

I have read or have been advised of the matters herein set forth. I understand the explanation of procedures, rights, and information given to me at the initial court appearance. I understand the conditions of my release and the penalties applicable in the event that I violate any conditions imposed herein. I also understand that failure to appear as required may subject me to additional charges in the revocation of release.

___7-6-01___
Date                                                          Defendant

| State of Alabama<br>Unified Judicial System<br><br>Form C-80    Rev. 6/93 | ORDER<br>ON INITIAL APPEARANCE | Case Number |
|---|---|---|

IN THE _____**DISTRICT**_____ COURT OF _____**LEE COUNTY**_____, ALABAMA
(Circuit, District or Municipal)          (Name of County or Municipality)

☒ STATE OF ALABAMA
☐ MUNICIPALITY OF _____    v.    **ANTHONY KEITH VAUGHN**
                                                    **Defendant**

The above-named defendant, charged with the criminal offense(s) of **POSS./REC. CONT. SUB.; CERTAIN PERSON FORBIDDEN FIREARM**
was duly brought before the Court for initial appearance on _____**JULY 6, 2001**_____, at ___**11:15**___ o'clock
__A__ .m., whereupon the Court did the following, as checked in the appropriate blocks:
*(CHECK AS APPLICABLE):*

☒ 1. Name and address of defendant.
    ✓ (a) Ascertained the true name and address of the defendant to be:
        _131 Lee Road 180_
        _Opelika AL 36801_
    ____ (b) Amended the formal charges to reflect defendant's true name.
    ____ (c) Instructed the defendant to notify the Court promptly of any change of address.

☒ 2. Informed the defendant of the charges against him/her and ensured that the defendant was served with a copy of the charges.

☒ 3. Informed the defendant of the right to be represented by counsel, that he/she would be afforded time and opportunity to retain an attorney, and further advised the defendant that, if he/she were indigent and unable to obtain counsel, an attorney would be appointed by the Court to represent him/her.

☒ 4. Informed the defendant that he/she had the right to remain silent and that anything that he/she said could be use against him/her.

☒ 5. Bail
    ____ (a) Determined that the defendant shall not be released from custody since charged with a non-bailable capital offense.
    ✓ (b) Determined that the defendant shall be released from custody pending further proceedings, subject to the mandatory conditions prescribed in Rule 7.3(a), A.R.Cr.P., and subject to the following additional conditions:
        ____ 1.) Execution of an appearance bond (recognizance) in the amount of $ _____.
        ✓ 2.) Execution of a secured appearance bond in the amount of $ _40,000.00_
        ____ 3.) Other conditions (specify) _____
            _($20,000 each case)_

☒ 6. If charged with a felony offense, informed the defendant of right to demand a preliminary hearing under Rule 5.1, A.R.Cr.P., and of the procedure by which that right may be exercised.

☒ 7. If charged with a felony offense a preliminary hearing was demanded with 30 days of date of arrest by the above named defendant, set a preliminary hearing to be held in the District Court of _____, _____, an _____ (date) at _____ o'clock ____.m.
    ____ (a) Notified the District Court that such demand was made.
    ✓ (b) Defendant made no demand for a preliminary hearing at the initial appearance hearings.

☐ 8. Other: _____
_____
_____

_7-6-01_ _____    _____
Date                                              Judge/Magistrate

| State of Alabama Unified Judicial System | ADVICE OF RIGHTS ON INITIAL APPEARANCE BEFORE JUDGE OR MAGISTRATE (Felony) | Case Number |
|---|---|---|
| Form C-81          11/91 | | |

IN THE _____ DISTRICT _____ COURT OF _____ LEE COUNTY _____, ALABAMA
*(Circuit, District, or Municipal)* *(Name of County or Municipality)*

☒ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. ___ ANTHONY KEITH VAUGHN
                                                                                      **Defendant**

This is a first appearance hearing. You are charged with committing the offense(s) of POSS./REC. CONT. SUB.; CERTAIN PERSON FORBIDDEN TO POSSESS FIREARM _____ in this court in violation of _____. The primary purpose of this hearing is to ensure that you know and understand the charge or charges against you. At this hearing, there will be no determination made about your guilt or innocence of the crime charged, but only a determination that you know and understand the charge or charges against you. If you are before the court on a complaint following a warrantless arrest, the judge or magistrate will determine whether there is probable cause for the charge against you.

In addition, the purpose of this hearing is to determine whether bail should be set in your case; or, if it has been already set, if it should remain the same, be raised, be lowered, or whether you should be released upon your personal recognizance (that is, your promise to appear for future court proceedings) or released in the custody of some responsible person. In order to make this determination, it will be necessary for the judge or magistrate to ask you some questions concerning your ties with the community.

You are entitled to be represented by an attorney. You have a right to have your own attorney and will be given time and opportunity to retain an attorney. If you are unable to afford an attorney, one will be appointed for you by the court if you qualify for such representation. It will be necessary for you to complete an indigency questionnaire under oath in order for the court to make this determination.

You have a right to talk with your attorney, family, or friends and, if necessary, reasonable means will be provided in order to enable you to do so. You have the right to remain silent. Anything that you say may be used against you.

Because you are charged with a felony, you are entitled to demand a preliminary hearing before a judge or magistrate to determine whether there is sufficient evidence to establish that you probably committed the offense or offenses with which you are charged. You must make this demand with thirty (30) days of the date of arrest. If a hearing is demanded and one is conducted, and if, at the conclusion of the preliminary hearing, the judge finds that sufficient evidence has been shown to establish that you probably committed the offense or offenses with which you are charged, the judge will then bind you over for further action by a grand jury. If, on the other hand, the judge finds that the evidence is insufficient to establish that you probably committed the crime or crimes charged, then the judge will dismiss the charge and discharge you from further custody or pretrial obligations subject to the right of the prosecution to reinstate the charges against you at a later time.

If you are released from custody (whether personal recognizance or otherwise), you must:
1) Appear to answer and submit to all orders and process of the court having jurisdiction in the case.
2) Refrain from committing any criminal offense.
3) Not depart from the State of Alabama without the leave of the court having jurisdiction of this case.
4) Promptly notify the court of any change of address or the phone number.
5) Other conditions: _Bond set at 40,000 (total)_
   _Unlawful Poss. Cont. Substance    20,000_
   _Certain Person forbidden to Poss. firearm  20,000_

The provisions of the Release Order may be revoked or modified by the court for cause. The Release Order and any appearance bond executed in compliance with it will continue in force and effect until the dismissal, acquittal, or conviction on the charges, unless sooner revoked or modified by the court. Upon report of a violation of any of the above conditions, a warrant for your arrest will be issued.

7-6-01
_____
Date

_____
Judge/Magistrate

*I have read or have been advised of the matters herein set forth. I understand the explanation of procedures, rights, and information given to me at the initial court appearance. I understand the conditions of my release and the penalties applicable in the event that I violate any conditions imposed herein. I also understand that failure to appear as required may subject me to additional charges in the revocation of release.*

7-6-01
_____
Date

_____
Defendant



# INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME _VAUGHN ANTHONY_

SEARCHED BY _____

TIME _1300_      DATE _1-3-98_

MONEY $ _0_

ARTICLES BY NAME _(1) PACK OF OPEN CIGARETTE "KOOL"_

The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.

Signature: _Anthony K. Vaughn_

Please Call: _____

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _____

Signature: X _Anthony K. Vaughn_

# Exhibit A
# Inmate File of Anthony Keith Vaughn
# Part 2

ACTION SUMMARY
CRIMINAL                                    CC 94 001281 00

IN THE CIRCUIT COURT OF        LEE  COUNTY                    JUDGE: RMH

ATE  OF  ALABAMA                    VS        VAUGHN ANTHONY
                                              514 MARTIN LUTHER KING BL

FF: CC 94 001281 00                           OPELIKA          AL  36801-0000

IB: ~~~~~~~~   RACE: B   SEX:  M   HT:  000   WT: 000   HR:        EYE:
N: 943001281  , ALIAS NAMES:

IARGE1: APPEAL DISTRICT COURT          CODE1: APDC LIT: ASSAULT III     TYPE: M
IARGE2:                                CODE2: 0000                      TYPE: M
IARGE3:                                CODE3: 0000                      TYPE: M
IRE?:         OFFENSE DATE: __/__/__   AGENCY/OFFICER: LCSO

TE WAR/CAP ISS  __/__/__               DATE ARRESTED:   __/__/__
TE   INDICTED:  __/__/__               DATE   FILED: 10/24/94
TE   RELEASED:  __/__/__               DATE HEARING:  __/__/__
      BOND AMOUNT:        $ .00        SURETIES:

TE 1: 12/20/94 DESC:  ARRG    TIME:  0900 A
TE 2: 12/29/94 DESC:  TRAL    TIME:  0900 A
                                       TYPE: R                          TYPE:
F/ATY: Hon. Mike Williams
ROSECUTOR: NORTHCUTT, WALTER M
                                                        GRAND JURY:
H CSE: 9400309500      CHK/TICKET NO:
                            SID NO: 000000000                OPID: RHK
F STATUS: JAIL    JURY DEMAND:

DATE          ACTIONS, JUDGMENTS, CASE NOTES
10/03/94   NOTICE OF APPEAL DC94-3095  JURY

12-7-94   | Motion for Return of Defendant from Prison

12-15-94  | Plea of Not Guilty and Waiver of Arraigment

  12-16-94 | Pending motion is set for hearing on Tuesday, December 20, 1994, at 9:00 A.M.
          |            FILED DEC 1 9 '94 IN OFFICE

12/29/94 | ORDER
1-04-95  | On motion of State, this case is dismissed.

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,                       *
                                        *
v.                                      *    CASE NO. CC 94- 1281
                                        *
ANTHONY VAUGHN, 00168496                *
                 Elmore C.F.            *
            Defendant.                  *



## ORDER

It has come to the attention of this Court that Defendant is presently incarcerated AT Mt. Meigs.  The Sheriff of Lee County is directed to secure the person of the Defendant and return him to the jurisdiction of this Court immediately.  The Court is to be notified upon him return to Lee County.

Done and Ordered this 21st day of December, 1994.

_____
Robert M. Harper
Circuit Judge

Copies to:
      Hon. Ronald L. Myers
      Sheriff Herman Chapman
      J. Michael Williams

F I L E D
DEC 2 9 1994
IN OFFICE
ANNETTE HARDY
CIRCUIT CLERK

149

$30.00 placed in
store act.
Coby
Jw

# INDIVIDUAL'S PERSONAL EFFECTS

## In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

5.24.98 - $20.00
placed on store
Acct.
Jw

NAME _Vaughn, Anthony_

SEARCHED BY _Sumner_

TIME _____ DATE _05-11-98_

MONEY $ _50.00 in Bills_
        _.28 in coins_
        _30.00 in Foodstamps Total 80.28_

ARTICLES BY NAME _1 hat, 1 Belt, 1 earring, Gold w/clr white stone,
1 ring Gold w/clr White Stone, 1 lighter, 1 opened pk of cigs,
1 Id DL, 1 phot DB_

The above listing is all my personal effects turned in to Sheriff's
Office at the time of booking.

Signature: _Anthony Vaughn_

Please Call: _____

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _11-16-94_

Signature: X _Anthony Vaughn_



*STATE OF ALABAMA*
*BOARD OF PARDONS AND PAROLES*
P. O. Box 302405
500 MONROE ST.
2ND FLOOR
Montgomery, Alabama 36130-2405
Central Office - Plaza (205) 242-8700



SEPTEMBER 23, 1994

VAUGHN, ANTHONY KEITH
#168,490
LEE COUNTY JAIL

Department of Corrections
Montgomery, AL

Your case has been reviewed and scheduled for parole consideration in _____ "NONE" _____.
This action was taken for the following reasons:

_____ 1/3 of total sentence.

_____ Guideline setting.

_____ Additional conviction.

_____ Jail credit change.

_____ Placed in IGT status.

_____ Removed from IGT status.

_____ Change in total term.

_____ Reset because of escape.

_____ Computation error.

_____ Recommendation by trial judge, district attorney or prison official.

__XX__ Other  WILL SERVE REMAINDER OF SENTENCE WITHOUT PAROLE
_____.

Sincerely,

William C. Young
Executive Director

WCY/ AGW

cc:  Warden
     Parole Office  OPELIKA
     Computer Unit
     File

CO Form 018
(Revised 6/93)




# STATE OF ALABAMA
## BOARD OF PARDONS AND PAROLES
P. O. Box 302405
500 MONROE ST.
2ND FLOOR
Montgomery, Alabama 36130-2405
Central Office - Plaza (205) 242-8700

SEPTEMBER 23, 1994

VAUGHN, ANTHONY KEITH
#168,490
LEE COUNTY JAIL

Department of Corrections
Montgomery, AL

Your case has been reviewed and scheduled for parole consideration in _____ "NONE" .
This action was taken for the following reasons:

_____ 1/3 of total sentence.

_____ Guideline setting.

_____ Additional conviction.

_____ Jail credit change.

_____ Placed in IGT status.

_____ Removed from IGT status.

_____ Change in total term.

_____ Reset because of escape.

_____ Computation error.

_____ Recommendation by trial judge, district attorney or prison official.

___XX___ Other   WILL SERVE REMAINDER OF SENTENCE WITHOUT PAROLE

Sincerely,

William C. Young
Executive Director

WCY/ AGW

cc:   Warden
      Parole Office   OPELIKA
      Computer Unit
      File

CO Form 018
(Revised 6/93)

ACS359

ALABAMA JUDICIAL DATA CENTER
LEE COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 92 000107 70
JAMES T. GULLAGE

---

| CIRCUIT COURT OF LEE COUNTY | COURT ORI: 043015 J |
|---|---|

STATE OF ALABAMA      VS.

DC NO:

VAUGHN ANTHONY KEITH     ALIAS:
515 MARTIN LUTHER KING BL ALIAS:
OPELIKA  AL  36801

G J:   000201
SSN:  000000000
SID:        0
AIS:        0

DOB: ███████  SEX: M  HT: 0 00  WT: 000  HAIR:      EYE:

RACE: ( )W (X)B ( )O  COMPLEXION: _____  AGE: _____  FEATURES:

DATE OFFENSE: 00/00/00  ARREST DATE: 00/00/00  ARREST ORI:

| CHARGES @ CONV | CITES | OFF CLASS: ( )A ( )B ( )C |
|---|---|---|
| PROBATION REV | — | — |
| Robbery 1st | — | — |

JUDGE: JAMES T. GULLAGE          PROSECUTOR: MYERS, RONALD L

PROBATION APPLIED  GRANTED  DATE  REARRESTED DATE  REVOKED  DATE
(X)Y( )N  2-7-92  (Y)Y( )N  10-6-92 (X)Y( )N  7-8-94  (X)Y( )N 07/18/94

ACT 754-76          IMPOSED   SUSPENDED   TOTAL   JAIL CREDIT
( )Y (X)N  CONFINEMENT: 03 00 000 00 00 000  03 00 000  00 00 081
           PROBATION :  00 00 000              00 00 000

DATE SENTENCED: 02/07/92   SENTENCE BEGINS:   07/18/94

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| PENITENTIARY | RESTITUTION | $0.00 | $0.00 |
| | ATTORNEY FEE | $0.00 | $0.00 |
| | CRIME VICTIMS | $0.00 | $0.00 |
| | COST | $0.00 | $0.00 |
| | FINE | $0.00 | $0.00 |
| | MUNICIPAL FEES | $0.00 | $0.00 |
| | DRUG FEES | $0.00 | $0.00 |
| | ADDTL DEFENDANT | $0.00 | $0.00 |
| | TOTAL | $0.00 | $0.00 |

APPEAL DATE      SUSPENDED      AFFIRMED      REARREST
( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

REMARKS:

THIS IS TO CERTIFY THAT THE
ABOVE INFORMATION WAS EXTRACTED
FROM OFFICIAL COURT RECORDS AND
AND IS TRUE AND CORRECT.

*Annette Hardy*

ANNETTE HARDY

07/25/94

OPERATOR LBW
PREPARED: 07/25/94

```
JP232                   ALABAMA DEPARTMENT OF CORRECTION         INST:    241
                        INMATE SUMMARY AS OF 07/29/94            CODE: CSM0I
```

```
****************************************************************************

AIS: 00168490    INMATE: VAUGHN, ANTHONY KEITH          RACE: B  SEX: M

INSTITUTION: 241 - LEE                              JAIL CR: 00Y11M26D

DOB: ██████2     SSN: ████████████

ADM DT: 04/01/92    DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENCE    STAT: NEW COMIT FROM CRT W/REV OF PROB

CURRENT CUST: OTW-2   CURRENT CUST DT: 07/18/94     PAROLE REVIEW DATE: -NONE-

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT4464 LAW IN CLASS 1        CURRENT CLASS DATE: 07/18/94
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED

COUNTY     SENT DT  CASE NO    CRIME              JL-CR    TERM
LEE        07/18/94 N92000107  ROBBERY II         0356D  003Y 00M 00D CS

TOTAL TERM     MIN REL DT     GOOD TIME BAL     LONG DATE
003Y 00M 00D   02/14/1995     000Y 00M 28D      07/21/1996

INMATE LITERAL:
****************************************************************************

ETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER-WARRANT RECORDS

****************************************************************************

SCAPEE-PAROLE SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE D.O.S.C.I.S. RECORDING BEGAN IN 1978
****************************************************************************

ISCIPLINARY SUMMARY
    INMATE CURRENTLY HAS NO DISCIPLINARY RECORDS
```

*To Be Filed*

# _____ COUNTY DETENTION CENTER
## DISCIPLINARY REPORT
(Form #28)

Inmate _Vaughn, Anthony Keith_ Custody _Minimum_ Number _168490 AIS_
    Last   First   Middle

Assignment _Anthony Vaughn_ is being charged by _Officer Burdon_

With rule violation _C-13 Having Contraband_

on or about _10-28_ 199_4_, Time _5:20_ a.m./p.m. Location _Loading Ramp Door_

Circumstances are as follows: _that you, Anthony Vaughn, did violate rule_
_C-13 by possessing tobacco within the facility (Lee Co. Jail)._

---

MAJOR   _____

MINOR   _____        _James F. Burdon_ _43021_

SERIOUS   _X_        Signature of Arresting Officer

Notifying Officer: _Cpl. John A. Robbins_    Time & Date notified: _1707 hrs 10-30-94_

Inmate's Signature X _Anthony K. Vaughn_ Witnesses desired: NO _✓_ If YES, (List) _____

---

Circumstances Investigated By: _____

Hearing date _10-31-94_      Time _4:45 pm_      Plea (X) Guilty    ( ) Not Guilty

If guilty, inmate must affix signature _____

Committee Findings & Reasons: _GUILTY PER GUILTY PLEA_

Committee Recomendations: _CANCELLATION OF STORE ORDERS, VISITATION AND_
_TELEPHONE FOR A PERIOD OF 30 DAYS - THIS NOT TO INCLUDE MEDIA_
_CLERGY NOR LAWYER._

Witnesses: _____        _Sgt. Woodall_

_____        Signature of Chairman

_____        _Dave Oliver_

       Signature, Member

       _Daniel W. Burdon_

       Signature, Member

---

Copy delivered to inmate: Date _11/1/94_    Time _1406_    Inmate's Signature X _Anthony Vaughn_

Action - Date _11-1-94_        Appeal - Date (attach copy) _____

Approved _Cay Carter, Jr_        Approved _____

Disapproved _____        Denied _____

Other (Specify) _Inmate removed_    Other (Specify) _____
_from Trusty status. Cleared_

# LEE COUNTY SHERIFF'S DEPARTMENT
## SYNOPSIS OF MAJOR/MINOR DISCIPLINARY HEARING
### (Form #30)

ALL THOSE INVOLVED IN THE CASE WERE SWORN IN BY THE CHAIRPERSON.

The Lee County Jail Disciplinary Board convened at _4:45_ on _10-30-94_, to

hear the evidence in the case involving Inmate _ANTHONY KEITH VAUGHN_, # _168490 AIS_.

The board consisted of Chairperson _WOODALL_ and Member _OLIVER BURBON_.

The accused and Arresting Officer _BURDON_ were brought before the board.

The chairperson explained to _VAUGHN_ that he was charged with violating Rule

# _C-13_ of Inmate Handbook (revised August 1988).

_VAUGHN_ was further advised that on _10-30-94_ at

_17:07_ he was served with "Notice of Disciplinary Hearing" and given a copy of the notice.

The chairperson explained that according to due process requirements, he must be given at least 24 hours notice

of the date that the hearing will take place. Furthermore, that the hearing must be given within seven (7)

calendar days of the time his custody changed and that he is to be given the opportunity to request any

witnesses on his behalf. The chairperson asked _VAUGHN_ if he understood due

process and he replied, "_YES_

_____."

The chairperson explained to _VAUGHN_ that he was charged with violation

of Rule # _C-13_, _POSSESSING TOBACCO IN LEE Co. JAIL_.

The chairperson asked _VAUGHN_ if he understood the charges against

him and he replied, "_YES_

_____."

_VAUGHN_ was then asked how he pled to the charge and he stated,

"_GUILTY_"

ect _Contraband_                               Opelika, Ala., _10-28_      19_94_

, the Sheriff of Lee County:

I report the following _contraband being confiscated from inmate_
_Anthony Vaughn_                              which occurred at _5:20_ o'clock
this _____P._ M., at _the Lee County Sheriffs Office._
                        (STATE PLACE)

Below give full particulars, together with names of principals and witnesses and their address.

On the above date and time officer Phyllis Allen was escorting inmates Rodney Strickland and Anthony Vaughn to the dumpster with the discarded kitchen food. Inmate Stacey Carlisle was washing cars during this time. As officer Allen, Strickland and Vaughn were on their way in to the loading ramp door, Cpl. Robbins instructed me to meet them at the loading ramp door and search inmates Strickland and Vaughn. As I was approaching the loading ramp door from the inside I could see officer Allen break away from the inmates and walk to the Sallyport door where she entered the facility. At the loading ramp door, I searched inmate Strickland and found nothing. However, when I searched inmate Vaughn I found 2 packs of Bugler in his left sock, 3 packs of Bugler in his right sock, one pack of TOP rolling papers in his right sock and one

Reported by _____

Address _____ Phone _____

Complaint Received by _____ How _____

Assigned to _____

1 of 5

Subject _____    Opelika, Ala., _____ 19____

To the Sheriff of Lee County:

I report the following _____

_____ which occurred at _____ o'clock

this _____ M., at _____

(STATE PLACE)

Below give full particulars, together with names of principals and witnesses and their address.

pack of Bugler in his underwear near his genitals.
This inmate stated that he simply found the items
in the dumpster while dumping trash. Shortly
after this incident inmate Vaughn was placed in
cell D5 and taken off of trustee status. Shortly
after this I was in booking with officer Allen.
She explained to me that while she was on the
car wash she saw the confiscated tobacco. I asked
her where she had seen it and she said she had
seen it in the paper towel bucket that inmate
Carlisle had. I said, "oh, really!", and she stated,
"yes". She went on to explain that inmates Strickland
and Vaughn were putting "slop" in the dumpster on
the south side of the dumpster. Then they spilled some
on their hands and asked her to get some paper towels
for them. At this time she went to the north end
of the car wash to get the paper towels out of Carlisle's

Reported by _____

Address _____ Phone _____

Complaint Received by _____ How _____

Assigned to _____

2 of 5

# LEE COUNTY SHERIFF'S DEPARTMENT

Subject_____ Opelika, Ala.,_____ 19____

To the Sheriff of Lee County:

I report the following_____

_____which occurred at_____ o'clock

this_____ M., at_____
(STATE PLACE)

Below give full·particulars, together with names of principals and witnesses and their address.

bucket. As she reached into the bucket she saw the confiscated tobacco but did not say or do anything about the tobacco. She further explains that she just got the paper towels and brought them to inmates Strickland and Vaughn who were still on the south side of the dumpster. Then she stepped back onto the north side of the dumpster where the inmates were out of her view. At this time she stated that inmates Strickland and Vaughn asked her if inmate Carlisle could bring them some more paper towels. She said she stated, "yes". Carlisle picked up the whole bucket (tobacco and paper towels were inside) and brought it to the south side of the dumpster. At this time she said to me that she could not see the inmates on the south side but that she knew what they were doing. She said that she told them that they could get caught doing what they were doing.

Reported by_____

Address_____ Phone_____

Complaint Received by_____ How_____

Assigned to_____

3 of 5

Subject _____    Opelika, Ala., _____ 19____

To the Sheriff of Lee County:

I report the following _____

_____ which occurred at _____ o'clock

this _____ M., at _____
(STATE PLACE)

Below give full particulars, together with names of principals and witnesses and their address.

And then the inmates stated, "Be quiet Mrs. Allen you are going to jinx us." Officer Allen told me that she knew inmate Carlisle was giving the tobacco to inmates Strickland and Vaughn so that they could sneak it into the facility. She also stated that she did not care if they got caught or not, because she isn't going to write up any more inmates because nothing ever happens to them. Nothing Further.

Reported by _J. Burdon 43D21_

Address _____    Phone _____

Complaint Received by _____    How _____

Assigned to _____

4 of 5

Subject_____    Opelika, Ala.,_____19____

To the Sheriff of Lee County:

I report the following_____

_____which occurred at_____o'clock

this_____M., at_____
                                        (STATE PLACE)

Below give full particulars, together with names of principals and witnesses and their address.

Ⓐ - Officer Allen                    Ⓢ - Inmate Strickland

Ⓑ - Bucket w/contraband + paper towels    Ⓥ - Inmate Vaughn

Ⓒ - Inmate Carlisle

Ⓑ

Ⓒ Car Wash

Deputy parking lot

Ⓐ

DUMPSTER

Ⓢ  Ⓥ

N
W ← → E
S

Reported by _____

Address _____    Phone_____

Complaint Received by_____    How_____

Assigned to _____

5 of 5

Subject _Contra Band_    Opelika, Ala., _10 - 28_ 19 _94_

To the Sheriff of Lee County:

I report the following _Contra Band Being Brought into the_
_Jail_ _____ which occurred at _1730_ o'clock
this _P_ M., at _Lee County Jail_ _____
(STATE PLACE)

Below give full particulars, together with names of principals and witnesses and their address.

On 10-28-94 at about 1730 hrs cl(cpl. Robli---) observed officer allen not watching the chammates she had escorted to the trash Dumpster. Cl then told officer Burdon to search the chinmates' when they came in. When Burdon exited Booking and walked to the loading Ramp Door, officer allen came around to the sallyport Door. She entered sallyport as officer Burdon went out the loading Ramp. She then enter Booking She stated to me she was fixing to tell me one of us needs to go and search them. She then stated she went to go get a paper towel for the climate and when she gave it to them she told them that if they had anything they would get caught. Officer Burdon retrieved 6 packs of Bugler and 1 pack of Tops Rolling Paper. See officer Burdons Report. Anthony Vaughn climate was removed from Janitor and placed in D-5.

Reported by _Cpl. John L. Robli---_

Address _____    Phone _____

Complaint Received by _____ How _____

Assigned to _____

# INMATE REQUEST FORM
### (Form #8)

Name: Anthony K. Vaughn    Cell: E-2    Date: Aug-10-94    Time: _____

Telephone Call ☐    Medical ☐    Special Visit ☐    Grievance ☐    Sheriff ☐

Chief Deputy ☐    Lieutenant ☐    Personal Problem ☐    Notary ☐    Trusty ✔

Other ☐ _____

## BRIEFLY OUTLINE YOUR REQUEST, THEN GIVE TO JAILER.

yes Im Requesting to Be A trusty for I CAN Be Able to work Around, I know Im Able to work A Detail If possible THANKS

## DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY

Inmate is on trusty status and cleans halls and serves trays.

S.B. Howard

All requests will be routed through the jail shift supervisor then forwarded to those the request is directed to.

Shift Supervisor ☐    Lieutenant ☐    Major ☐    Sheriff ☐

Date: _____    Time: _____

Jailer: _____

Copies to:    Inmate
    Inmate file
    Chief Deputy
    Disciplinary Hearing Board




*STATE OF ALABAMA*
*BOARD OF PARDONS AND PAROLES*
P. O. Box 302405
Gordon Persons Building
50 North Ripley Street
Montgomery, Alabama 36130-2405
Central Office - Plaza (205) 242-8700

September 9, 1994

Vaughn, Anthony Keith
AIS 168490
Lee County Jail

Department of Corrections
Montgomery, AL

Your case has been reviewed and scheduled for parole consideration in \_\_\_\_12/94_____.
This action was taken for the following reasons:

_____     1/3 of total sentence.

\_\_XXX\_\_\_     Guideline setting.

_____     Additional conviction.

_____     Jail credit change.

_____     Placed in IGT status.

_____     Removed from IGT status.

_____     Change in total term.

_____     Reset because of escape.

_____     Computation error.

_____     Recommendation by trial judge, district attorney or prison official.

_____     Other _____.

Sincerely,

William C. Young
Executive Director

WCY/ ml

cc:   Warden
      Parole Office  ~~Montgomery~~   Opelika
      Computer Unit
      File

CO Form 018
(Revised 6/93)

ALABAMA DEPARTMENT OF CORRECTIONS                    INST:  241
INMATE SUMMARY AS OF 07/27/94                        CODE: CSM01

*************************************************************************

AIS: 00156440    INMATE: VAUGHN, ANTHONY KEITH           RACE: B  SEX: M

INSTITUTION: 241 - LEE                                JAIL CR: 00Y06M26D

                     SSN:

DOB: 04/01/92    DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENCE    STAT: NEW COMIT FROM CRT W/REV OF PROB

CUSTODY CLAS: MIN-3    CURRENT CUST DT: 07/18/94    PAROLE REVIEW DATE: -NONE-

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SUBJECT UNDER ACT466 LAW IN CLASS II        CURRENT CLASS DATE:  07/18/94
INMATE IS EARNING #  EARNS 40 DAYS FOR EACH 30 SERVED

COUNTY      SENT DT  CASE NO    CRIME                    JL-CR      TERM
LEE         07/18/94N92000107  ROBBERY II               02660 00SY 00M 00D CS

TOTAL TERM      MIN REL DT    GOOD TIME BAL    LONG DATE
00SY 00M 00D    03/21/1985    00CY 00M 12D     10/21/1996

LEGAL LITERAL:
*************************************************************************

DETAINER WARRANTS SUMMARY
   INMATE CURRENTLY HAS NO DETAINER-WARRANT RECORDS

*************************************************************************

SUPERVISION SUMMARY
   INMATE CURRENTLY HAS NO PAROLE RECORDS

   INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

   INMATE HAS NO ESCAPES FROM ALABAMA DOCnCn
   INMATE HAS NO OUTSIDE RECORDS SINCE IN 1978

*************************************************************************

DISCIPLINARY SUMMARY
   INMATE CURRENTLY HAS NO DISCIPLINARY RECORDS

# INMATE REQUEST FORM
(Form #8)

Name: Anthony Vaughn    C#: F-2    Date: 7-30-94    Time: _____

| | | | | |
|---|---|---|---|---|
| Telephone Call ☐ | Medical ☐ | Special Visit ☐ | Grievance ☐ | Sheriff ☐ |
| Chief Deputy ☐ | Lieutenant ☐ | Personal Problem ☐ | Notary ☐ | Trusty ☑ |

Other ☐ _____

### BRIEFLY OUTLINE YOUR REQUEST, THEN GIVE TO JAILER.

IM Replying To Be A Trsty, for I CAN

Be Able To get own the Hall, for I CAN

Be Able To work A Detail Thanks

### DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY

8/3/94    Denied by Sgt Robinson

All requests will be routed through the jail shift supervisor then forwarded to those the request is directed to.

Shift Supervisor ☐    Lieutenant ☐    Major ☐    Sheriff ☐

Jailer: _____    Date: _____    Time: _____

Copies to:   Inmate
             Inmate file
             Chief Deputy
             Disciplinary Hearing Board

ALABAMA BOARD OF PARDONS AND PAROLES

REPORT OF INVESTIGATION

Type of Investigation ___Pre-Probation___  Date Dictated ___3-26-92___

Name ___ANTHONY KEITH VAUGHN___  True Name ___Anthony Keith Vaughn___

Alias: ___None___

RSA ___B/M, 19___  DOB ___█████___  Height and Weight ___6'1"___ ___160 lbs.___

Complexion ___Dark___  Color or Hair ___BLK___  Color of Eyes ___BRO___

Bodily Marks ___Scar on neck___

Driver's License # ___Alabama 5831556___  SS# ___█████___

AIS# _____  FBI# ___283 950 NA1___  SID# ___AL-01207876___

Address ___514 Martin Luther King Ave.___  Phone # ___205/749-7922___

___Opelika, AL 36801___

County ___Lee___  Case # ___CC-92-107___

Offense(s) ___Robbery, II___

Sentence(s) ___10 Years___

Date of Sentence ___2-7-92___  Date Sentence began ___7-18-94___

Date of Arrest ___1-3-92___  Date of Bond ___1-17-92___  Bond Amt. $ ___5,000___

Judge ___James T. Gullage___  D.A. ___Ron Myers___

Attorney ___Thomas E. Jones___  Retained _____  Appointed ___X___

Court Ordered Restitution $ ___190.00___

Barred from Parole Yes _____  No ___X___

Copies sent to Central Records ___7-18-94___
(date)

NOTES:    Jail Credit: 14 days

4-1-92: Ordered to Boot Camp.
Submit to random drug screens. Pay Court
ordered monies at a rate of $30.00 per
week beginning 11-1-92.
7-18-94: Probation Revoked

PBF 203 (3/91)

PRESENT OFFENSE

County, Court, and Case Number:

Lee County Circuit Court, 92-107.

Offense:

Robbery, II.

Sentence:

10 Years.

Date of Sentence:

2-7-92.

Details of Offense:

On 8-20-91, the Opelika Police Dept. received a complaint of a Robbery that occurred at
409 Jeter Avenue in Opelika, Alabama. Officers responded to the call and met with the
victim, James Dowdell. Dowdell told Officers that a black male came to his door and asked
for a glass of water. Dowdell let him in and went to the kitchen to get the water,
followed by the black male. When Dowdell started back to the livingroom, he was grabbed
from the rear by the black male. Dowdell said they fought up the hall and back into the
livingroom. Dowdell said the black male pushed him into a chair a held him there. Dowdell
said only then did he see the second black male who went into the bedroom next to the
livingroom and started going through the dresser drawers and the chest of drawers. Dowdell
said the robbers took two pistols and 80 one-half dollar coins. Dowdell said both of the
robbers then ran from the front of the house. Dowdell went out the front door behind them
but did not see where they ran. Dowdell said when he got outside he saw his niece, Cynthia
Martin. Martin saw the two robbers run from the house in the direction of Jeter Park.
Cynthia described the two to Catherine Edwards who identified them by description as Keith
and "Moon Dog". Moon Dog is the street name of Robin LaCarris Clifton.

On 8-21-91, less than 30 minutes after the robbery, Robin Clifton was stopped at the
intersection of Samford Ave. and Samford Court, approximately four blocks from the scene
of the robbery. Clifton voluntarily consented to a search of his vehicle. Found in the
car was a brown wallet that contained a driver's license and other identification belonging
to Anthony Keith VAUGHN. VAUGHN was not in the vehicle at the time. Nothing was seized
from the vehicle at that time. Clifton was released and left the area.

On 8-21-91, Detective Abernathy met with James Dowdell at the Opelika Police Dept. Dowdell
was shown two photographic lineups of similar black males. Dowdell positively identified
the photograph of Anthony Keith VAUGHN as one of the robbers from the first lineup and
tentatively identified the photograph of Robin LaCarris Clifton, aka Moon Dog, from the
second lineup. Detective Jim Murphy then showed the lineup to Catherine Edwards who iden-
tified the photograph of Anthony Keith VAUGHN as the person she saw with Robin Clifton in
Jeter Park earlier in the evening.

On 8-22-91, James Dowdell signed a warrant for Robbery, II, on Anthony Keith VAUGHN.

On 1-3-92, Anthony Keith VAUGHN was arrested on the warrant signed by James Dowdell.
VAUGHN was advised of his Rights which he stated he understood and waived. VAUGHN confessed
to his involvement in the Robbery and named Robin LaCarris Clifton, alias Moon Dog, as the
other person involved in the Robbery.

-2-

Subject's Statement:

"In August of 1991, I was staying across town and a guy named Robin came and got me. He said, 'Let's go and get some beer.' So we went and got some beer and then went to the top of Jeter Park. We drank some beer and then he said, 'Let's get a dollar shot of whiskey.' I then walked with him to get the whiskey. We went inside a man's house, got two dollar shots, and got ready to leave. Robin then hit the man to the floor and told me to hold him and I did. I then heard a car coming and I left."

Case Status of Co-defendants:

Robin LaCarris Clifton pled guilty on 2-6-92 to the offense of Robbery, II. He was sentenced to 12 years in the state penitentiary. A probation hearing has been scheduled for 4-1-92.

Victim notification Information:

The victim in this case is James Dowdell.

Victim Impact:

Although a Victim's Impact Report has been mailed to the victim, no response has been received as of this date.

Location of Offense:

Opelika, Alabama.

Court Ordered Restitution:

$190.00.

## RECORD OF ARREST(S)

Prior Arrest Record:

| 5-15-90 | Lee Co. Juv Ct | Ungovernable Behavior | Adjudicated CHINS, placed on probation |
| 7-12-90 | Lee Co. Juv Ct | CHINS Violation | Adjudicated CHINS, released into the care, custody, & control of his mother; he shall remain under "In-house Arrest" & on probation w/the Juvenile Court until further order of the Court |
| 7-22-91 | Opelika PD | Public Intoxication | $94.00 |
| 7-22-91 | Opelika PD | Poss. of Marijuana | $244.00 & 30 days; susp. days, 2 Yrs probation |

Subsequent Arrest Record:

None found.

-3-

## PHYSICAL AND MENTAL HEALTH

VAUGHN claims no physical or mental disabilities. He admits to the use of marijuana for one year (1991, smoking marijuana on a monthly basis). He states that drugs are not a problem for him. VAUGHN admits to the occasional consumption of alcoholic beverages but denies having a drinking problem.

## PROBATION AND PAROLE OFFICER'S REMARKS

According to character reference letters received in my office, VAUGHN is described as a young man who is easily influenced by others. He is also described as a giving and free-hearted young man.

According to records received from Opelika High School, VAUGHN'S academic achievement and attendance were described as poor.

Due to the nature of VAUGHN'S offense, he does not appear to be a good candidate for probation.

## PROBATION PLAN

Home Situation:

If granted probation, VAUGHN proposes to continue residence with his cousin, Kim Billingsley, at 514 Martin Luther King Ave., Opelika, AL  36801.

Employment:

VAUGHN is currently unemployed but seeking employment.

Signed and Dated at Opelika, Alabama, the 27th day of March, 1992.

Donnelle Thompson
Alabama Probation & Parole Officer

DT/brl

-4-

STATE OF ALABAMA

BOARD OF PARDONS AND PAROLES

OFFICER'S REPORT ON DELINQUENT PROBATIONER

Probationary Judge _James T. Gullage_____     Court __Circuit_____

Probationer __Anthony Keith VAUGHN_____     Co. No. __92-107____ County _Lee___

Race, Sex & Age __B/M, 20, DOB: ▮▮▮▮___     Date of Conviction ___2-7-92_____

Offense __Robbery, II_____     Date of Probation ____10-6-92_____

Sentence __10 Years_____     Probation Period ___3 Years_____

Date of Delinquency _revoked  7-18-94_  Probation Expires __10-6-95_____

Restitution Paid $ __none; owes $95.00___     Supervision Fee Paid $ _none; owes $80.00__

## DELINQUENT CHARGE OR CHARGES

CHARGE NO. 1
VIOLATION OF CONDITION NO. 4
FAILURE TO REPORT TO PROBATION OFFICE AS INSTRUCTED

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on Anthony VAUGHN on 12-18-92.

DETAILS:

On 10-7-92, the conditions of probation were explained to Anthony Keith VAUGHN.  Among those conditions included Condition No. 4 which states that a probationer not later than the fifth day of each month must make a full and truthful report to his Probation Officer.  Since the aforementioned date, VAUGHN has not reported to the Probation Office.  This Officer has attempted to contact VAUGHN by home visits, letters, and cards, but to no avail.

CHARGE NO. 2
VIOLATION OF CONDITION NO. 8
FAILURE TO PAY SUPERVISION FEES

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on Anthony VAUGHN on 12-18-92.

DETAILS:

On 10-7-92, the conditions of probation were explained to Anthony Keith VAUGHN.  Among those conditions included Condition No. 8 which states that a probationer must pay $20.00 per month supervision fee as required by law.  VAUGHN is currently four months ($80.00) arrears in supervision fee payments.  To date, no payments have been made.

PB Form 207
Revised 10/87

CHARGE NO. 3
VIOLATION OF SPECIAL CONDITION
FAILURE TO SUBMIT TO MONTHLY RANDOM DRUG SCREENS

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on Anthony K. VAUGHN on 12-18-92.

DETAILS:

On 10-6-92, VAUGHN appeared in Lee Co. Circuit Court before Judge James T. Gullage.  On that
date, he was ordered to submit to monthly random drug screens.  Since VAUGHN's probation
date, he has not submitted to any drug screens.  Numerous cards and letters have been mailed
to VAUGHN's address, but to no avail.

CHARGE NO. 4
VIOLATION OF SPECIAL CONDITION
FAILURE TO PAY COURT-ORDERED MONIES AS INSTRUCTED

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on Anthony VAUGHN on 12-18-92.

DETAILS:

On 10-6-92, VAUGHN appeared in Lee Co. Circuit Court before Judge James T. Gullage.  On that
date, VAUGHN was ordered to pay Court-ordered monies at a rate of $20.00 per week beginning
11-1-92.  VAUGHN has made no payments toward Court-ordered monies, leaving a balance of
$703.00.

SUPERVISION SUMMARY:

Anthony Keith VAUGHN was placed on probation on 10-6-92.  Since that date, VAUGHN has not
reported to the Probation Office, paid supervision fees, submitted to monthly random drug
screens, nor made any payments toward his Court-ordered monies.  Numerous card, letters,
and attempted home visits have been made to VAUGHN's address, but to no avail.

RECOMMENDATION:

I recommend revocation.


Signed and Dated at Opelika, Alabama, the 8th day of February, 1993.


Donnelle Thompson
Alabama Probation & Parole Officer

DT/brl

-2-

STATE OF ALABAMA

BOARD OF PARDONS AND PAROLES

OFFICER'S REPORT ON DELINQUENT PROBATIONER --SUPPLEMENT to

Report dated 2-8-93

Probationary Judge __James T. Gullage__    Court __Circuit__

Probationer __ANTHONY KEITH VAUGHN__    Co. No. __CC-92-107__   County __Lee__

Race, Sex & Age __B/M, 21, DOB:▮▮▮▮__    Date of Conviction __2-7-92__

Offense __Robbery, II__    Date of Probation __10-6-92__

Sentence __10 years__    Probation Period __3 years__

Date of Delinquency __7-18-94 revoked__    Probation Expires __10-6-95__

Restitution Paid $ __owes $703.00__    Supervision Fee Paid $ __owes $400.00__

## DELINQUENT CHARGE OR CHARGES

CHARGE NO. 5
VIOLATION OF CONDITION NO. 1
NEW OFFENSE - CRIMINAL MISCHIEF, III

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on 12-18-92. On 5-23-94, VAUGHN appeared in Opelika Mun. Ct. and was sentenced to 60 days CC for Criminal Mischief, III.

DETAILS:

On 9-2-93, at 7:50 a.m., Officers met with Fannie M. Thomas at #12 Ave. A in reference to Keith VAUGHN and Anthony Russell shooting into a residence. Ms. Thomas advised that on 9-1-93 between 9:30 and 10 o'clock p.m. VAUGHN and Russell came into the yard at #12 Avenue A. At this point, VAUGHN shot a handgun at Jerry Thomas. VAUGHN and Russell then fled on foot. On 9-2-93, at 7:30 a.m., Ms. Thomas discovered that a bullet had struck her house on the south side. Ms. Thomas advised that A. C. Farmer recovered the bullet and turned it over to Officer Stamps. Investigator Jim Murphy arrived at the scene and took pictures of the house. The bullet was turned over to Investigator Murphy.

CHARGE NO. 6
VIOLATION OF CONDITION NO. 1
NEW OFFENSE - RECKLESS ENDANGERMENT

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on VAUGHN on 12-18-92. On 5-23-94, VAUGHN appeared in Opelika Municipal Court and was sentenced to 180 days for Reckless Endangerment. VAUGHN is to remit all fine and costs in all cases after sentence.

PB Form 207
Revised 10/87

DETAILS:

See Details in Charge No. 5. The victim in this case, Jerry Thomas, advised that Keith VAUGHN and Anthony Russell came to his house. They were in the front yard yelling for Thomas to come out of the house to fight. Thomas walked away from the front door and returned a short time later to find VAUGHN shooting a handgun in the air. Both subjects then left the area on foot.

RECOMMENDATION:

Anthony Keith VAUGHN was declared delinquent 1-13-93 by Hon. James T. Gullage. Since that date, the subject has made no attempts to comply with the Order of Probation. It appears that VAUGHN only reported once, that being the day after he was granted probation on 10-6-92. Not until 5-11-94, had any contact been made with VAUGHN and this was only when the Opelika Police Dept. had made a traffic stop and Dispatch requested information on the subject. At this time, VAUGHN was incarcerated in the Lee Co. Jail as a probation violator.

It is the opinion of this Officer that VAUGHN should be brought before the Court to show cause why his probation should not be revoked.

Signed and Dated at Opelika, Alabama, the 20th day of May, 1994.

Donna Russ
Alabama Probation & Parole Officer

DR/brl

## INMATE REQUEST FORM
### (Form #8)

Name: _Anthony Vaughn_ C II: _F-2_ Date: _7-18-94_ Time: _____

Telephone Call ☐    Medical ☐    Special Visit ☐    Grievance ☐    Sheriff ☐

Chief Deputy ☐    Lieutenant ☐    Personal Problem ☐    Notary ☐    Trusty ☑

Other ☐ _____

### BRIEFLY OUTLINE YOUR REQUEST, THEN GIVE TO JAILER.

I'm Replint To Be A Trusty If possible

For I Can get Some Kind of Work

Detaile or on THE HALL. THANKS

*DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY*

7/19/94    Disapproved by Sgt. Roberson

All requests will be routed through the jail shift supervisor then forwarded to those the request is directed to.

Shift Supervisor ☐    Lieutenant ☐    Major ☐    Sheriff ☐

Jailer: _____    Date: _____    Time: _____

Copies to:    Inmate
              Inmate file
              Chief Deputy
              Disciplinary Hearing Board

# INMATE REQUEST FORM

(Form #8)

Name: Anthony Vaughn    Cell: F-2    Date: 6-19-94    Time: _____

- Telephone Call ☐
- Medical ☐
- Special Visit ☑
- Grievance ☐
- Sheriff ☐
- Chief Deputy ☐
- Lieutenant ☐
- Personal Problem ☐
- Notary ☐
- Trusty ☐
- Other ☐

## BRIEFLY OUTLINE YOUR REQUEST, THEN GIVE TO JAILER.

I'm Requesting For A Special Visit If possible For I Can get A Chance To See My Son Before this month out Next Sunday. If possible I like to know Ahead of time If I'm going to get A Chance To get A Visit. Thanks

### DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY.

Request Approved For 8-6-94 9:00 Am

Cpl Beamon

All requests will be routed through the jail shift supervisor then forwarded to those the request is directed to.

Shift Supervisor ☐    Lieutenant ☐    Major ☐    Sheriff ☐

Date: _____    Time: _____

Copies to:    Inmate
Inmate file
Chief Deputy
Disciplinary Hearing Board

# CITY OF OPELIKA

MUNICIPAL COURT



P.O. BOX 2485    •    OPELIKA, ALABAMA 36803-2485    •    TELEPHONE (205) 749-3283

Lee County Sheriff
Hamilton Road
Opelika, Alabama

TO WHOM IT MAY CONCERN:

The following subject has been transfered to your jail on _5/23/94_

_____ He/She has not made bond on misdemeanor charge/s here;

or

__X__ He/She has to serve days at the Opelika City Jail after making
bond at the Sheriff's Office.

NAME: _Vaughn, Anthony L_

DOB: _███████████_

RACE: _B_

SEX: _M_

Please notify the Opelika Police Department before releasing on bond.

Signed: _Lauri Kirby_

DATE: _5/23/94_

MC94 00265 - 60
MC94 00266 - 180
MC91 00714 → 20
MC91 00 715 / days

260
days to
serve

## LEE COUNTY SHERIFF'S DEPARTMENT
## SHORT TERM RELEASE OF INMATE TO OTHER AGENCY REPORT
### (Form #23)

INMATE'S NAME _Vaugh Anthony_____ ID#_____

AGENCY RELEASED TO _____ RECEIVING OFFICER_____

DATE _05-23-94_____ TIME _12:45_____

INMATE'S SIGNATURE _Anthony K. Vaughn_____

RELEASING OFFICER _R. Rainer_____


DATE INMATE RETURNED _5/22/9_____ TIME RETURNED _1526____

INMATE'S SIGNATURE _Anthony Vaughn_____

RECEIVING OFFICER _____

# STATE OF ALABAMA

## BOARD OF PARDONS AND PAROLES

### Montgomery, Alabama

*ORDER OF PROBATION AND PAROLE OFFICER*

*AUTHORIZING ARREST OF PROBATION VIOLATOR*

TO: SHERIFF OF ____LEE____ COUNTY OR ANY LAWFUL OFFICER

OF THE STATE OF ALABAMA

____ANTHONY KEITH VAUGHN____ Court No. __CC#92-107__ who was

Convicted in ____Lee____ County of the offense of __Robbery, II__

and who was sentenced to a term of __ten (10)__ years in

the penitentiary or to Hard Labor for the county and who was granted probation on __10-6-92__

_____ for a period of __three (3)__ years

has in the judgment of the undersigned probation and parole officer violated the conditions of his

probation. Therefore, by virtue of the authority vested in me by Title 15-22-54, Code of Alabama,

1975, as amended, you are hereby given this written authority to take the said _____

____ANTHONY KEITH VAUGHN____ into your custody and hold him for the further order

of the Judge of the Circuit Court of ____Lee____ County.

Dated at __Opelika__ Alabama, this the __18th__ day of __December__

19 __92__ .

*Dannelle Thompson*
Probation and Parole Officer

B/M, DOB:  9-7-72

Address:   117 Chester Avenue
           Opelika, Alabama

PB Form 209
Revised 5/31/82

# INMATE REQUEST FORM
### (Form #8)

Name: _Anthony Varbha_  C l: _F-2_    Date: _____    Time: _____

Telephone Call ☐    Medical ☐    Special Visit ☐    Grievance ☐    Sheriff ☐

Chief Deputy ☐    Lieutenant ☐    Personal Problem ☐    Notary ☐    Trusty ☑

Other ☐  _____

### BRIEFLY OUTLINE YOUR REQUEST, THEN GIVE TO JAILER.

I'm Asking for A status As A trusty willing to work follow direction get Along with everyone else

### DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY

5/18/94  Denied At this time by
Sgt. Roberson

All requests will be routed through the jail shift supervisor then forwarded to those the request is directed to.

Shift Supervisor ☐    Lieutenant ☐    Major ☐    Sheriff ☐

Per: _William Ela_    Date: _5-14-94_  Time: _10:02_

Copies to:    Inmate
              Inmate file
              Chief Deputy
              Disciplinary Hearing Board

ALABAMA BOARD OF PARDONS AND PAROLES

REPORT OF INVESTIGATION

16:45 05/11/94 096042
YQ.AL0430202.AL0430000
AIN/12238931.NIC/W794541496.OCA/CC92-107.NAM/VAUGHN,ANTOHNY KEITH.DOB/▮▮▮▮.RAC
/B.SEX/M.REMARKS/WE HAVE THIS SUBJ DETAINED AT THIS TIME..PLEASE PROVIDE A RESPO
NSE WITHIN 10 MINUTES OR A NOTICE OF THE SPECIFIC AMOUNT OF TIME NECESSARY TO CO
NFIRM OR REJECT THIS HIT.AUTH/SGT J SMITH.OPR/GRIFFIN
SEQ # 0231 MRI # 096042

19:19 03/14/94 093659
AL0430000
NAM/VAUGHN,ANTHONY KEITH   NIC/W794541496
SEQ # 0388 MRI # 093659

*submit to random drug screens. Pay Court
ordered monies at a rate of $50.00 per
week beginning 11-1-92.*

PBF 203 (3/91)

# LEE COUNTY SHERIFF'S DEPARTMENT
## REGULATIONS RECEIPT
(Form 17)

Date: _05-11-94_                                              Time: _1935_

I, _Vaughn, Anthony_                                          have received copy

number _386_ of the Rules and Regulations governing inmates in the Lee County Jail which

I am/am not (mark one out) able to read. I understand that while in this institution I will abide

by these Rules and Regulations.

I will return the copy of the Rules and Regulations upon my release from jail. I also

understand that I will be responsible for the loss or any damage of the Inmate Rules and

Regulations Handbook and will be charge $2 for its replacement. I also understand that if I

fail to pay for the replacement of the lost or damaged handbook I will have additional criminal

charges filed against me for destruction of county property.

Years of School _11_               _Anthony Vaughn_
                                   Inmate's Signature

_Vaughn, Anthony_ has today received copy number _386_ of the Lee

County Sheriff's Department Rules and Regulations for Inmates.

[X] Said inmate stated to me that he was able to read the Rules and Regulations.

[ ] Said inmate stated that he was not able to read the Rules and Regulations and I explained
the orientation rules to him.

                                   _O. M. S._
                                   Jailer's Signature

                                   Date: _05-11-94_ Time: _1940_

# INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME _UAULIW ANTHONY_

SEARCHED BY _____

TIME _0318_          DATE _7-22-02_

MONEY $ _0_ _____

_____

_____

ARTICLES BY NAME _1 watches  gold in color_
_1 belt_

_____

_____

_____

The above listing is all my personal effects turned in to Sheriff's
Office at the time of booking.

Signature _X_____

Please Call _____

_____

_____

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _9-6-02_

Signature _X_____

JP232

ALABAMA DEPARTMENT OF CORRECTI      INST: 241
INMATE SUMMARY AS OF 07/21/92      CODE: CIADM

I. / COPY

***********************************************************************

AIS: 00168490    INMATE: VAUGHN, ANTHONY KEITH       RACE: B  SEX: M

INSTITUTION: 241 # LEE                    JAIL CR: 00Y00M14D

DOB: ███████      SSN: 000 00 0000

ADM DT: 04/01/92    DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMMITMENT # SPLIT SENTENCE    STAT: NEW COMMITMENT # SPLIT SENTENCE

CURRENT CUST: OTW 5    CURRENT CUST DT: 04/01/92    PAROLE REVIEW DT:

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

| COUNTY | SENT DT  CASE NO  CRIME | JL CR  TERM |
|--------|--------------------------|-------------|
| LEE | 04/01/92 N92000107 ROBBERY II | 0014D 003Y 00M 00D CS |
|  | 5YRS PROBATION |  |
|  | COURT COSTS  : $0000230   FINES : $0000000 | RESTITUTION : $0000145 |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | LONG DATE |
|------------|------------|---------------|-----------|
| 003Y 00M 00D | 03/16/1995 | 000Y 00M 00D | 03/16/1995 |

INMATE LITERAL: SERVE MAX 180DAYS BC
:***********************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS

:***********************************************************************

ESCAPEE PAROLE SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

:***********************************************************************

DISCIPLINARY SUMMARY
    INMATE CURRENTLY HAS NO DISCIPLINARY RECORDS

JP232

ALA /MA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 07/21/92

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 00168490    INMATE: VAUGHN, ANTHONY KEITH          RACE: B   SEX: M

INSTITUTION: 241 █ LEE                          JAIL CR: 00Y00M14D

DOB: ████████        SSN: 000█00█0000

ADM DT: 04/01/92    DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMMITMENT █ SPLIT SENTENCE    STAT: NEW COMMITMENT █ SPLIT SENTENCE

CURRENT CUST: OTW█5    CURRENT CUST DT: 04/01/92    PAROLE REVIEW DT:

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

COUNTY      SENT DT  CASE NO     CRIME                    JL█CR      TERM
LEE         04/01/92N92000107 ROBBERY II                  00140 003Y 00M 00D CS
                              5YRS PROBATION
            COURT COSTS  : $0000230    FINES : $0000000   RESTITUTION : $0000145

TOTAL TERM      MIN REL DT      GOOD TIME BAL    LONG DATE
003Y 00M 00D    03/16/1995      000Y 00M 00D     03/16/1995

INMATE LITERAL: SERVE MAX 180DAYS BC
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER█WARRANT RECORDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SCAPEE█PAROLE SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ISCIPLINARY SUMMARY
    INMATE CURRENTLY HAS NO DISCIPLINARY RECORDS

## INDIVIDUAL'S PERSONAL EFFECTS

In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME Vaughn, Anthony

SEARCHED BY Evebat

TIME 1300    DATE Feb 4, 92

MONEY $ No Money

ARTICLES BY NAME 2 Ear Rings, Gold in Color
1 Belt

The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.

Signature Anthony K. Vaughn

Please Call:

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date 7-22-92

Signature: Anthony K. Vaughn

ACS359

ALABAMA JUDICIAL DATA CENTER
LEE COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 92 000107.00
JAMES T. GULLAGE

CIRCUIT COURT OF LEE COUNTY

COURT ORI: 043015 J

STATE OF ALABAMA    VS.

DC NO:

VAUGHN ANTHONY KEITH        ALIAS:
515 MARTIN LUTHER KING BL ALIAS:
OPELIKA AL  36801

G J:    000201
SSN:
SID:
AIS:

DOB: _____  SEX:    HT:        WT:        HAIR:        EYE:

RACE: ( )W (X)B ( )O    COMPLEXION: _____    AGE: ____    FEATURES: _____

DATE OFFENSE: 00/00/00    ARREST DATE: 01/03/92    ARREST ORI:

CHARGES & CONV          CITES          OFF CLASS: (X)A ( )B ( )C
ROBBERY 1ST DEGREE       13A-8-41

JUDGE: JAMES T. GULLAGE        PROSECUTOR: MYERS, RONALD L

PROBATION APPLIED    GRANTED    DATE    REARRESTED DATE    REVOKED   DATE

(X)Y( )N  2-7-92  ( )Y(X)N  4-1-92  ( )Y( )N _____  ( )Y( )N _____

ACT 754-76          IMPOSED    SUSPENDED    TOTAL    JAIL CREDIT
(X)Y ( )N  CONFINEMENT:  10 00 000  00 00 000  10 00 000  00 00 014
           PROBATION :  00 00 000            00 00 000

DATE SENTENCED: 02/07/92    SENTENCE BEGINS:    04/01/92

PROVISIONS                      COSTS/RESTITUTION

X COURT COSTS              RESTITUTION      ~~100.00~~ 95.00
X RESTITUTION              ATTORNEY FEE     _____
X CRIME VICTIM             CRIME VICTIMS    50.00
X RECOUPMENT               COST             230.00
X PENITENTIARY             FINE             _____
X SPLIT SENTENC
X BOOT CAMP                TOTAL            _____

APPEAL DATE      SUSPENDED      AFFIRMED        REARREST

( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

REMARKS:

Total Term of Conviction 10 years.  Sentence
is split and the defendant shall serve 3 years
in the penitentiary and then placed on prob.
for 5 years.  It is further ordered that the
defendant is to complete up to 180 days in the
Disciplinary Rehabilitation Program (Boot Camp),
on successful completion of which he is to be
returned to the court for probation hearing.

THIS IS TO CERTIFY THAT THE
ABOVE INFORMATION WAS EXTRACTED
FROM OFFICIAL COURT RECORDS AND
AND IS TRUE AND CORRECT.

_Annette Hardy_
ANNETTE HARDY

04/06/92

OPERATOR: LEW
PREPARED: 04/06/92



### LEE COUNTY SHERIFF'S DEPARTMENT

Fax Number  749-4835          Voice Phone Number (205)749-5651

*1-205-242-9399*

Date: *5-26-92*

From: *Major Cary Torbert*

To: *Lt. Cecil Atchinson DOC*

M     e     s     s     a     g     e     :

*Transcript on Vaughn, Anthony Keith*

To acknowledge:  *✓*  Yes          _____  No

Number of Pages (including cover sheet) *2*

# Exhibit A
# Inmate File of Anthony Keith Vaughn
# Part 3

```
ACS359                    ALABAMA JUDICIAL DATA CENTER
                                 LEE COUNTY
                            TRANSCRIPT OF RECORD
                             CONVICTION REPORT
                                              CC 92 000107.00
                                              JAMES T. GULLAGE
```

CIRCUIT COURT OF LEE COUNTY                    COURT ORI: 043015 J

STATE OF ALABAMA    VS.                        DC NO:

VAUGHN ANTHONY KEITH    ALIAS:           G J:      000201
515 MARTIN LUTHER KING BL ALIAS:         SSN:            0
OPELIKA  AL  36801                       SID:            0
                                         AIS:            0

DOB: ~~████~~    SEX:    HT:  0    WT:  0  HAIR:        EYE:

RACE: ( )W (X)B ( )O   COMPLEXION: _____  AGE: ____  FEATURES: _____

DATE OFFENSE: 00/00/00  ARREST DATE: 01/03/92  ARREST ORI:

        CHARGES @ CONV            CITES        OFF CLASS: (X)A ( )B ( )C
ROBBERY 1ST DEGREE            13A-8-41
                             00000000000000
                             00000000000000

JUDGE: JAMES T. GULLAGE            PROSECUTOR: MYERS, RONALD L

PROBATION APPLIED  GRANTED  DATE     REARRESTED DATE   REVOKED   DATE
(X)Y( )N  2-7-92  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

ACT 754-76              IMPOSED    SUSPENDED    TOTAL   JAIL CREDIT
(X)Y ( )N  CONFINEMENT: 10 00 000  00 00 000  10 00 000  00 00 014
           PROBATION  : 00 00 000             00 00 000

DATE SENTENCED: 02/07/92    SENTENCE BEGINS:    04/01/92

PROVISIONS                        COSTS/RESTITUTION

  X COURT COSTS                   RESTITUTION    _____
  X RESTITUTION                   ATTORNEY FEE   _____
  X CRIME VICTIM                  CRIME VICTIMS  _____
  X RECOUPMENT                    COST           _____
  X PENITENTIARY                  FINE           _____
  X SPLIT SENTENC                 MUNICIPAL FEES _____
  X BOOT CAMP                     DRUG FEES      _____

                                  TOTAL          _____

APPEAL DATE      SUSPENDED       AFFIRMED       REARREST
( )Y( )N        ( )Y( )N        ( )Y( )N       ( )Y( )N

REMARKS:                          THIS IS TO CERTIFY THAT THE
                                  ABOVE INFORMATION WAS EXTRACTED
Ordered to serve 180             FROM OFFICIAL COURT RECORDS AND
days Boot Camp. successfully     AND IS TRUE AND CORRECT.
then to be returned for
further prob. hearing            *Annette Hardy* (signature)

                                  ANNETTE HARDY

                                       07/21/92

OPERATOR: LEW
PREPARED: 07/21/92

**DAILY BOOKING SHEET**
**LEE COUNTY JAIL**
OPELIKA, ALABAMA

Security No. _____

Date 04-01-93   I.D. NO. 11631

Time 4:30 p.m.   Photo NO   FP N

Name VAUGHN Anthony KEITH   Race B  Sex M  Age 19  Eyes Bro  Hair Blk
(LAST)  (FIRST)

Ht. 5'1  Wt. 155  DOB _____   NCIC Check _____

Address 514 Martin Luther King Blvd  Opelika  Ala  36801  749-7502
STREET  APT.  CITY  STATE  ZIP

Made PX X Yes  X No ___  Reason ___   (S)M/T One threat

Next of Kin Dorothian Vaughn   Relationship Mother
___ ___ Opelika Ala  36801  (205) 749-7502

---

| STATE OF ALABAMA UNIFIED JUDICIAL SYSTEM LEE COUNTY FORM CC-30 | COMMITTAL TO CUSTODY | CASE NUMBER | | |
|---|---|---|---|---|
| | | ID | YR | Case No. |

State
_____, PLAINTIFF,

VS.

_____ DEFENDANT.

IN THE Circuit COURT OF

LEE COUNTY, ALABAMA

CASE NO. _____

The defendant, Anthony Vaughn is

hereby committed to the custody of the Sheriff of Lee County, Alabama for:

Probation denied   (Boot Camp)

Defendant's bond is hereby set at $ _____.

DONE this the 1 day of April, 19 93

James Gullage
JUDGE

BW

YES ___ NO ___

Signature of Person Arrested

ARRESTING OFFICER(S) From Court

BOOKING OFFICER Cpl V. Peal

I HAVE RECEIVED ALL PROPERTIES TAKEN FROM ME BY THE LEE CO. SHERIFFS DEPT.

DATE OF RELEASE _____

TIME OF RELEASE _____

Signature of Person Released

Signature of Released Officer

NAME VAUGHN (LAST)

INMATE REQUEST FORM

NAME: Anthony Vaughn DATE: 5-27-92

TELEPHONE CAL__ DOCTOR__ DENTIST__ TIME SHEET__

SPECIAL VISIT  PERSONAL PROBLEM  OTHER

BRIEFLY OUTLINE YOUR REQUEST. THEN GIVE TO JAILER

Jenn Major

        I Really need to talk to
you About my time I haven't heard Nothing I
Been here two month's waiting to go Boot Camp
please let me know something.

                                A.K.V

DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY

Sgt Roberson spoke to
Vaughn 5/27/92

ALL REQUEST WILL BE ROUTED THROUGH THE SHIFT SUPER-
VISOR OF THE JAIL THEN FORWARDED TO THOSE THE
REQUEST IS DIRECTED TO.

Corporal _____ Sergeant _____ MAJOR √ SHERIFF__
DATE: _____ TIME: _____

JAILER_____

## ALABAMA BOARD OF PARDONS AND PAROLES

### REPORT OF INVESTIGATION

Type of Investigation __Pre-Probation__  Date Dictated __3-26-92__

Name __ANTHONY KEITH VAUGHN__  True Name __Anthony Keith Vaughn__

Alias: __None__

RSA __B/M, 19__  DOB: ███████  Height and Weight __6'1"   160 lbs.__

Complexion __Dark__  Color or Hair __BLK__  Color of Eyes __BRO__

Bodily Marks __Scar on neck__

Driver's License # __Alabama 5831556__  SS# ███████

AIS# _____  FBI# __283 950 NA1__  SID# ███████

Address __514 Martin Luther King Ave.__  Phone # __205/749-7922__

__Opelika, AL  36801__

County __Lee__  Case # __CC-92-107__

Offense(s) __Robbery, II__

Sentence(s) __10 Years__

Date of Sentence __2-7-92__  Date Sentence began _____

Date of Arrest __1-3-92__  Date of Bond __1-17-92__  Bond Amt. $ __5,000__

Judge __James T. Gullage__  D.A. __Ron Myers__

Attorney __Thomas E. Jones__  Retained _____  Appointed __X__

Court Ordered Restitution $ __190.00__

Barred from Parole Yes _____  No __X__

Copies sent to Central Records _____ .
(date)

NOTES: __Jail Credit: 14 days__

_1-1-92 Ordered to Boot Camp._

PBF 203 (3/91)

<u>PRESENT OFFENSE</u>

<u>County, Court, and Case Number:</u>

Lee County Circuit Court, 92-107.

<u>Offense:</u>

Robbery, II.

<u>Sentence:</u>

10 Years.

<u>Date of Sentence:</u>

2-7-92.

<u>Details of Offense:</u>

On 8-20-91, the Opelika Police Dept. received a complaint of a Robbery that occurred at
409 Jeter Avenue in Opelika, Alabama. Officers responded to the call and met with the
victim, James Dowdell. Dowdell told Officers that a black male came to his door and asked
for a glass of water. Dowdell let him in and went to the kitchen to get the water,
followed by the black male. When Dowdell started back to the livingroom, he was grabbed
from the rear by the black male. Dowdell said they fought up the hall and back into the
livingroom. Dowdell said the black male pushed him into a chair a held him there. Dowdell
said only then did he see the second black male who went into the bedroom next to the
livingroom and started going through the dresser drawers and the chest of drawers. Dowdell
said the robbers took two pistols and 80 one-half dollar coins. Dowdell said both of the
robbers then ran from the front of the house. Dowdell went out the front door behind them
but did not see where they ran. Dowdell said when he got outside he saw his niece, Cynthia
Martin. Martin saw the two robbers run from the house in the direction of Jeter Park.
Cynthia described the two to Catherine Edwards who identified them by description as Keith
and "Moon Dog". Moon Dog is the street name of Robin LaCarris Clifton.

On 8-21-91, less than 30 minutes after the robbery, Robin Clifton was stopped at the
intersection of Samford Ave. and Samford Court, approximately four blocks from the scene
of the robbery. Clifton voluntarily consented to a search of his vehicle. Found in the
car was a brown wallet that contained a driver's license and other identification belonging
to Anthony Keith VAUGHN. VAUGHN was not in the vehicle at the time. Nothing was seized
from the vehicle at that time. Clifton was released and left the area.

On 8-21-91, Detective Abernathy met with James Dowdell at the Opelika Police Dept. Dowdell
was shown two photographic lineups of similar black males. Dowdell positively identified
the photograph of Anthony Keith VAUGHN as one of the robbers from the first lineup and
tentatively identified the photograph of Robin LaCarris Clifton, aka Moon Dog, from the
second lineup. Detective Jim Murphy then showed the lineup to Catherine Edwards who iden-
tified the photograph of Anthony Keith VAUGHN as the person she saw with Robin Clifton in
Jeter Park earlier in the evening.

On 8-22-91, James Dowdell signed a warrant for Robbery, II, on Anthony Keith VAUGHN.

On 1-3-92, Anthony Keith VAUGHN was arrested on the warrant signed by James Dowdell.
VAUGHN was advised of his Rights which he stated he understood and waived. VAUGHN confessed
to his involvement in the Robbery and named Robin LaCarris Clifton, alias Moon Dog, as the
other person involved in the Robbery.

Subject's Statement:

"In August of 1991, I was staying across town and a guy named Robin came and got me. He
said, 'Let's go and get some beer.' So we went and got some beer and then went to the top
of Jeter Park. We drank some beer and then he said, 'Let's get a dollar shot of whiskey.'
I then walked with him to get the whiskey. We went inside a man's house, got two dollar
shots, and got ready to leave. Robin then hit the man to the floor and told me to hold
him and I did. I then heard a car coming and I left."

Case Status of Co-defendants:

Robin LaCarris Clifton pled guilty on 2-6-92 to the offense of Robbery, II. He was sen-
tenced to 12 years in the state penitentiary. A probation hearing has been scheduled for
4-1-92.

Victim notification Information:

The victim in this case is James Dowdell.

Victim Impact:

Although a Victim's Impact Report has been mailed to the victim, no response has been re-
ceived as of this date.

Location of Offense:

Opelika, Alabama.

Court Ordered Restitution:

$190.00.

RECORD OF ARREST(S)

Prior Arrest Record:

| 5-15-90 | Lee Co. Juv Ct | Ungovernable Behavior | Adjudicated CHINS, placed on probation |
|---------|----------------|------------------------|----------------------------------------|
| 7-12-90 | Lee Co. Juv Ct | CHINS Violation | Adjudicated CHINS, released into the care, custody, & control of his mother; he shall remain under "In-house Arrest" & on probation w/the Juvenile Court until further order of the Court |
| 7-22-91 | Opelika PD | Public Intoxication | $94.00 |
| 7-22-91 | Opelika PD | Poss. of Marijuana | $244.00 & 30 days; susp. days, 2 Yrs probation |

Subsequent Arrest Record:

None found.

## PHYSICAL AND MENTAL HEALTH

VAUGHN claims no physical or mental disabilities. He admits to the use of marijuana for one year (1991, smoking marijuana on a monthly basis). He states that drugs are not a problem for him. VAUGHN admits to the occasional consumption of alcoholic beverages but denies having a drinking problem.

## PROBATION AND PAROLE OFFICER'S REMARKS

According to character reference letters received in my office, VAUGHN is described as a young man who is easily influenced by others. He is also described as a giving and free-hearted young man.

According to records received from Opelika High School, VAUGHN'S academic achievement and attendance were described as poor.

Due to the nature of VAUGHN'S offense, he does not appear to be a good candidate for probation.

## PROBATION PLAN

Home Situation:

If granted probation, VAUGHN proposes to continue residence with his cousin, Kim Billingsley, at 514 Martin Luther King Ave., Opelika, AL  36801.

Employment:

VAUGHN is currently unemployed but seeking employment.


Signed and Dated at Opelika, Alabama, the 27th day of March, 1992.


_Donnelle Thompson_
Donnelle Thompson
Alabama Probation & Parole Officer

DT/brl

-4-

# LEE COUNTY JAIL
## APPROVED VISITORS LIST

Inmate's Name ___ Vaughn, Anthony ___ R&S ___ NO. ___ E-3

| | Relationship | Name | Age | Address |
|---|---|---|---|---|
| 1 | ~~Deothea Vaughn~~ | | | |
| 2 | Mom | Deothea Vaughn | 37 | 112 Chester Ave |
| 3 | Sister | Felicia Vaughn | 16 | 117 Chester Ave |
| 4 | Brother | Marquez Vaughn | 12 | 117 Chester Ave |
| 5 | friend | Bridgete Jones | 20 | Jeter Street |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |

(Make Record of Each Visit by Number and on Back of Card)

# STATE OF ALABAMA
## BOARD OF PARDONS AND PAROLES
### Montgomery, Alabama

### ORDER OF PROBATION AND PAROLE OFFICER

### AUTHORIZING ARREST OF PROBATION VIOLATOR

TO SHERIFF OF ___LEE___ COUNTY OR ANY LAWFUL OFFICER

OF THE STATE OF ALABAMA

___ANTHONY KEITH VAUGHN___ Court No. ___CC#92-107___ who was

Convicted in ___Lee___ County of the offense of ___Robbery, II___

and who was sentenced to a term of ___ten (10)___ years in

the penitentiary or to Hard Labor for the county and who was granted probation on ___10-6-92___

___ for a period of ___three (3)___ years

has in the judgment of the undersigned probation and parole officer violated the conditions of his

probation. Therefore, by virtue of the authority vested in me by Title 15-22-54, Code of Alabama,

1975, as amended, you are hereby given this written authority to take the said ___

___ANTHONY KEITH VAUGHN___ into your custody and hold him for the further order

of the Judge of the Circuit Court of ___Lee___ County.

Dated at ___Opelika___ Alabama, this the ___18th___ day of ___December___

19 ___92___ .

_Donnelle Thompson_
Probation and Parole Officer

BM; DOB: ████
Address: 117 Chester Avenue
Opelika, Al.

PB Form 209
Revised 5/31/82

# INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME _Anthony K. Vaughn_

SEARCHED BY _J. Doe_

TIME _320 Pm_     DATE _03 Jan 92_

MONEY $ _0_

ARTICLES BY NAME _2 earrings, 2 necklaces, watch_
_tattoun, belt_

The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.

       Signature _Anthony K. Vaughn_

Please Call

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

     On this date _1/17/92_

     Signature: X _Anthony Vaughn_

```
                          LEE COUNTY SHERIFF'S OFFICE
04/18/2005    19:51:39      INMATE BOOKING SHEET                 PAGE    1
================================================================================
BOOKING NO: 050001749

INMATE NAME: VAUGHN ANTHONY KEITH
     ALIAS:                                   RACE: B      SEX: M
     ALIAS:                                   HT: 6'01"   HAIR: BLK
   ADDRESS: #18 RAINBOW T.P.                  WT: 190     EYES: BRO
CITY/ST/ZIP: OPELIKA, AL 36801           COMPLEX: BLK
HOME PHONE: 334-                             SSN:
      DOB:             AGE:  32           DL ST:
 PLCE BIRTH: OPELIKA
```

| | | CASE NUMBER | | |
|---|---|---|---|---|
| STATE OF ALABAMA UNIFIED JUDICIAL SYSTEM FORM CC-30 | COMMITTAL TO CUSTODY | ID | YR | Case No. |

| | | |
|---|---|---|
| State of Alabama Unified Judicial System<br><br>Form C-42    Rev 6/88 | **ORDER OF RELEASE FROM JAIL** | Case Number<br>CS 96-167<br>01-086 |

IN THE _____DISTRICT_____ COURT OF _____LEE_____ COUNTY

STATE OF ALABAMA      v. ___Anthony K. Vaughn___

**TO THE JAILER WITH CUSTODY OF THE DEFENDANT**

You are ordered to release from your custody the above named defendant, charged with the offense of _____
___CONTEMPT OF COURT - CHILD SUPPORT___

Reason for Release ___Set for review- 6-20-05; Referred to Career Links___

Date _2nd_ May 2005                              By: _____

COURT RECORD  (Original)     JAILER   (Copy)     Judge/Clerk

DONE this the __21__ day of __April__, _____

                                                 _____
                                                 JUDGE

```
  BIN NUMBER: 48
VEH IMPOUNDED:
  IMPOUND LOT:
    REMARKS: NO INFO OF A VEHICLE
    REMARKS:
================================================================================
```

I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _Anthony K. Vaughn_     DATE: _4/_     TIME: _____

BOOK OFFICER: _____     DATE: _4/18_     TIME: _____

```
                          LEE COUNTY SHERIFF'S OFFICE
04/18/2005    19:51:39        INMATE BOOKING SHEET                   PAGE    2
===============================================================================
BOOKING NO: 050001749     INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
        COURT:                       ATTORNEY ON REC:
        JUDGE:                              PHONE: 000-000-0000
      REMARKS:
      REMARKS:
-------------------------------------------------------------------------------
    BOOK DATE: 04/18/2005  BOOK TIME: 19:42  BOOK TYPE: NORMAL
-------------------------------------------------------------------------------
  ARREST DATE: 04/18/2005      BOOKING OFFICER: THOMAS D34
  ARREST DEPT: LCSO            CELL ASSIGNMENT: D4
ARRST OFFICER: SGT BLACK            MEAL CODE: 01   LEE COUNTY
PROJ. RLSDATE: 00/00/0000            FACILITY: 01   COUNTY JAIL
 SEARCH OFFCR: CPL COWHICK       CLASSIFICATION:
  TYPE SEARCH: DRESSED OUT        WORK RELEASE: N
INTOX RESULTS: SOBER

        HOLDS: N
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:

        NOTES:
        NOTES:
        NOTES:
```

```
                          LEE COUNTY SHERIFF'S OFFICE
04/18/2005    19:51:39            INMATE CHARGE SHEET              PAGE    3
============================================================================
BOOKING NO: 050001749      INMATE NAME: VAUGHN ANTHONY KEITH
============================================================================
    CHARGE NO:   1 DISPOSITION: OPEN              HOLD: N

ALA STATUTE:                        # OF COUNTS:   1
    OFFENSE: FTA/C/S                   WARRANT #: CS 01 86.00
      CASE #:
    BOND AMT: NO BOND                       FINE:   $10,920.18
    BAIL AMT:
INIT APPEAR: 00/00/0000             SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005               ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                    COUNTY: LEE
      COURT:                               JUDGE:
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
----------------------------------------------------------------------------
    CHARGE NO:   2 DISPOSITION: OPEN              HOLD: N

ALA STATUTE:                        # OF COUNTS:   1
    OFFENSE: FTA/C/S                   WARRANT #: CS 96 167.01
      CASE #:
    BOND AMT: NO BOND                       FINE:   $27,613.26
    BAIL AMT:
INIT APPEAR: 00/00/0000             SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005               ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                    COUNTY: LEE
      COURT:                               JUDGE:
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
----------------------------------------------------------------------------
    CHARGE NO:   3 DISPOSITION: OPEN              HOLD: N

ALA STATUTE:                        # OF COUNTS:   1
    OFFENSE: FTA/DVIII                 WARRANT #: CC 04 220
      CASE #:
    BOND AMT: NO BOND                       FINE:      $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000             SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005               ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                    COUNTY: LEE
      COURT:                               JUDGE:
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
----------------------------------------------------------------------------
```

```
                       LEE COUNTY SHERIFF'S OFFICE
04/18/2005   19:51:39        INMATE CHARGE SHEET                 PAGE    4
============================================================================
BOOKING NO: 050001749      INMATE NAME: VAUGHN ANTHONY KEITH
============================================================================
   CHARGE NO:   4  DISPOSITION: OPEN              HOLD: N

ALA STATUTE:                       # OF COUNTS:   1
    OFFENSE: FTA/DV III              WARRANT #: CC 04 221
     CASE #:
    BOND AMT: NO BOND                    FINE:       $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000        SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005          ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK               COUNTY: LEE
      COURT:                          JUDGE:
DEF ATTORNY:                   DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
----------------------------------------------------------------------------
```

LEE COUNTY SHERIFF'S OFFICE
04/18/2005    19:51:39    MEDICAL SCREENING FORM                              PAGE 1
=====================================================================================
Booking No: 050001749  Date: 04/18/2005   Time: 19:42   Type: NORMAL
Agency to Bill: LEE COUNTY                 Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH                  Race: B        Sex: M
      DOB: ████████  Age:  32  SSN: ████████  Height: 6'01"  Weight: 190
-------------------------------------------------------------------------------------

1.  Is inmate unconscious?

2.  Does inmate have any visible signs of trauma, illness, obvious pain
    and bleeding, requiring immediate emergency or doctor's care?

3.  Is there obvious fever, swollen lymph nodes, jaundice or other
    evidence of infection that might spread through the facility?

4.  Any signs of poor skin condition, vermin, rashes or needle marks?

5.  Does inmate appear to be under the influence of drugs or alcohol?

6.  Any visible signs of alcohol or drug withdrawal?

7.  Does inmate's behavior suggest the risk of suicide or assault?

8.  Is inmate carrying any medication?

9.  Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family
    ever had any of the following?

    a. Allergies        f. Fainting Spells        k. Seizures

    b. Arthritis        g. Hearing Condition      l. Tuberculosis

    c. Asthma           h. Hepatitis              m. Ulcers

    d. Diabetes         i. High Blood Pressure    n. Venereal Disease

    e. Epilepsy         j. Psychiatric Disorder   o. Other (Specify)


Other: _____

       _____

       _____

12. For females only:

        a. Are you pregnant?

        b. Do you take birth control pills?

        c. Have you recently delivered?

LEE COUNTY SHERIFF'S OFFIC.
04/18/2005    19:51:39    MEDICAL SCREENING FORM                    PAGE 2
=========================================================================
Booking No: 050001749  Date: 04/18/2005  Time: 19:42  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B        Sex: M
    DOB: ██████████ Age:  32  SSN: ██████████ Height: 6'01"  Weight: 190
-------------------------------------------------------------------------

13.  Have you recently been hospitalized or treated by a doctor?

14.  Do you currently take any non-prescription medication or medication
     prescribed by a doctor?

15.  Are you allergic to any medication?

16.  Do you have any handicaps or conditions that limit activity?

17.  Have you ever attempted suicide or are you thinking about it now?

18.  Do you regularly use alcohol or street drugs?

19.  Do you have any problems when you stop drinking or using drugs?

20.  Do you have a special diet prescribed by a physician?

21.  Do you have any problems or pain with your teeth?

22.  Do you have any other medical problems we should know about?

_____

_____

_____

_____

_____

_____

_____

_____

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE:_____   DATE:_____   TIME:_____

BOOK OFFICER:_____   DATE:_____   TIME:_____

```
                              LEE COUNTY SHERIFF'S OFFICE
07/07/2004    14:31:24        INMATE RELEASE SHEET                    PAGE    1
================================================================================
BOOKING NO: 040003167

INMATE NAME: VAUGHN ANTHONY KEITH
        ALIAS:                              RACE: B      SEX: M
        ALIAS:                                HT: 6'01"  HAIR: BLK
      ADDRESS: 1301 YORK AVE #18              WT: 180    EYES: BRO
  CITY/ST/ZIP: OPELIKA, AL 36801         COMPLEX: BLK
   HOME PHONE: 334-█████████                  SSN: ████████████
          DOB: ████████      AGE:  31       DL ST:              DLN:
   PLCE BIRTH: OPELIKA                         SID:
        STATE: AL                            LOCID: 10631
    M. STATUS: SINGLE
     RELIGION: BAPT
   GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
      REMARKS:
------------------------------ NEXT OF KIN ------------------------------------
  NEXT OF KIN: DOROTHY VAUGHN              RELATIONSHIP: MOTHER
      ADDRESS: 131 LEE RD 180                     PHONE: 334-749-5414
  CITY/ST/ZIP: OPELIKA, AL 36804
      REMARKS:
----------------------------- EMPLOYER INFO -----------------------------------
```

JUL-07-2004  15:01           LEE CO. DA CHILD SUPPORT

---

334 745 0266    P.02/02

**State of Alabama Unified Judicial System**

Form C-42     Rev 6/88

# ORDER OF RELEASE FROM JAIL

Case Number
CS 96-167
CS 01-086

IN THE _____District_____

STATE OF ALABAMA     v. _____Anthony K. Vaughn_____

COURT OF _____Lee_____ COUNTY

**TO THE JAILER WITH CUSTODY OF THE DEFENDANT**

You are ordered to release from your custody the above named defendant, charged with the offense of
Contempt of Court - Child Support

Reason for Release  Two in place - Set for Review 8.16.04

... 7 July 2004

_____Russell K. Bush_____     By: __DRE__

VEH IMPOUNDED:
 IMPOUND LOT:
    REMARKS:
    REMARKS:                                      TOTAL P.02

================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _Anthony Vaughn_      DATE: _7-7-04_   TIME: _2:35 pm_

BOOK OFFICER: _Evans_          DATE: _____   TIME: _____

```
                                    LEE COUNTY SHERIFF'S OFFICE
07/07/2004     14:31:24              INMATE RELEASE SHEET                     PAGE      2
================================================================================
BOOKING NO: 040003167          INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
          COURT: 7/27/04 @ 9AM          ATTORNEY ON REC:
          JUDGE:                             PHONE: 000-000-0000
        REMARKS:
        REMARKS:
--------------------------------------------------------------------------------
     BOOK DATE: 07/04/2004   BOOK TIME: 07:17   BOOK TYPE: NORMAL
--------------------------------------------------------------------------------
   ARREST DATE: 07/04/2004          BOOKING OFFICER: C B MOORE
   ARREST DEPT: LCSO                CELL ASSIGNMENT:
 ARRST OFFICER: MITCHELL                MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000               FACILITY: 01   COUNTY JAIL
 SEARCH OFFCR: JUKES                CLASSIFICATION:
  TYPE SEARCH: DRESS                 WORK RELEASE: N
 INTOX RESULTS: SOBER

        HOLDS: N
       AGENCY:                     REASON:
       AGENCY:                     REASON:
       AGENCY:                     REASON:
       AGENCY:                     REASON:

        NOTES:
        NOTES:
        NOTES:
================================================================================
   RELEASE DATE: 07/07/2004   RELEASE TIME: 14:30    # DAYS SERVED:      4

RELEASE OFFICER: EVANS
   RELEASE TYPE: ORDER OF RELEASE
        REMARKS: NCIC CLEARED BY STACY
        REMARKS: COURT DATE AUGUST 16,2004@0800
        REMARKS: RECIEVED ALL PROPERTY
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.
```

INMATE: _Anthony Vaughn_       DATE: 7-7-04    TIME: 2:35 pm

BOOK OFFICER: _Evans_          DATE: _____    TIME: _____

```
                         LEE COUNTY SHERIFF'S OFFICE
07/07/2004    14:31:24    INMATE CHARGE SHEET                  PAGE    3
=================================================================================
BOOKING NO: 040003167      INMATE NAME: VAUGHN ANTHONY KEITH
=================================================================================
  CHARGE NO:  1  DISPOSITION: RELEASED           HOLD: N

ALA STATUTE: CS-2001-86              # OF COUNTS:   1
    OFFENSE: FTA/CS                    WARRANT #: CS-2001-86
     CASE #:
    BOND AMT:                             FINE:        $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 07/07/2004
ARREST DATE: 07/04/2004              ARST AGENCY: LCSO
ARST OFFICR: MITCHELL                    COUNTY: LEE
      COURT: DISTRICT                     JUDGE: LANE
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY D19
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
  CHARGE NO:  2  DISPOSITION: RELEASED           HOLD: N

ALA STATUTE: CS-1996-167.01          # OF COUNTS:   1
    OFFENSE: FTA/CS                    WARRANT #: CS-1996-167.01
     CASE #:
    BOND AMT:                             FINE:        $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 07/07/2004
ARREST DATE: 07/04/2004              ARST AGENCY: LCSO
ARST OFFICR: MITCHELL                    COUNTY: LEE
      COURT: DISTRICT                     JUDGE: BUSH
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY D19
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

```
                             LEE COUNTY SHERIFF'S OFFICE
7/04/2004    07:41:42           INMATE BOOKING SHEET                    PAGE    1
==============================================================================
OOKING NO: 040003167

NMATE NAME: VAUGHN ANTHONY KEITH                    RACE: B      SEX: M
     ALIAS:                                           HT: 6'01"  HAIR: BLK
     ALIAS:                                           WT: 180    EYES: BRO
   ADDRESS: 1301 YORK AVE #18                     COMPLEX: BLK
ITY/ST/ZIP: OPELIKA, AL 36801                        SSN:
HOME PHONE: 334-                                    DL ST:              DLN:
      DOB:            AGE:  31                        SID:
PLCE BIRTH: OPELIKA                                 LOCID: 10631
     STATE: AL
 M. STATUS: SINGLE
  RELIGION: BAPT
GANG ASSOC: NO
CARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
NOWN ENEMIES: NONE
    REMARKS:
---------------------------- NEXT OF KIN ------------------------------
 NEXT OF KIN: DOROTHY VAUGHN           RELATIONSHIP: MOTHER
    ADDRESS: 131 LEE RD 180                   PHONE: 334-749-5414
 CITY/ST/ZIP: OPELIKA, AL 36804
    REMARKS:
---------------------------- EMPLOYER INFO ----------------------------
   EMPLOYED: Y
MPLOYER NAME: CITY OF OPELIKA
    ADDRESS:
 CITY/ST/ZIP: OPELIKA, AL 36801
     PHONE: 000-000-0000
---------------------------- MEDICAL ----------------------------------
 HANDICAPPED: N   NEEDS: N
    GLASSES: N   SMOKE: N
MEDICAL NEEDS: N   NEEDS:
  PHYSICIAN:                          PHONE: 000-000-0000
    REMARKS:

    REMARKS:
    REMARKS:
---------------------------- PROPERTY ---------------------------------
      CASH:      $00.42
 DESCRIPTION: COINS
ADD. PROPERTY: BELT, CHECK STUBS, DRIVER'S MANUAL, DOUBLEMINT GUM, WATCH
ADD. PROPERTY: SILVER IN COLOR, BLK WALLET W/MISC PAPERS
ADD. PROPERTY:
  BIN NUMBER: 131
VEH IMPOUNDED:
 IMPOUND LOT:
    REMARKS:
    REMARKS:
==============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____  DATE: _____   TIME: _____

BOOK OFFICER: _____  DATE: 7/4/04    TIME: _____
```

```
                          LEE COUNTY SHERIFF'S OFFICE
/04/2004    07:41:42        INMATE BOOKING SHEET                    PAGE    2
===========================================================================
OKING NO: 040003167      INMATE NAME: VAUGHN ANTHONY KEITH
===========================================================================
        COURT: 7/27/04 @ 9AM          ATTORNEY ON REC:
        JUDGE:                            PHONE: 000-000-0000
      REMARKS:
      REMARKS:
---------------------------------------------------------------------------
   BOOK DATE: 07/04/2004  BOOK TIME: 07:17  BOOK TYPE: NORMAL

 ARREST DATE: 07/04/2004        BOOKING OFFICER: C B MOORE
 ARREST DEPT: LCSO              CELL ASSIGNMENT: F5
RST OFFICER: MITCHELL               MEAL CODE: 01   LEE COUNTY
OJ. RLSDATE: 00/00/0000              FACILITY: 01   COUNTY JAIL
EARCH OFFCR: JUKES              CLASSIFICATION:
 TYPE SEARCH: DRESS              WORK RELEASE: N
TOX RESULTS: SOBER

       HOLDS: N
      AGENCY:                   REASON:
      AGENCY:                   REASON:
      AGENCY:                   REASON:
      AGENCY:                   REASON:

       NOTES:
       NOTES:
       NOTES:
```

```
                              LEE COUNTY SHERIFF'S OFFICE
07/04/2004    07:41:42           INMATE CHARGE SHEET                    PAGE    3
==============================================================================
BOOKING NO: 040003167      INMATE NAME: VAUGHN ANTHONY KEITH
==============================================================================
   CHARGE NO:   1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS-2001-86               # OF COUNTS:   1
    OFFENSE: FTA/CS                     WARRANT #: CS-2001-86
     CASE #:
   BOND AMT:                              FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 07/04/2004             ARST AGENCY: LCSO
ARST OFFICR: MITCHELL                   COUNTY: LEE
      COURT: DISTRICT                    JUDGE: LANE
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------------
   CHARGE NO:   2  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS-1996-167.01           # OF COUNTS:   1
    OFFENSE: FTA/CS                     WARRANT #: CS-1996-167.01
     CASE #:
   BOND AMT:                              FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 07/04/2004             ARST AGENCY: LCSO
ARST OFFICR: MITCHELL                   COUNTY: LEE
      COURT: DISTRICT                    JUDGE: BUSH
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------------
```

LEE COUNTY SHERIFF'S OFFICE
MEDICAL SCREENING FORM

07/04/2004    07:41:43                                              PAGE 1

=========================================================================
Booking No: 040003167  Date: 07/04/2004  Time: 07:17  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH                 Race: B        Sex: M
    DOB: ████████  Age: 31  SSN: ████████    Height: 6'01"  Weight: 180
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1.   Is inmate unconscious?

2.   Does inmate have any visible signs of trauma, illness, obvious pain
     and bleeding, requiring immediate emergency or doctor's care?

3.   Is there obvious fever, swollen lymph nodes, jaundice or other
     evidence of infection that might spread through the facility?

4.   Any signs of poor skin condition, vermin, rashes or needle marks?

5.   Does inmate appear to be under the influence of drugs or alcohol?

6.   Any visible signs of alcohol or drug withdrawal?

7.   Does inmate's behavior suggest the risk of suicide or assault?

8.   Is inmate carrying any medication?

9.   Does the inmate have any physical deformities?

10.  Does inmate appear to have psychiatric problems?

11.  Do you have or have you ever had or has anyone in your family
     ever had any of the following?

     a. Allergies        f. Fainting Spells       k. Seizures

     b. Arthritis        g. Hearing Condition     l. Tuberculosis

     c. Asthma           h. Hepatitis             m. Ulcers

     d. Diabetes         i. High Blood Pressure   n. Venereal Disease

     e. Epilepsy         j. Psychiatric Disorder  o. Other (Specify)


Other:  _____

        _____

        _____


12.  For females only:

         a. Are you pregnant?

         b. Do you take birth control pills?

         c. Have you recently delivered?

LEE COUNTY SHERIFF'S OFFICE
07/04/2004    07:41:43    MEDICAL SCREENING FORM    PAGE 2
==================================================================
Booking No: 040003167  Date: 07/04/2004  Time: 07:17  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B        Sex: M
    DOB: ⬛⬛⬛⬛⬛  Age:  31  SSN: ⬛⬛⬛⬛⬛  Height: 6'01"  Weight: 180
------------------------------------------------------------------

13. Have you recently been hospitalized or treated by a doctor?

14. Do you currently take any non-prescription medication or medication prescribed by a doctor?

15. Are you allergic to any medication?

16. Do you have any handicaps or conditions that limit activity?

17. Have you ever attempted suicide or are you thinking about it now?

18. Do you regularly use alcohol or street drugs?

19. Do you have any problems when you stop drinking or using drugs?

20. Do you have a special diet prescribed by a physician?

21. Do you have any problems or pain with your teeth?

22. Do you have any other medical problems we should know about?

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____    DATE: _____    TIME: _____

BOOK OFFICER: _____    DATE: 7/4/04    TIME: _____

```
                        LEE COUNTY SHERIFF'S OFFICE
02/10/2004      16:11:32      INMATE RELEASE SHEET              PAGE    1
================================================================================
BOOKING NO: 040000597

INMATE NAME: VAUGHN ANTHONY KEITH
       ALIAS:                                   RACE: B      SEX: M
       ALIAS:                                   HT: 6'01"  HAIR: BLK
     ADDRESS: 305 JETER AVE.                    WT: 180    EYES: BRO
  CITY/ST/ZIP: OPELIKA, AL 36801             COMPLEX: BLK
  HOME PHONE: 334-██████                        SSN: ████████
         DOB: ████████ AGE:  31              DL ST:            DLN:
  PLCE BIRTH: OPELIKA                           SID:
       STATE: AL                              LOCID: 10631
  M. STATUS: MARRIED
    RELIGION: NA
  GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
     REMARKS:
------------------------------ NEXT OF KIN ------------------------------
  NEXT OF KIN: DOROTHY VAUGHN            RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                    PHONE: 334-749-5414
  CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
----------------------------- EMPLOYER INFO -----------------------------
```

| State of Alabama Unified Judicial System | **ORDER OF RELEASE FROM JAIL** | Case Number |
|---|---|---|
| Form C-42    Rev 6/88 | | CS 01-086 CS 96-167-01 |

IN THE _District_ _____ COURT OF _Lee_ _____ COUNTY

STATE OF ALABAMA   v. _____ _Anthony K. Vaughn_ _____

TO THE JAILER WITH CUSTODY OF THE DEFENDANT

You are ordered to release from your custody the above named defendant, charged with the offense of _____ _Contempt of Court - Child Support_

Reason for Release _Paid Partial Purge + Set for Review 4-5-04_

Date _10 February 2004_ _____   By: _____
        COURT RECORD   (Original)     JAILER   (Copy)     Judge/Clerk

```
VEH IMPOUNDED:
  IMPOUND LOT:
     REMARKS:
     REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE X _Anthony K. Vaughn_     DATE: _____   TIME: _____

BOOK OFFICER _Moore_          DATE: 2/10/04   TIME: _____
```

```
                           LEE COUNTY SHERIFF'S OFFICE
02/10/2004    16:11:32         INMATE RELEASE SHEET                    PAGE      2
=================================================================================
BOOKING NO: 040000597    INMATE NAME: VAUGHN ANTHONY KEITH
=================================================================================
         COURT:                    ATTORNEY ON REC:
         JUDGE:                          PHONE: 000-000-0000
       REMARKS:
       REMARKS:
---------------------------------------------------------------------------------
   BOOK DATE: 02/04/2004  BOOK TIME: 07:11  BOOK TYPE: NORMAL

   ARREST DATE: 02/04/2004       BOOKING OFFICER: EVANS
   ARREST DEPT: LCSD             CELL ASSIGNMENT:
 ARRST OFFICER: KLOETI                 MEAL CODE: 01  LEE COUNTY
 PROJ. RLSDATE: 00/00/0000              FACILITY: 01  COUNTY JAIL
  SEARCH OFFCR: CPL.COBB          CLASSIFICATION:
   TYPE SEARCH: DRESSED            WORK RELEASE: N
 INTOX RESULTS: SOBER

       HOLDS: N
      AGENCY:                  REASON:
      AGENCY:                  REASON:
      AGENCY:                  REASON:
      AGENCY:                  REASON:

       NOTES:
       NOTES:
       NOTES:
=================================================================================
 RELEASE DATE: 02/10/2004  RELEASE TIME: 16:08   # DAYS SERVED:     7

RELEASE OFFICER: C B MOORE
   RELEASE TYPE: ORDER/FROM JAIL NCIC/
       REMARKS:  SHERRI
       REMARKS:
       REMARKS:
=================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X_____    DATE:_____  TIME:_____

BOOK OFFICER: CBmoore_____    DATE: 2/10/04 TIME:_____
```

```
                              LEE COUNTY SHERIFF'S OFFICE
02/10/2004    16:11:32           INMATE CHARGE SHEET                    PAGE    3
==================================================================================
BOOKING NO: 040000597     INMATE NAME: VAUGHN ANTHONY KEITH
==================================================================================
   CHARGE NO:   1  DISPOSITION: RELEASED              HOLD: N

ALA STATUTE: CS96-0167.01            # OF COUNTS:    1
     OFFENSE: FTA-CS                  WARRANT #: CS96-0167.01
      CASE #: CS-01-086/06-167.01
    BOND AMT: 000                          FINE:      $1,000.00
    BAIL AMT: 000
  INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
  RELEASE DTE: 02/10/2004
  ARREST DATE: 02/04/2004             ARST AGENCY: LCSD
  ARST OFFICR: KLOETI                     COUNTY: LEE
        COURT:                             JUDGE: BUSH
  DEF ATTORNY:                     DIST ATTORNEY:
     COMMENTS: PD. PARTIAL PURGE, REVIEW SET FOR 4/5/04
     COMMENTS:
     COMMENTS:
```

```
                          LEE COUNTY SHERIFF'S OFFICE
02/04/2004    07:23:06       INMATE BOOKING SHEET              PAGE    1
================================================================================
BOOKING NO:  040000597

INMATE NAME:  VAUGHN ANTHONY KEITH
       ALIAS:                              RACE: B      SEX: M
       ALIAS:                              HT: 6'01"    HAIR: BLK
     ADDRESS:  305 JETER AVE.              WT: 180      EYES: BRO
CITY/ST/ZIP:  OPELIKA, AL 36801        COMPLEX: BLK
 HOME PHONE:  334-                         SSN:
        DOB:               AGE:  31     DL ST:          DLN:
 PLCE BIRTH:  OPELIKA                      SID:
      STATE:  AL                         LOCID: 10631
   M. STATUS:  MARRIED
    RELIGION:  NA
  GANG ASSOC:  NO
SCARS/TATTOOS:  TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
```

| STATE OF ALABAMA UNIFIED JUDICIAL SYSTEM LEE COUNTY FORM CC-30 | COMMITTAL TO CUSTODY | CASE NUMBER | | |
|---|---|---|---|---|
| | | ID | YR | Case No. |

_State of Alabama_ ,
PLAINTIFF,

VS.

_Anthony K. Vaughn_ ,
DEFENDANT.

IN THE _District_ COURT OF

LEE COUNTY, ALABAMA

CASE NO. _CS 96-167_
_01-86_

The defendant, _Anthony K. Vaughn_ is

hereby committed to the custody of the Sheriff of Lee County, Alabama for:

_Contempt of Court - Child Support_

Defendant's bond is hereby set at $ _____.    Purge Amt: $1,000⁰⁰

DONE this the _6th_ day of _February_, _2004_.

_____
JUDGE

```
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.
```

INMATE: _X anthony K. Vaughn_     DATE: _2-4-04_    TIME: _7.25 AM_

BOOK OFFICER: _Grand_     DATE: _2-4-04_    TIME: _07.23_

```
                        LEE COUNTY SHERIFF'S OFFICE
02/04/2004    07:23:06      INMATE BOOKING SHEET                    PAGE    2
===========================================================================
BOOKING NO: 040000597    INMATE NAME: VAUGHN ANTHONY KEITH
===========================================================================
          COURT:                     ATTORNEY ON REC:
          JUDGE:                          PHONE: 000-000-0000
        REMARKS:
        REMARKS:
---------------------------------------------------------------------------
    BOOK DATE: 02/04/2004  BOOK TIME: 07:11  BOOK TYPE: NORMAL
```

```
   ARREST DATE: 02/04/2004       BOOKING OFFICER: EVANS
   ARREST DEPT: LCSD            CELL ASSIGNMENT: 05  04
ARRST OFFICER: KLOETI                MEAL CODE: 01  LEE COUNTY
PROJ. RLSDATE: 00/00/0000             FACILITY: 01  COUNTY JAIL
  SEARCH OFFCR: CPL.COBB         CLASSIFICATION:
  TYPE SEARCH: DRESSED           WORK RELEASE: N
INTOX RESULTS: SOBER

         HOLDS: N
        AGENCY:              REASON:
        AGENCY:              REASON:
        AGENCY:              REASON:
        AGENCY:              REASON:

         NOTES:
         NOTES:
         NOTES:
```

```
                            EE COUNTY SHERIFF'S OFFICE
02/10/2004    16:03:49          INMATE CHARGE SHEET                    PAGE    1
================================================================================
BOOKING NO: 040000597      INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
   CHARGE NO:   1  DISPOSITION: RELEASED           HOLD: N

ALA STATUTE: CS96-0167.01              # OF COUNTS:    1
   OFFENSE: FTA-CS                      WARRANT #: CS96-0167.01
    CASE #: CS-01-086/06-167.01
  BOND AMT: 000                               FINE:    $1,000.00
  BAIL AMT: 000
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 02/10/2004
ARREST DATE: 02/04/2004              ARST AGENCY: LCSD
ARST OFFICR: KLOETI                       COUNTY: LEE
      COURT:                               JUDGE: BUSH
DEF ATTORNY:                       DIST ATTORNEY:
   COMMENTS: PD. PARTIAL PURGE, REVIEW SET FOR 4/5/04
   COMMENTS:
   COMMENTS:
```

```
                              LEE COUNTY SHERIFF'S OFFICE
02/04/2004    07:23:06        INMATE CHARGE SHEET                    PAGE    3
================================================================================
BOOKING NO: 040000597      INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
   CHARGE NO:   1  DISPOSITION: OPEN                  HOLD: N

ALA STATUTE: CS96-0167.01              # OF COUNTS:   1
    OFFENSE: FTA-CS                    WARRANT #: CS96-0167.01
      CASE #:
    BOND AMT: 000                           FINE:       $0.00
    BAIL AMT: 000
 INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 02/04/2004           ARST AGENCY: LCSD
 ARST OFFICR: KLOETI                    COUNTY: LEE
       COURT:                            JUDGE:
 DEF ATTORNY:                    DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:  Purge 1,000
--------------------------------------------------------------------------------
```

LEE COUNTY SHERIFF'S OFFICE

02/04/2004    07:23:07    MEDICAL SCREENING FORM    PAGE 1
=================================================================

Booking No: 040000597  Date: 02/04/2004  Time: 07:11  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL
-----------------------------------------------------------------
Inmate Name: VAUGHN ANTHONY KEITH              Race: B      Sex: M
    DOB: ████████ Age: 31  SSN: ████████  Height: 6'01"  Weight: 180
-----------------------------------------------------------------

1. Is inmate unconscious?

2. Does inmate have any visible signs of trauma, illness, obvious pain
   and bleeding, requiring immediate emergency or doctor's care?

3. Is there obvious fever, swollen lymph nodes, jaundice or other
   evidence of infection that might spread through the facility?

4. Any signs of poor skin condition, vermin, rashes or needle marks?

5. Does inmate appear to be under the influence of drugs or alcohol?

6. Any visible signs of alcohol or drug withdrawal?

7. Does inmate's behavior suggest the risk of suicide or assault?

8. Is inmate carrying any medication?

9. Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family
    ever had any of the following?

    a. Allergies          f. Fainting Spells        k. Seizures
    b. Arthritis          g. Hearing Condition      l. Tuberculosis
    c. Asthma             h. Hepatitis              m. Ulcers
    d. Diabetes           i. High Blood Pressure    n. Venereal Disease
    e. Epilepsy           j. Psychiatric Disorder   o. Other (Specify)

Other: Pains with Rt eye
       Takes laxatabs & @ protozone and other medications
       for eye injury

12. For females only:

    _____ a. Are you pregnant?

    _____ b. Do you take birth control pills?

    _____ c. Have you recently delivered?

LEE COUNTY SHERIFF'S OFFICE
02/04/2004    07:23:07    MEDICAL SCREENING FORM                    PAGE 2
===============================================================================
Booking No: 040000597  Date: 02/04/2004  Time: 07:11  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B        Sex: M
        DOB: ███████████  Age:  31  SSN: ██████████  Height: 6'01"  Weight: 180
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_yes_  13.  Have you recently been hospitalized or treated by a doctor?

_yes_  14.  Do you currently take any non-prescription medication or medication
            prescribed by a doctor?

_No_   15.  Are you allergic to any medication?

_No_   16.  Do you have any handicaps or conditions that limit activity?

_No_   17.  Have you ever attempted suicide or are you thinking about it now?

_No_   18.  Do you regularly use alcohol or street drugs?

_No_   19.  Do you have any problems when you stop drinking or using drugs?

_No_   20.  Do you have a special diet prescribed by a physician?

_yes_  21.  Do you have any problems or pain with your teeth?

_yes_  22.  Do you have any other medical problems we should know about?

            _I BEEN INJured ann Job And I Hav pains_
            _In Right Eye._

_____

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: _X anthony K Vaughn_          DATE: _2-4-04_    TIME: _7.25 am_

BOOK OFFICER: _Evans P_              DATE: _2-4-04_    TIME: _07.23_

```
                        LEE COUNTY SHERIFF'S OFFICE
03/03/2002    20:45:39      INMATE RELEASE SHEET                    PAGE      1
==================================================================================
BOOKING NO: 010003008

INMATE NAME: VAUGHN ANTHONY KEITH              RACE: B      SEX: M
      ALIAS:                                   HT: 6'01"  HAIR: BLK
      ALIAS:                                   WT: 180    EYES: BRO
    ADDRESS: 131 LEE RD 180              COMPLEX: BLK
CITY/ST/ZIP: OPELIKA, AL 36804              SSN:
 HOME PHONE: 334-█████████
       DOB: ███████████  AGE: 29        DL ST:            DLN:
 PLCE BIRTH: OPELIKA                        SID:
      STATE: AL                          LOCID: 10631
  M. STATUS:
   RELIGION:
 GANG ASSOC:
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES:
    REMARKS:
----------------------------- NEXT OF KIN -----------------------------------
 NEXT OF KIN: DOROTHY VAUGHN            RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                   PHONE: 334-749-0653
 CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
----------------------------- EMPLOYER INFO ----------------------------------
    EMPLOYED:
EMPLOYER NAME:
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
----------------------------- MEDICAL ---------------------------------------
  HANDICAPPED:     NEEDS:
     GLASSES:      SMOKE:
MEDICAL NEEDS:     NEEDS:
   PHYSICIAN:                    PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
----------------------------- PROPERTY --------------------------------------
        CASH:       $00.00
 DESCRIPTION:
ADD. PROPERTY: STREET CLOTHING, WALLETT, WATCH, EARRING, RAG, HAT, ROLLING-
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER:
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
==================================================================================
```

I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X _Anthony K. Vaugh_      DATE: 3/4/02   TIME: 0600

BOOK OFFICER: _Torbert 43032_     DATE: 3/4/02   TIME: 0600

```
                        LEE COUNTY SHERIFF'S OFFIC.
03/03/2002    20:45:39        INMATE RELEASE SHEET            PAGE     2
================================================================================
BOOKING NO: 010003008      INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
        COURT:                    ATTORNEY ON REC:
        JUDGE:                         PHONE: 000-000-0000
      REMARKS:
      REMARKS:
--------------------------------------------------------------------------------
    BOOK DATE: 07/06/2001  BOOK TIME: 19:12  BOOK TYPE: NORMAL
--------------------------------------------------------------------------------
   ARREST DATE: 07/06/2001     BOOKING OFFICER: GOSS
   ARREST DEPT: LCSD           CELL ASSIGNMENT:
 ARRST OFFICER: BASS                 MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000           FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR:                  CLASSIFICATION:
   TYPE SEARCH:                   WORK RELEASE:
 INTOX RESULTS:

        HOLDS: N
       AGENCY:               REASON:
       AGENCY:               REASON:
       AGENCY:               REASON:
       AGENCY:               REASON:

        NOTES:
        NOTES:
        NOTES:
================================================================================
   RELEASE DATE: 03/03/2002  RELEASE TIME: 20:45    # DAYS SERVED:   241

RELEASE OFFICER: SEABROOK
       REMARKS:
       REMARKS:
       REMARKS: TRANSPORTED TO KILBY FACILITY
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X anthony k. Vaughn____    DATE: _____   TIME: _____

BOOK OFFICER: Torbert 43D32____    DATE: _____   TIME: _____
```

```
                        LEE COUNTY SHERIFF'S OFFICE
03/03/2002    20:45:39        INMATE CHARGE SHEET                    PAGE    3
================================================================================
BOOKING NO: 010003008      INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
    CHARGE NO:  1  DISPOSITION: DROPPED          HOLD: N

ALA STATUTE:                          # OF COUNTS:   1
    OFFENSE: UNLAW POSS CONT SUB        WARRANT #:
       CASE #:
    BOND AMT: 20000                          FINE:      $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 00/00/0000             ARST AGENCY:
ARST OFFICR:                            COUNTY:
      COURT:                             JUDGE:
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS: NOL PROSSED 07-09-01/ NICK ABBET
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    CHARGE NO:  2  DISPOSITION: RELEASED         HOLD: N

ALA STATUTE:                          # OF COUNTS:   1
    OFFENSE: CERTAIN POSS FIREARM       WARRANT #:
       CASE #:
    BOND AMT: 20000                          FINE:      $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 03/03/2002
ARREST DATE: 00/00/0000             ARST AGENCY:
ARST OFFICR:                            COUNTY:
      COURT:                             JUDGE:
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY D09
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    CHARGE NO:  3  DISPOSITION: RELEASED         HOLD: N

ALA STATUTE: 013A-13-0004 (    -  )   # OF COUNTS:   1
    OFFENSE: NONSUPPORT-CHILD           WARRANT #:
       CASE #: CSO1-86
    BOND AMT: O                              FINE:      $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 03/03/2002
ARREST DATE: 07/17/2001             ARST AGENCY: LCSO
ARST OFFICR:                            COUNTY: LEE
      COURT:                             JUDGE: LANE
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY D09
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

```
                      LEE COUNTY SHERIFF'S OFFIC.
03/03/2002    20:45:39        INMATE CHARGE SHEET                    PAGE    4
===============================================================================
BOOKING NO: 010003008      INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
    CHARGE NO:   4  DISPOSITION: RELEASED            HOLD: N

ALA STATUTE: CC96-610                # OF COUNTS:   1
    OFFENSE: FTP/APPEAL                 WARRANT #:
     CASE #: CC96-610
    BOND AMT: 0                              FINE:      $404.30
    BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 03/03/2002
ARREST DATE: 02/13/2002             ARST AGENCY:
ARST OFFICR:                            COUNTY:
      COURT:                            JUDGE: HARPER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY D09
-------------------------------------------------------------------------------
    CHARGE NO:   5  DISPOSITION: DROPPED             HOLD: N

ALA STATUTE:                         # OF COUNTS:   1
    OFFENSE:                            WARRANT #:
     CASE #:
    BOND AMT:                                FINE:       $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 00/00/0000             ARST AGENCY:
ARST OFFICR:                            COUNTY:
      COURT:                            JUDGE:
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
```

```
07/06/2001    19:15:35        LEE COUNTY SHERIFF'S OFFIC              PAGE      1
                              INMATE BOOKING SHEET
===========================================================================
BOOKING NO: 010003008

INMATE NAME: VAUGHN, ANTHONY KEITH
       ALIAS:                              RACE: B      SEX: M
       ALIAS:                              HT: 6'01"  HAIR: BLK
     ADDRESS: 131 LEE RD 180               WT: 180    EYES: BRO
  CITY/ST/ZIP: OPELIKA, AL 36804         COMPLEX: BLK
  HOME PHONE: 334-                          SSN:
         DOB:          AGE:  28          DL ST:          DLN:
   PLCE BIRTH: OPELIKA                     SID:
       STATE: AL                         LOCID: 19338   10631
   GANG ASSOC:                                          old no.
  SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES:
     REMARKS:
  NEXT OF KIN: DOROTHY VAUGHN           RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                  PHONE: 334-749-0653
  CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
---------------------------------------------------------------------------
  HANDICAPPED:     NEEDS:
MEDICAL NEEDS:     NEEDS:
   PHYSICIAN:                 Bag 184  PHONE: 000-000-0000
     REMARKS:
---------------------------------------------------------------------------
PROPERTY
        CASH:         $00.00
  DESCRIPTION:
ADD. PROPERTY: STREET CLOTHING, WALLETT, WATCH, EARRING, RAG, HAT, ROLLING-
ADD. PROPERTY:
ADD. PROPERTY:
     REMARKS:
---------------------------------------------------------------------------
  BOOK DATE: 07/06/2001  BOOK TIME: 19:12  BOOK TYPE: NORMAL

  ARREST DATE: 07/06/2001         BOOKING OFFICER: GOSS
  ARREST DEPT: LCSD               CELL ASSIGNMENT: HG3  F6
 ARRST OFFICER: BASS                 MEAL CODE: 01  LEE COUNTY
     HOLDS: N
     AGENCY:              REASON:
     AGENCY:              REASON:
     AGENCY:              REASON:
     AGENCY:              REASON:
---------------------------------------------------------------------------
     NOTES:
     NOTES:
     NOTES:
===========================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:                         DATE: 6 Jul 0  TIME: 1900

BOOK OFFICER:                   DATE:           TIME:
```

```
02/13/2003    10:16:48          EE COUNTY SHERIFF'S OFFICE      PAGE    1
                               INMATE CHARGE SHEET
======================================================================
BOOKING NO: 010003008     INMATE NAME: VAUGHN ANTHONY KEITH
======================================================================
   CHARGE NO:   1  DISPOSITION: DROPPED          HOLD: N

ALA STATUTE:                          # OF COUNTS:    1
   OFFENSE: UNLAW POSS CONT SUB        WARRANT #:
      CASE #:
   BOND AMT: 20000                        FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 00/00/9000           ARST AGENCY:
ARST OFFICER:                         COUNTY:
        IDENT:                          JUDGE:
DEF ATTORNEY:                    DIST ATTORNEY:
   COMMENTS: NOL PROSSED 07-09-01/ NICK ABBET
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   CHARGE NO:   2  DISPOSITION: OPEN            HOLD: N

ALA STATUTE:                          # OF COUNTS:    1
   OFFENSE: CERTAIN POSS FIREARM       WARRANT #:
      CASE #:
   BOND AMT: 20000                        FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 00/00/0000           ARST AGENCY:
ARST OFFICER:                         COUNTY:
        IDENT:                          JUDGE:
DEF ATTORNEY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   CHARGE NO:   3  DISPOSITION: OPEN            HOLD: N

ALA STATUTE: 013A-13-0004 (    -  )   # OF COUNTS:    1
   OFFENSE: NONSUPPORT-CHILD           WARRANT #:
      CASE #: CS01-86
   BOND AMT: O                             FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 07/17/2001           ARST AGENCY: LCSO
ARST OFFICER:                         COUNTY: LEE
        IDENT:                          JUDGE: LANE
DEF ATTORNEY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

02/13/2002    10:16:48    BEE COUNTY SHERIFF'S OFFICE
INMATE CHARGE SHEET    PAGE    2

================================================================================
BOOKING NO  010003008    INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================

CHARGE NO:    4  DISPOSITION: OPEN    HOLD: N

ALA STATUTE: CC96-610    # OF COUNTS:    1
    OFFENSE: FTP/APPEAL    WARRANT #:
    CASE #: CC96-610
    BOND AMT: 0    FINE:    $404.30
    BAIL AMT:
INIT RPT DT: 00/00/0000    SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 02/13/2002    ARST AGENCY:
ARST OFFICER:    COUNTY:
    OFFICER:    JUDGE: HARPER
DEF ATTORNEY:    DIST ATTORNEY:
    COURT DATE:
    COURT TIME:
    COURT DTE:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARGE NO:    5  DISPOSITION: DROPPED    HOLD: N

ALA STATUTE:    # OF COUNTS:    1
    OFFENSE:    WARRANT #:
    CASE #:
    BOND AMT:    FINE:    $0.00
    BAIL AMT:
INIT RPT DT: 00/00/0000    SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 00/00/0000    ARST AGENCY:
ARST OFFICER:    COUNTY:
    OFFICER:    JUDGE:
DEF ATTORNEY:    DIST ATTORNEY:
    COURT DATE:
    COURT TIME:
    COURT DTE:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE COUNTY SHERIFF'S OFFICE

07/06/2001    19:15:35    MEDICAL SCREENING FORM    PAGE 1 OF 2
============================================================
Booking No: 010003008  Date: 07/06/2001  Time: 19:12  Type: NORMAL

Inmate Name: VAUGHN, ANTHONY KEITH              Race: B        Sex: M
    DOB: ██████████ Age: 28                 Height: 6'01"  Weight: 180
------------------------------------------------------------

N  1.  Is inmate unconscious?

N  2.  Does inmate have any visible signs of trauma, illness, obvious pain
       and bleeding, requiring immediate emergency or doctor's care?

N  3.  Is there obvious fever, swollen lymph nodes, jaundice or other
       evidence of infection that might spread through the facility?

N  4.  Any signs of poor skin condition, vermin, rashes or needle marks?

N  5.  Does inmate appear to be under the influence of drugs or alcohol?

N  6.  Any visible signs of alcohol or drug withdrawal?

N  7.  Does inmate's behavior suggest the risk of suicide or assault?

N  8.  Is inmate carrying any medication?

N  9.  Does the inmate have any physical deformities?

N  10. Does inmate appear to have psychiatric problems?

   11. Do you have or have you ever had or has anyone in your family
       ever had any of the following?

   N  a. Allergies      N  f. Fainting Spells      N  k. Seizures

      b. Arthritis         g. Hearing Condition       l. Tuberculosis

      c. Asthma            h. Hepatitis               m. Ulcers

      d. Diabetes          i. High Blood Pressure     n. Venereal Disease

      e. Epilepsy          j. Psychiatric Disorder    o. Other  (Specify)

Other: _____

_____

_____

   12. For females only:

       _____ a. Are you pregnant?

       _____ b. Do you take birth control pills?

       _____ c. Have you recently delivered?

Booking No: 010003008   Date: 07/06/2001   Time: 19:12   Type: NORMAL

Inmate Name: VAUGHN, ANTHONY KEITH                Race: B        Sex: M
     DOB: ████████   Age:  28                      Height: 6'01"  Weight: 180

13. Have you recently been hospitalized or treated by a doctor?

14. Do you currently take any non-prescription medication or medication prescribed by a doctor?

15. Are you allergic to any medication?

16. Do you have any handicaps or conditions that limit activity?

17. Have you ever attempted suicide or are you thinking about it now?

18. Do you regularly use alcohol or street drugs?

19. Do you have any problems when you stop drinking or using drugs?

20. Do you have a special diet prescribed by a physician?

21. Do you have any problems or pain with your teeth?

22. Do you have any other medical problems we should know about?

_____

_____

_____

_____

_____

_____

_____

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: X _Anthony K. Vaughn_   DATE: 6 Jul 01   TIME: 1900

BOOK OFFICER: _____   DATE: _____   TIME: _____

**DAILY BOOKING SHEET**
**LEE COUNTY JAIL**
OPELIKA, ALABAMA

Security No. _____

Date _1-3-95_

Time _1145_

I.D. NO. _10631_

Photo _____ FP _____

Name _VAUGHAN_ _ANTHONY_  Race _B_ Sex _M_ Age _22_ Eyes _BRN_ Hair _BLK_
      (LAST)    (FIRST)
Ht. _6'1"_ Wt. _170_ DOB _____ NCIC Check _____

Address _117 CHESTER AVE_     _OPELIKA_   _AL_ _36801_  _749.13_
        STREET        APT.    CITY      STATE   ZIP

Made PX __ Yes ____ No ____ Reason _____ S/M/T _____

Next of Kin _BARBARA JACKSON_ _____ Relationship _AUNT_

Address _LOT 18 RAINBOW TR PK_     _OPELIKA_   _AL 36801_   _749.541_
        STREET        APT.    CITY      STATE    ZIP    Phone

CHARGE _COURT_ _____ BOND _____ CHARGE _____ BOND _____
CHARGE _____ BOND _____ CHARGE _____ BOND _____
CHARGE _____ BOND _____ CHARGE _____ BOND _____

HOLDS:
AGENCY _____ CHARGE _____ BOND _____
AGENCY _____ CHARGE _____ BOND _____
AGENCY _____ CHARGE _____ BOND _____

1. ARE YOU PRESENTLY IN NEED OF ANY IMMEDIATE MEDICAL ATTENTION YES ____ NO _✓_
   a. IF SO, STATE YOUR PROBLEM(S) _____

2. ARE YOU PRESENTLY TAKING ANY MEDICATION YES ____ NO ____
   a. IF SO, WHAT KIND _____

3. ARE YOU PRESENTLY UNDER A DOCTOR'S CARE YES ____ NO _✓_ DOCTOR'S NAME: _____
   a. WHAT TREATMENT ARE YOU RECEIVING _____

4. ARE YOU ALLERGIC TO ANY KIND OF MEDICATION YES ____ NO _✓_
   a. IF SO, WHAT KIND _____

5. DO YOU HAVE ANY FALSE LIMBS (TEETH, EYES, ETC.) YES ____ NO _✓_ WHAT: _____

6. ARE YOU PRESENTLY RECEIVING ANY PSYCHIATRIC TREATMENT YES ____ NO _✓_
   a. DOCTOR'S NAME: _____ PHONE OR HOSPITAL: _____

7. ARE YOU SUFFERING FROM ANY TYPE OF ILLNESS YES ____ NO _✓_
   a. WHAT ILLNESS _____

I AUTHORIZE THE LEE COUNTY SHERIFFS DEPT. TO INSPECT ANY INCOMING OR OUTGOING MAIL ADDRESSED TO OR FROM ME IN ACCORDANCE WITH DMM115.95 pgh.97 U.S. POSTAL SERVICE.

YES _✓_ NO ____    (X) _Anthony Vaughn_     _PROPERTY # 13_
                    Signature of Person Arrested

ARRESTING OFFICER(S) _COURT FROM ELMORE CO._ _____

BOOKING OFFICER _T. Rea_ _____

**I HAVE RECEIVED ALL PROPERTIES TAKEN FROM ME BY THE LEE CO. SHERIFFS DEPT.**

DATE OF RELEASE _1-17-95_     (X) _____
                              Signature of Person Released
TIME OF RELEASE _1315_

TYPE OF RELEASE _TRANSPORTED BACK TO_  _ELMORE CO._

**ALIAS** _____

**Date of Arrest** _1-3-95_

**(MIDDLE)** _KEITH_

**(FIRST)** _ANTHONY_

**(LAST)** _VAUGHAN_

**NAME**

Date: 05/11/94          LEE COUNTY SHERIFF DEPARTMENT          Page:    1
Time: 19:39:08               Booking Report          (c) 1989 Syntax, Inc
------------------------------------------------------------------------

Cell: HC 3     Booked: 05/11/94 19:33:47  by D15     Agency: 0007
Local Id: 00010631  Log num: 94-002435  Sta:                Fed:
Case num:

Name: VAUGHN, ANTHONY KEITH                          Sex: M DOB:
Drv Lic:                     AL                   Rac: B Eth:    Age:   21
Addrs:    523 MARTIN L. KING OPELIKA AL 36801
                                                              Mar: S
Phone 1: (205) N/A-      Ext          Phone 2: (205)          Ext
SSN:            Complx: DK G Bld: MED  Hgt: 601 Wgt: 170 Hair: BLK Eyes: BRO
Auto:                                 Impound?:  Loc:
Scars/Marks/Tattoos:  NONE NOTED


Birthplace: LEE CO.              AL     Citizenship: USA
Employer: UNEMPLOYED
Occupation:                            Work phone: (205)          Ext

Contact 1: BARBARA JACKSON             Relationship: AUNT
Addrs:  LOT 18 RAINBOW TR PK OPELIKA AL 36801
Phone 1: (205) 749-5414  Ext          Phone 2: (205)          Ext
Contact 2:                            Relationship:
Addrs:  OPELIKA AL 36801
Phone 1: (205)          Ext          Phone 2: (205)          Ext

Arrested: 05/11/94 19:33:47
At LEE CO. JAIL
Status: PRE-TRIAL     Alerts:          Attention:
Comments:


Charges:
Arrest Code: 5011      /PAROLE/PROBATION VIOLATION     Arrest Type: F
War/Cit No.:           War/Cit Type: C  Agency: 0004  Dom. Viol.: N
Bill Units:   0  Agency: 0004  Case No.:
Sentence:
Bailable?: N  Bail:$        0.00      Receipt No.:
Start Date:      Time:                Expire Date:          Time:


Phone call made:   to
Phone: (205)          Ext

Arresting ag:  0004  Off: MILES VAUGHN              Bail:$         0.00
Delivering ag: 0001  Off: OPD                       Orientation:
Search type: ST by D15   Photoed: N  State NCIC: Y  Printed: 0 by D15
Print codes:

Total sentence: 05/11/94 19:33:47          Release:

```
Date: 11/15/94          LEE COUNTY SHERIFF DEPARTMENT              Page:    1
Time: 23:43:54                Release Report            (c) 1989 Syntax, Inc
------------------------------------------------------------------------------

Cell: HC 3      Booked: 05/11/94 19:33:47  by D15    Agency: 0007
Local Id: 00010631  Log num: 94-002435  Sta:                Fed:
Case num:

Name: VAUGHN, ANTHONY KEITH                          Sex: M DOB:
Drv Lic:                        AL                   Rac: B Eth:       Age:  21
Addr:
                                                                    Mar: S
Phone 1: (   )          Ext         Phone 2: (   )          Ext
SSN:            Complx: DK G Bld: MED  Hgt: 601 Wgt: 170 Hair: BLK Eyes: BRO
Auto:                                  Impound?:  Loc:
Scars/Marks/Tattoos:  NONE NOTED



Cell check:    State check:
Total bond:         0.00 Bond type:      Receipt #:
Comment:

Holds:      By Order of:



Sentence Dy/Hr    :       Pre-trial Dy/Hr  :      Other Dy/Hr        :
Trustee Dy/Hr     :       Good Behv. Dy/Hr :      Time Served Dy/Hr:
Total Dy/Hr       :
Comments:


Charges:
Arrest Code: 5011      /PAROLE/PROBATION VIOLATION      Arrest Type: F
War/Cit No.:            War/Cit Type: C  Agency: 0004  Dom. Viol.: N
Bill Units:  188 Agency: 0004  Case No.:
Sentence:
Bailable?: N  Bail:$         0.00      Receipt No.:
Start Date:           Time:            Expire Date:            Time:
Released to: TRANSFER TO KILBY    by D15  Condition:
------------------------------------------------------------------------------
                                               Bail:$          0.00



Sentence:
Starts:                   Good behave:       Time served:
Expires:                  Disp:

Total sentence: 05/11/94 19:33:47              Release: 11/16/94 07:00:00
```

1-17.95

1315
ELMORE CO.
TRANSPORTED BACK TO

Date: 11/15/94                LEE COUNTY SHERIFF DEPARTMENT                    Page:    1
Time: 23:44:00                 Property Inventory Report          (c) 1989 Syntax, Inc

Id: 00010631 Log: 94-002435 Name: VAUGHN, ANTHONY KEITH

Property Box: 149      Box $:      50.28 Safe $:       0.00 Tot $:       50.28

Foreign Currency: 30.00 IN FOODSTAMPS.

Clothing:

Checks:

Cr.Cards:

Jewelry:   1 EARRING GOLD IN COLOR WITH WHITE STONE,
           1 RING GOLD IN COLOR WITH WHITE STONE

Misc:      1 HAT, 1 BELT, 1 LIGHTER, 1 OPEN PK OF CIGS, 1 AL DL,
           1 OPEN PK OF TOPS

More Misc:

Property Issued:
MSTD/                                        R/RB/
    /                                            /
    /                                            /
    /                                            /
INMATE AGREES TO LEE COUNTY JAIL INSPECTING ALL INCOMING AND OUT GOING MAIL
WITH THE EXCEPTION OF LEGAL MAIL.

Inmate X _____  Date: 11/15/94  Time: 23:44:00

Officer X _____  Witness X _____

# Exhibit A
# Inmate File of Anthony Keith Vaughn
# Part 4

```
Date: 05/11/94          LEE COUNTY SHERIFF DEPARTMENT          Page:    1
Time: 19:39:32              Medical Report              (c) 1989 Syntax, Inc
```
----------------------------------------------------------------------

Id: 00010631 Log: 94-002435 Name: VAUGHN, ANTHONY KEITH
The following questions were asked:

| | | |
|---|---|---|
| 1 N BLEEDS EXCESSIVELY | 10 N HIGH BLOOD PRESSURE | 19 N RECURRENT INFECTIONS |
| 2 N ATTEMPTED SUICIDE | 11 N PAIN OR POUNDING IN | 20 N RHUMATIC FEVER |
| 3 N ASTHMA,EMPHYSEMA | 12 N ARTHRITIS OR BURSITI | 21 N RUPTURES OR HERNIA |
| 4 N TUBERCULOSIS | 13 N FRACTURES(BROKEN BON | 22 N RECENT GAIN OR WEIGH |
| 5 N CANCER,TUMORS,GROWTH | 14 N BONE, JOINT, OR OTHE | 23 N FREQUENT INDIGESTION |
| 6 N DIABETES | 15 N FOOT TROUBLE | 24 N STOMACH TROUBLE OR U |
| 7 N EAR,NOSE, OR THROAT | 16 N RECURRENT BACK TROUB | 25 N GALL BLADDER TROUBLE |
| 8 N HEARING LOSS | 17 N KIDNEY TROUBLE | 26 N HEMORRHOIDS OR RECTA |
| 9 N SEVERE TOOTH OR GUM | 18 N BLOOD OR PAINFUL URI | 27 N HEAD INJURIES |

Comments:

Extra comments on questions:

The following observations were made:

| | | |
|---|---|---|
| 1 N EPILPESY OR SEIZURES | 10 N LUMPS,DISCHARGE,PAIN | 19 N COUGHED UP BLOOD |
| 2 N FREQUENT OR SEVERE H | 11 N CHANGE IN MENSTRUAL | 20 N NOT USED |
| 3 N PERIODS OF UNCONSCIO | 12 N PREGNANCY,ABORTION,M | 21 N SHORTNESS OF BREATH |
| 4 N PARALYSIS,NUMBNESS, | 13 N TREATED FOR FEMALE D | 22 N ALLERGIC TO ANY MEDI |
| 5 N DIZZINESS, FAINTING | 14 N MENTAL ILLNESS | 23 N WEAR BRACE/BACK SUPP |
| 6 N NERVOUS PROBLEMS OF | 15 N TAKEN NARCOTICS | 24 N CONTACT W/AIDS OR HA |
| 7 N ALCOHOLISM | 16 N LIVE W/ANYONE W/TB | 25 N HEPATITIS OR JAUNDIC |
| 8 N VENERAL DISEASE | 17 N NIGHT SWEATS | 26 N LOSS MEMORY/ AMNESIA |
| 9 N DRUG ALLERGIES OR AD | 18 N WEAR GLASSES/CONTACT | 27 N CHRONIC/FREQUENT COL |

Comments:

Extra comments on observations:

Inmate X _Anthony Vaughn_          Date: 05/11/94  Time: 19:39:33

Officer X _____          Witness X _____

```
Date: 05/11/94              LEE COUNTY SHERIFF DEPARTMENT              Page:    1
Time: 19:39:19              Property Inventory Report        (c) 1989 Syntax, Inc
```
--------------------------------------------------------------------------------

Id: 00010631 Log: 94-002435 Name: VAUGHN, ANTHONY KEITH

Property Box: 149      Box $:      50.28 Safe $:        0.00 Tot $:      50.28

Foreign Currency: 30.00 IN FOODSTAMPS.

Clothing:

Checks:

Cr.Cards:

Jewelry:   1 EARRING GOLD IN COLOR WITH WHITE STONE,
           1 RING GOLD IN COLOR WITH WHITE STONE

Misc:      1 HAT, 1 BELT, 1 LIGHTER, 1 OPEN PK OF CIGS, 1 AL DL,
           1 OPEN PK OF TOPS

More Misc:

Property Issued:
MSTD/MALE STANDARD ISSUE                 R/RB/RULES & REGULATION BOOK
       /                                        /
       /                                        /
       /                                        /
INMATE AGREES TO LEE COUNTY JAIL INSPECTING ALL INCOMING AND OUT GOING MAIL
WITH THE EXCEPTION OF LEGAL MAIL.

--------------------------------------------------------------------------------

Inmate X _Anthony Vaughn_____ Date: 05/11/94  Time: 19:39:19

Officer X _____  ?_____  Witness X___  _____
```

**DAILY BOOKING SHEET**
**LEE COUNTY JAIL**
OPELIKA, ALABAMA

Date _10/5/92_    I.D. NO. _10631_

Time _1:05 PM_    Photo _NO_ FP _NO_

Name _Vaughn         Anthony Keith_ Race _B_ Sex _M_ Age _20_ Eyes _BRN_ Hair _BLK_
     (LAST)          (FIRST)

Ht. _5'1_ Wt. _155_ DOB _____ NCIC Check _____

Address _514 Martin Luther King Bld   Opelika   AL   36801   749-7922_
        STREET        APT.        CITY        STATE   ZIP

Made PX __ Yes ___ No ___ Reason _____ S/M/T _on throat_

Next of Kin _Dorothino Vaughn_ _____ Relationship _Mother_

Address _117 Chester Ave_ ___ _Opelika_ _AL_ _36801_ _749-7922_
        STREET        APT.    CITY     STATE   ZIP    Phone

CHARGE _from Boot Camp_ BOND _0_   CHARGE _____ BOND _____
CHARGE _____ BOND _____   CHARGE _____ BOND _____
CHARGE _____ BOND _____   CHARGE _____ BOND _____

HOLDS:
AGENCY _____ CHARGE _____ BOND _____
AGENCY _____ CHARGE _____ BOND _____
AGENCY _____ CHARGE _____ BOND _____

1. ARE YOU PRESENTLY IN NEED OF ANY IMMEDIATE MEDICAL ATTENTION YES___ NO_✓_
   a. IF SO, STATE YOUR PROBLEM(S) _____

2. ARE YOU PRESENTLY TAKING ANY MEDICATION YES___ NO_✓_
   a. IF SO, WHAT KIND _____

3. ARE YOU PRESENTLY UNDER A DOCTOR'S CARE YES___ NO_✓_ DOCTOR'S NAME: _____
   a. WHAT TREATMENT ARE YOU RECEIVING _____

4. ARE YOU ALLERGIC TO ANY KIND OF MEDICATION YES___ NO_✓_
   a. IF SO, WHAT KIND _____

5. DO YOU HAVE ANY FALSE LIMBS (TEETH, EYES, ETC.) YES___ NO_✓_ WHAT: _____

6. ARE YOU PRESENTLY RECEIVING ANY PSYCHIATRIC TREATMENT YES___ NO_✓_
   a. DOCTOR'S NAME: _____ PHONE OR HOSPITAL: _____

7. ARE YOU SUFFERING FROM ANY TYPE OF ILLNESS YES___ NO_✓_
   a. WHAT ILLNESS _____

I AUTHORIZE THE LEE COUNTY SHERIFFS DEPT. TO INSPECT ANY INCOMING OR OUTGOING MAIL ADDRESSED TO OR FROM ME IN ACCORDANCE WITH DMM115.95 pgh.97 U.S. POSTAL SERVICE.

YES _✓_ NO ___    X _Anthony K. Vaughn_
                    Signature of Person Arrested

ARRESTING OFFICER(S) _from Boot Camp_
BOOKING OFFICER _B Seabrook_

I HAVE RECEIVED ALL PROPERTIES TAKEN FROM ME BY THE LEE CO. SHERIFFS DEPT.

DATE OF RELEASE _10-6-92_    X _Anthony Vaughn_
                              Signature of Person Released

TIME OF RELEASE _1600_

TYPE OF RELEASE _(Probation)_    _____
                                  Signature of Released Officer

ALIAS "Keith"
Date of Arrest _10/5/92_
(MIDDLE) K.T.L.
(FIRST) Anthony
(LAST) Vaughn
NAME

# LEE COUNTY JAIL
## OPELIKA, ALABAMA

## INMATE PERSONAL PROPERTY FORM

| INMATE'S PERSONAL PROPERTY RECEIPT | NAME OF INMATE Anthony Keith Vaugh | INMATE'S FILE NO. 10631 |

| | | | | |
|---|---|---|---|---|
| Ammunition | Cigarettes | ID Cards | Necklace | Tie - Neck |
| Bag - Hand | Clothing | Jewelry | Package | Tie-Tack/Clip |
| Beer | Coat | Junk | Papers | Tobacco |
| Belt | Comb | Key(s) | Pen-Pencil | Toilet Articles |
| Billfold | Drivers License | Knife | Purse - Coin | Tools |
| Boots / Shoes | Ear Rings | Liquor | Purse - Lady | Watch |
| Books | Flashlight | Lighter | Purse - Man | Weapon |
| Boxes | Glasses | Luggage | Radio / TV | Whiskey |
| Brief Case | Gloves | Medicine | Razor | Wine |
| Camera | Groceries | Money Clip | Ring(s) | |
| Candy | Groc. in Ref. | Musical Instr. | Suitcase | |
| Check Book | Hat - Cap | Nail Clip | Sweater | |

| CURRENCY | $ | 6 |
| CHANGE | $ | 6 |
| CHECKS | $ | 5 |
| FOREIGN MONEY | $ | 5 |
| TOTAL | $ | 6 |

Other items of Property Not Classified Above: (include storage location if other than below)

## NO Property Taken

I certify that the above is a correct list of items removed from my possession at the time I was placed in jail.

PRISONER'S SIGNATURE X Anthony K. Vaughn

I hereby acknowledge the receipt of the above arrested individual and his/her itemized property on this 5th day of October 1992, at 1105 ☐ AM ☐ PM.

SIGNATURE OF RECEIVING OFFICER X B Seabrook

Received all of the above listed property (minus any property previously released as indicated on this receipt) on this 6 day of Oct 1992, at 1600 ☐ AM ☒ PM.

PRISONER'S SIGNATURE X Anthony K. Vaughn

REMARKS:

ALL PROPERTY LEFT OVER 30 DAYS AFTER RELEASE WILL BE DISPOSED OF.

X Anthony K. Vaughn
Signature

LOCATION OF PROPERTY

### RELEASED ITEMS RECORD

| DATE | ITEM(S) RELEASED | SIGNATURE OF PERSON AUTHORIZING RELEASE | SIGNATURE OF PERSON RECEIVING ITEM(S) | SIGNATURE OF OFFICER RELEASING ITEM(S) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**DAILY BOOKING SHEET**
**LEE COUNTY JAIL**
OPELIKA, ALABAMA

Social Security N[redacted]

Date 04-01-92

Time 4:30 p.m.

I.D. NO. 1D 631

Photo NO   FP NO

Name Vaughn Anthony Keith   Race B  Sex M  Age 19  Eyes Bro  Hair Blk
(LAST)      (FIRST)

Ht. 5 1  Wt. 155  DOB [redacted]   NCIC Check

Address 514 Martin Luther King Blvd Opelika Ala 36801  745-7500
STREET   APT.   CITY   STATE   ZIP

Made PX X Yes  X No  Reason   (S)/M/T  One throat

Next of Kin Dorothino Vaughn   Relationship Mother

Address 117 Chester Ave Opelika Ala 36801 (205) 745-7500
STREET   APT.   CITY   STATE   #   Phone

| CHARGE Book Con | BOND | CHARGE | BOND |
| CHARGE | BOND | CHARGE | BOND |
| CHARGE | BOND | CHARGE | BOND |
| AGENCY | | CHARGE | BOND |
| AGENCY | | CHARGE | BOND |
| AGENCY | | CHARGE | BOND |

1. ARE YOU PRESENTLY IN NEED OF ANY IMMEDIATE MEDICAL ATTENTION  YES____ NO X
   a. IF SO, STATE YOUR PROBLEM(S)

2. ARE YOU PRESENTLY TAKING ANY MEDICATION  YES____ NO X
   a. IF SO, WHAT KIND

3. ARE YOU PRESENTLY UNDER A DOCTOR'S CARE  YES____ NO X  DOCTOR'S NAME:
   a. WHAT TREATMENT ARE YOU RECEIVING

4. ARE YOU ALLERGIC TO ANY KIND OF MEDICATION  YES____ NO X
   a. IF SO, WHAT KIND

5. DO YOU HAVE ANY FALSE LIMBS (TEETH, EYES, ETC.)  YES____ NO X  WHAT:

6. ARE YOU PRESENTLY RECEIVING ANY PSYCHIATRIC TREATMENT  YES____ NO X
   a. DOCTOR'S NAME:_____ PHONE OR HOSPITAL:

7. ARE YOU SUFFERING FROM ANY TYPE OF ILLNESS  YES____ NO X
   a. WHAT ILLNESS

I AUTHORIZE THE LEE COUNTY SHERIFFS DEPT. TO INSPECT ANY INCOMING OR OUTGOING MAIL ADDRESSED TO OR FROM ME IN ACCORDANCE WITH DMM115.95 pgh.97 U.S. POSTAL SERVICE.

YES X NO____   X Anthony K. Vaughn
                Signature of Person Arrested

ARRESTING OFFICER(S) Town Court

BOOKING OFFICER Cpl V. Peal

I HAVE RECEIVED ALL PROPERTIES TAKEN FROM ME BY THE LEE CO. SHERIFFS DEPT.

DATE OF RELEASE July 15, 1992 _____
                                Signature of Person Released

TIME OF RELEASE 0600

TYPE OF RELEASE End Camp _____
                                Signature of Released Officer

ALIAS None

Date of Arrest 04-01-92

(MIDDLE) Keith

(FIRST) Anthony

(LAST) Vaughn

NAME

# LEE COUNTY JAIL
## OPELIKA, ALABAMA

### INMATE PERSONAL PROPERTY FORM

| INMATE'S PERSONAL PROPERTY RECEIPT | NAME OF INMATE | INMATE'S FILE NO. |
|---|---|---|
| | Vaughn Anthony | 10631 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Ammunition | | Cigarettes | | ID Cards | | Necklace | | Tie - Neck | | CURRENCY | $ 0 |
| | Bag - Hand | | Clothing | | Jewelry | | Package | | Tie-Tack/Clip | | | |
| | Beer | | Coat | | Junk | | Papers | | Tobacco | | CHANGE | $ 0 |
| ✓ | Belt | | Comb | | Key(s) | | Pen-Pencil | | Toilet Articles | | | |
| | Billfold | | Drivers License | | Knife | | Purse - Coin | | Tools | | CHECKS | $ 0 |
| | Boots / Shoes | ✓ | Ear Rings | | Liquor | | Purse - Lady | | Watch | | | |
| | Books | | Flashlight | | Lighter | | Purse - Man | | Weapon | | FOREIGN MONEY | $ 0 |
| | Boxes | | Glasses | | Luggage | | Radio / TV | | Whiskey | | | |
| | Brief Case | | Gloves | | Medicine | | Razor | | Wine | | TOTAL | $ 0 |
| | Camera | | Groceries | | Money Clip | | Ring(s) | | | | REMARKS: | |
| | Candy | | Groc. in Ref. | | Musical Instr. | | Suitcase | | | | | |
| | Check Book | | Hat - Cap | | Nail Clip | | Sweater | | | | | |

Other Items of Property Not Classified Above: (include storage location if other than below)

2# EARRINGS GOLDEN IN Color.

I certify that the above is a correct list of items removed from my possession at the time I was placed in

PRISONER'S SIGNATURE _X Anthony K. Vaughn_

I hereby acknowledge the receipt of the above arrested individual and his/her itemized property on this

day of _04-01_ 19_92_ at _4:30_ ☐ AM ☒ PM.

SIGNATURE OF RECEIVING OFFICER _G. Victer Pressn_

received all of the above listed property (minus any property previously released as indicated on this receipt)

on this _____ day of _____ 19_____ at ☐ AM ☐ PM.

PRISONER'S SIGNATURE

ALL PROPERTY LEFT OVER 30 DAYS AFTER RELEASE WILL BE DISPOSED OF.

X _Anthony K. Vaughn_
Signature

LOCATION OF PROPERTY
_106_

### RELEASED ITEMS RECORD

| DATE | ITEM(S) RELEASED | SIGNATURE OF PERSON AUTHORIZING RELEASE | SIGNATURE OF PERSON RECEIVING ITEM(S) | SIGNATURE OF OFFICE RELEASING ITEM(S) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

ADMISSION DATA — Jail Inmate's Medical Record

Inmate's File Number: 162/3

| NAME (LAST) Vaughn | First Anthony | Middle Keith | Age 19 | Race B | Sex m | Date of Birth |

| Admitted: 04-01-92 | Charge: | Assigned To: |

ALLERGIES (Record in red ink; mark on the chart.)  NONE

Have you ever been treated for:

1. Asthma            [ ] No  [ ] Yes       6. Drug Addiction      [ ] No  [ ] Yes
2. Heart Trouble     [ ] No  [ ] Yes       7. Alcoholism          [ ] No  [ ] Yes
3. Hypertension      [ ] No  [ ] Yes       8. Mental Illness      [ ] No  [ ] Yes
4. Diabetes          [ ] No  [ ] Yes       9. Venereal Disease    [ ] No  [ ] Yes
5. Epilepsy or Seizures [ ] No  [ ] Yes    10. Tuberculosis       [ ] No  [ ] Yes

If YES to any of the above, give date and the treatment received.    11. TESTED FOR HIV    [ ] NO  [ ] YES

Do you have any medications, prescriptions or current medical problems that need attention?

(DESCRIBE IN DETAIL ON THE CHART)

Is there any evidence of recent physical injury seen on inmate? _____

(IF YES, GIVE DETAILED INVENTORY ON THE CHART)

How were injuries received according to inmate? _____

Was inmate treated for these injuries prior to admission?   [ ] Yes  [ ] No   At: N/A

| Date | Time | Treatments and Observations | Attending Physician or Nurse |
|------|------|----------------------------|------------------------------|
|      |      |                            |                              |
|      |      |                            |                              |
|      |      |                            |                              |
|      |      |                            |                              |
|      |      |                            |                              |
|      |      |                            |                              |
|      |      |                            |                              |
|      |      |                            |                              |
|      |      |                            |                              |
|      |      |                            |                              |
|      |      |                            |                              |

LEE COUNTY SHERIFF'S DEPARTMENT

JAIL DIVISION

ENEMIES LIST

DATE: __04-01-92__    TIME: __4:30 pm__

__VAUGHN Anthony__    __10631__
INMATES NAME    I.D.#

_____ (1)  HAS STATED THAT THE FOLLOWING INMATES WOULD CAUSE HARM TO HIM IF
          PLACED IN THE SAME CELL.

__X__ (2)  HAS STATED THAT NO INMATES OF THE LEE COUNTY JAIL WOULD CAUSE HIM
          HARM AFTER BEING SHOWN A COPY OF THE JAIL LIST.

INMATE'S NAME: _____    REASON: _____

_____

INMATE'S NAME: _____    REASON: _____

_____

INMATE'S NAME: _____    REASON: _____

_____

INMATE'S NAME: _____    REASON: _____

_____

INMATE'S NAME: _____    REASON: _____

_____

Col Victor Pelnice
JAILER'S NAME

X Anthony K. Vaughn
INMATE'S SIGNATURE

COUNTY SHERIFF'S DEPARTMENT

INMATE PROPERTY ISSUE

INMATE ID # _10631_

NAME: _Vaughn Anthony_    DATE: _04-01-52_ TIME _4:30 p.m_ HRS.

ITEMS ISSUED TO THE INMATE:

|  |  | CONDITION | |  |  | ISSUED | |
|---|---|---|---|---|---|---|---|
|  |  | GOOD | FAIR |  |  | YES | NO |
| (1) | Mattress # _1_ | [X] | [ ] | (11) Toothpaste | | [X] | [ ] |
| (2) | Pillow # _____ | [ ] | [ ] | (12) Toothbrush | | [X] | [ ] |
| (3) | Fitted Sheet # _1_ | [X] | [ ] | (13) Soap | | [X] | [ ] |
| (4) | Reg. Sheet # _1_ | [X] | [ ] | (14) Cup | | [X] | [ ] |
| (5) | Blanket # _1_ | [X] | [ ] |  |  |  |  |
| (6) | Pillow Case # ___ | [ ] | [ ] |  |  |  |  |
| (7) | Pants # _1_ | [X] | [ ] |  |  |  |  |
| (8) | Shirt # _1_ | [X] | [ ] |  |  |  |  |
| (9) | Towel # _1_ | [X] | [ ] |  |  |  |  |
| (10) | Wash Cloth # _1_ | [X] | [ ] |  |  |  |  |

NOTICE TO INMATE: DEFACING, DESTRUCTION, ALTERING, OR LOSS OF THE COUNTY PROPERTY THAT YOU HAVE BEEN ISSUED, WILL RESULT IN DISCIPLINARY AND OR CRIMINAL ACTION BEING TAKEN AGAINST YOU. ALL ISSUED ITEMS WILL BE RETURNED TO JAIL OFFICERS WHEN YOU ARE RELEASED.

I HAVE RECEIVED THE ABOVE LISTED ITEMS FROM THE LEE COUNTY SHERIFF'S DEPARMENT AND I HAVE READ AND UNDERSTAND THE ABOVE "NOTICE TO THE INMATE" CONCERNING THE ISSUED ITEMS.

X _Anthony K. Vaughn_
INMATES SIGNATURE

THE ABOVE INMATE HAS BEEN ISSUED THE ABOVE LISTED ITEMS AND HAS READ AND UNDERSTANDS THE "NOTICE TO THE INMATE". IF THE INMATE COULD NOT READ, I HAVE READ IT TO HIM/HER AND ANSWERED ANY QUESTIONS THAT THE INMATE MIGHT HAVE.

_Cpl Verta Piel_
JAILERS SIGNATURE

CONDITION OF RETURNED ITEMS:

|  |  | GOOD | FAIR |  |  |  | GOOD | FAIR |
|---|---|---|---|---|---|---|---|---|
| (1) MATTRESS | # ____ | [ ] | [ ] | (6) CUP | # ____ | | [ ] | [ ] |
| (2) FITTED SHEET | # ____ | [ ] | [ ] | (7) SHIRT | # ____ | | [ ] | [ ] |
| (3) BLANKET | # ____ | [ ] | [ ] | (8) TOWEL | # ____ | | [ ] | [ ] |
| (4) PANTS | # ____ | [ ] | [ ] | (9) PILLOW CASE | # ____ | | [ ] | [ ] |
| (5) SHEET (REG) | # ____ | [ ] | [ ] | (10) PILLOW | # ____ | | [ ] | [ ] |
|  |  |  |  | (11) WASH CLOTH | # ____ | | [ ] | [ ] |

DATE: _____    TIME: _____    HRS.

JAILERS SIGNATURE: _____

Social Security No. _____

# DAILY BOOKING SHEET
## LEE COUNTY JAIL
### OPELIKA, ALABAMA

Date **03 JAN 92**

Time **1520 hrs.**

I.D. NO. **10,631**

Photo **yes** FP **yes**

Name **Vaughn   Anthony   Keith**  Race **B** Sex **M** Age **19** Eyes **BRN** Hair **BLK**
(LAST) (FIRST) (MIDDLE)

Ht. **5'7"** Wt. **155** DOB _____  NCIC Check **Clear (Angela 1/3/92)   clear (Angela 1-17-92)**

Address **514 M.L. KING BLVD.   OPELIKA, AL   36801   749-7922 (Mom's)**
STREET   APT.   CITY   STATE   ZIP

Made PX ___ Yes ___ No  Reason **male Bond**  (S)/M/T **1" on throat**

Next of Kin **Dorothine Vaughn**  Relationship **Mother**

Address **117 Chester ave   Opelika AL   36801   749-7922**
STREET   APT.   CITY   STATE   ZIP   Phone

CHARGE **ROBBERY II** BOND **$15,000.00** CHARGE _____ BOND _____
CHARGE _____ BOND _____ CHARGE _____ BOND _____
CHARGE _____ BOND _____ CHARGE _____ BOND _____
HOLDS AGENCY _____ CHARGE _____ BOND _____
AGENCY _____ CHARGE _____ BOND _____
AGENCY _____ CHARGE _____ BOND _____

1. ARE YOU PRESENTLY IN NEED OF ANY IMMEDIATE MEDICAL ATTENTION YES ___ NO **✓**
   a. IF SO, STATE YOUR PROBLEM(S) _____

2. ARE YOU PRESENTLY TAKING ANY MEDICATION YES ___ NO **✓**
   a. IF SO, WHAT KIND _____

3. ARE YOU PRESENTLY UNDER A DOCTOR'S CARE YES ___ NO **✓** DOCTOR'S NAME: _____
   a. WHAT TREATMENT ARE YOU RECEIVING _____

4. ARE YOU ALLERGIC TO ANY KIND OF MEDICATION YES ___ NO **✓**
   a. IF SO, WHAT KIND _____

5. DO YOU HAVE ANY FALSE LIMBS (TEETH, EYES, ETC.) YES ___ NO **✓** WHAT: _____

6. ARE YOU PRESENTLY RECEIVING ANY PSYCHIATRIC TREATMENT YES ___ NO **✓**
   a. DOCTOR'S NAME: _____ PHONE OR HOSPITAL: _____

7. ARE YOU SUFFERING FROM ANY TYPE OF ILLNESS YES ___ NO **✓**
   a. WHAT ILLNESS _____

I AUTHORIZE THE LEE COUNTY SHERIFFS DEPT. TO INSPECT ANY INCOMING OR OUTGOING MAIL ADDRESSED TO OR FROM ME IN ACCORDANCE WITH DMM115.95 pgh.97 U.S. POSTAL SERVICE.

YES **✓** NO ___   X **Anthony K. Vaughn**
Signature of Person Arrested

ARRESTING OFFICER(S) **Wilson, Abernathy (OPD)   TRANS.**

BOOKING OFFICER **Welborn**

## I HAVE RECEIVED ALL PROPERTIES TAKEN FROM ME BY THE LEE CO. SHERIFFS DEPT.

DATE OF RELEASE **1/17/92**

TIME OF RELEASE **16.25 hrs.**

TYPE OF RELEASE **Bond - Property**

X **Anthony K. Vaughn**
Signature of Person Released

**Welborn**
Signature of Released Officer

*(left margin)* ALIAS: **Mario**  Date of Arrest **03 JAN 92**

NAME **Vaughn   Anthony   Keith**
(LAST)   (FIRST)   (MIDDLE)

# LEE COUNTY JAIL
## OPELIKA, ALABAMA

## INMATE PERSONAL PROPERTY FORM

| INMATE'S PERSONAL PROPERTY RECEIPT | NAME OF INMATE Anthony K. Vaughn | INMATE'S FILE NO. 10,631 |
| --- | --- | --- |

| | | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| Ammunition | Cigarettes | ID Cards 2 | Necklace | Tie - Neck | CURRENCY | $ |
| Bag - Hand | Clothing | Jewelry | Package | Tie-Tack/Clip | | |
| Beer | Coat | Junk | Papers | Tobacco | CHANGE | $ |
| Belt | Comb | Key(s) | Pen - Pencil | Toilet Articles | | |
| Billfold | Drivers License | Knife | Purse - Coin | Tools | CHECKS | $ |
| Boots / Shoes 2 | Ear Rings | Liquor | Purse - Lady | Watch | | |
| Books | Flashlight | Lighter | Purse - Man | Weapon | FOREIGN MONEY | $ |
| Box | Glasses | Luggage | Radio / TV | Whiskey | | |
| Case | Gloves | Medicine | Razor | Wine | TOTAL | $ |
| Camera | Groceries | Money Clip | Ring(s) | | | |
| Candy | Groc. in Ref. | Musical Instr. | Suitcase | | | |
| Check Book | Hat - Cap | Nail Clip | Sweater | | | |

REMARKS:

Other items of Property Not Classified Above: (include storage location if other than below)

1 Toboggan

ALL PROPERTY LEFT OVER 30
DAYS AFTER RELEASE WILL BE
DISPOSED OF.

I certify that the above is a correct list of items removed from my possession at the time I was placed in jail.

PRISONER'S SIGNATURE X Anthony K. Vaughn

I hereby acknowledge the receipt of the above arrested individual and his/her itemized property on this 3

day of _____ 19_92, at 1520 ☐ AM ☒ PM.

SIGNATURE OF RECEIVING OFFICER _____

X Anthony K. Vaughn
Signature

Received all of the above listed property (minus any property previously released as indicated on this receipt)

LOCATION OF PROPERTY

on this 11 day of _Jan_ 19_92, at 1625 ☐ AM ☒ PM.

# 1

PRISONER'S SIGNATURE X Anthony Vaughn

### RELEASED ITEMS RECORD

| DATE | ITEM(S) RELEASED | SIGNATURE OF PERSON AUTHORIZING RELEASE | SIGNATURE OF PERSON RECEIVING ITEM(S) | SIGNATURE OF OFFICER RELEASING ITEM(S) |
| --- | --- | --- | --- | --- |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

COUNTY SHERIFF'S DEPARTMENT

INMATE PROPERTY ISSUE

INMATE ID # _10,631_

NAME: _Anthony Vaughn_     DATE: _03 Jan 92_ TIME _1525_     HRS.

ITEMS ISSUED TO THE INMATE:

|  |  | CONDITION | | | | | ISSUED | |
|---|---|---|---|---|---|---|---|---|
|  |  | GOOD | FAIR |  |  |  | YES | NO |
| (1) | Mattress # _____ | [ ] | [ ] |  |  |  |  |  |
| (2) | Pillow # _____ | [ ] | [ ] | (11) | Toothpaste | | [ ] | [ ] |
| (3) | Fitted Sheet # _____ | [ ] | [ ] | (12) | Toothbrush | | [ ] | [ ] |
| (4) | Reg. Sheet # _____ | [ ] | [ ] | (13) | Soap | | [ ] | [ ] |
| (5) | Blanket # _____ | [ ] | [ ] | (14) | Cup | | [ ] | [ ] |
| (6) | Pillow Case # _____ | [ ] | [ ] |  |  |  |  |  |
| (7) | Pants # _____ | [ ] | [ ] |  |  |  |  |  |
| (8) | Shirt # _____ | [ ] | [ ] |  |  |  |  |  |
| (9) | Towel # _____ | [ ] | [ ] |  |  |  |  |  |
| (10) | Wash Cloth # _____ | [ ] | [ ] |  |  |  |  |  |

NOTICE TO INMATE: DEFACING, DESTRUCTION, ALTERING, OR LOSS OF THE COUNTY PROPERTY THAT YOU
HAVE BEEN ISSUED, WILL RESULT IN DISCIPLINARY AND OR CRIMINAL ACTION BEING TAKEN AGAINST YOU.
ALL ISSUED ITEMS WILL BE RETURNED TO JAIL OFFICERS WHEN YOU ARE RELEASED.

I HAVE RECEIVED THE ABOVE LISTED ITEMS FROM THE LEE COUNTY SHERIFF'S DEPARMENT AND I HAVE
READ AND UNDERSTAND THE ABOVE "NOTICE TO THE INMATE" CONCERNING THE ISSUED ITEMS.

_Anthony K. Vaughn_
INMATES SIGNATURE

THE ABOVE INMATE HAS BEEN ISSUED THE ABOVE LISTED ITEMS AND HAS READ AND UNDERSTANDS THE
"NOTICE TO THE INMATE".  IF THE INMATE COULD NOT READ, I HAVE READ IT TO HIM/HER AND
ANSWERED ANY QUESTIONS THAT THE INMATE MIGHT HAVE.

JAILERS SIGNATURE

CONDITION OF RETURNED ITEMS:

|  |  | GOOD | FAIR |  |  |  | GOOD | FAIR |
|---|---|---|---|---|---|---|---|---|
| (1) | MATTRESS # _____ | [ ] | [ ] | (6) CUP # _____ | | | [ ] | [ ] |
| (2) | FITTED SHEET # _____ | [ ] | [ ] | (7) SHIRT # _____ | | | [ ] | [ ] |
| (3) | BLANKET # _____ | [ ] | [ ] | (8) TOWEL # _____ | | | [ ] | [ ] |
| (4) | PANTS # _____ | [ ] | [ ] | (9) PILLOW CASE # _____ | | | [ ] | [ ] |
| (5) | SHEET (REG) # _____ | [ ] | [ ] | (10) PILLOW # _____ | | | [ ] | [ ] |
|  |  |  |  | (11) WASH CLOTH # _____ | | | [ ] | [ ] |

DATE: _____     TIME: _____ HRS.

JAILERS SIGNATURE: _____

LEE COUNTY SHERIFF'S DEPARTMENT

JAIL DIVISION

ENEMIES LIST

DATE: _____03 Jan 92_____    TIME: _____1525_____

_____Anthony Vaughn_____    _____10631_____
INMATES NAME                I.D. #

____ (1)  HAS STATED THAT THE FOLLOWING INMATES WOULD CAUSE HARM TO HIM IF
          PLACED IN THE SAME CELL.

 ✓  (2)  HAS STATED THAT NO INMATE OF THE LEE COUNTY JAIL WOULD CAUSE HIM
          HARM AFTER BEING SHOWN A COPY OF THE JAIL LIST.

INMATE'S NAME:_____    REASON: _____

_____

INMATE'S NAME:_____    REASON: _____

_____

INMATE'S NAME:_____    REASON: _____

_____

INMATE'S NAME:_____    REASON: _____

_____

INMATE'S NAME:_____    REASON:_____

_____


_____Welch_____                    _____K Anthony K Vaughn_____
JAILER'S NAME                      INMATE'S SIGNATURE

LEE COUNTY SHERIFF'S DEPARTMENT
JAIL DIVISION

REGULATIONS RECEIPT

DATE: _03 Jan 92_    TIME: _1525_ HRS.    ID# _10,631_

I _Anthony Vaughn_ HAVE RECEIVED A COPY OF THE RULES AND
REGULATIONS GOVERNING INMATES IN THE LEE COUNTY JAIL.  I UNDERSTAND THAT WHILE
IN THIS INSTITUTION I WILL ABIDE BY THESE RULES AND REGULATIONS.

GRADE COMPLETED IN SCHOOL: _11th_          X _Anthony K. Vaughn_
                                             INMATES SIGNATURE

_Wilson_
OFFICER'S SIGNATURE

```
/30/2006      16:42:32      LEE COUNTY SHERIFF'S OFFICE
                            INMATE BOOKING SHEET
                                                              PAGE    1
================================================================================
OOKING NO: 060005281

NMATE NAME: VAUGHN ANTHONY KEITH
      ALIAS:
      ALIAS:                                RACE: B      SEX: M
    ADDRESS: 204 CHESTER AVE.               HT: 6'01"   HAIR: BLK
CITY/ST/ZIP: OPELIKA, AL 36801             WT: 190      EYES: BRO
 HOME PHONE: 334-███████              COMPLEX: BLK
        DOB: ██████      AGE:  34         SSN: ████████
  PLCE BIRTH: OPELIKA                     DL ST:        DLN:
      STATE: AL                           SID:
   M. STATUS: MARRIED                    LOCID: 10631
    RELIGION: BAPT
 GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
     REMARKS:
---------------------------- NEXT OF KIN ----------------------------
```

| STATE OF ALABAMA UNIFIED JUDICIAL SYSTEM LEE COUNTY FORM CC-30 | **COMMITTAL TO CUSTODY** | CASE NUMBER CS-96-167.01 |
| --- | --- | --- |
| | | ID    YR    Case No. |

Bridget Jones, *        IN THE Circuit COURT OF
PLAINTIFF

| State of Alabama Unified Judicial System Form C-42  Rev 6/88 | **ORDER OF RELEASE FROM JAIL** | Case Number CC 97-724 96-610 04-1071 |
| --- | --- | --- |

IN THE _Circuit_ COURT OF _Lee_ COUNTY
STATE OF ALABAMA    v. _Anthony Keith Vaugn_    04-777 05-193, 194

**TO THE JAILER WITH CUSTODY OF THE DEFENDANT**

You are ordered to release from your custody the above named defendant, charged with the offense of _____

Reason for Release _$450.00 jail credit, review - March 2, 07 @ 1:30 p.m._

Date _November 17, 06_                    By: _____
COURT RECORD (Original)    JAILER (Copy)    Judge/Clerk

JUDGE

3 Hrs + ...

NMATE: _Anthony K. Vaughn_    DATE: 10/    TIME: _____
OOK OFFICER: _____    DATE: 130    TIME: _____

```
10/30/2006     16:42:32      LEE COUNTY SHERIFF'S OFFICE
                             INMATE BOOKING SHEET                    PAGE    2
================================================================================
BOOKING NO: 060005281       INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
            COURT:                   ATTORNEY ON REC:
            JUDGE:                        PHONE: 000-000-0000
          REMARKS:
          REMARKS:
--------------------------------------------------------------------------------
     BOOK DATE: 10/30/2006  BOOK TIME: 16:13  BOOK TYPE: NORMAL

   ARREST DATE: 10/30/2006          BOOKING OFFICER: THOMAS D34
   ARREST DEPT: LCSO                CELL ASSIGNMENT: F3
 ARRST OFFICER: FLOURNOY                  MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000                 FACILITY: 01   COUNTY JAIL
 SEARCH OFFCR: SGT TABB             CLASSIFICATION:
   TYPE SEARCH: STRIP                 WORK RELEASE: N
 INTOX RESULTS: SOBER

         HOLDS: N
        AGENCY:                 REASON:
        AGENCY:                 REASON:
        AGENCY:                 REASON:
        AGENCY:                 REASON:

         NOTES:
         NOTES:
         NOTES:
```

```
.0/30/2006    16:42:32        LEE COUNTY SHERIFF'S OFFICE
                              INMATE CHARGE SHEET                    PAGE    3
===============================================================================
BOOKING NO: 060005281      INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
   CHARGE NO:   1  DISPOSITION: OPEN          HOLD: N

ALA STATUTE: CS 96 167.01            # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT            WARRANT #:
     CASE #:
   BOND AMT: NO BOND                    FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006           ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                   COUNTY: LEE
      COURT: DISTRICT                    JUDGE: BUSH
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
   CHARGE NO:   2  DISPOSITION: OPEN          HOLD: N

ALA STATUTE: CS 01 86.00             # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT            WARRANT #:
     CASE #:
   BOND AMT: NO BOND                    FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006           ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                   COUNTY: LEE
      COURT: DISTRICT                    JUDGE: BUSH
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
   CHARGE NO:   3  DISPOSITION: OPEN          HOLD: N

ALA STATUTE: CC 96 610.00            # OF COUNTS:    1
    OFFENSE: FTA/APPEAL               WARRANT #:
     CASE #:
   BOND AMT: NO BOND                    FINE: 500.00  $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006           ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                   COUNTY: LEE
      COURT:                             JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
```

```
10/30/2006    16:42:32    LEE COUNTY SHERIFF'S OFFICE
                          INMATE CHARGE SHEET                    PAGE    4
==============================================================================
BOOKING NO: 060005281    INMATE NAME: VAUGHN ANTHONY KEITH
==============================================================================
    CHARGE NO:   4  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 97 724.00            # OF COUNTS:    1
    OFFENSE: FTA/TOP I                   WARRANT #:
     CASE #:
    BOND AMT: NO BOND                        FINE: 500.00 $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006                ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                        COUNTY: LEE
      COURT:                                  JUDGE: WALKER
DEF ATTORNY:                         DIST ATTORNY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------------
    CHARGE NO:   5  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 01 1071.00           # OF COUNTS:    1
    OFFENSE: FTA/PISTOL                  WARRANT #:
     CASE #:
    BOND AMT: NO BOND                        FINE: 500.00 $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006                ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                        COUNTY: LEE
      COURT:                                  JUDGE: WALKER
DEF ATTORNY:                         DIST ATTORNY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------------
    CHARGE NO:   6  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 04 220.00            # OF COUNTS:    1
    OFFENSE: FTA/DV III                  WARRANT #:
     CASE #:
    BOND AMT: NO BOND                        FINE: 500.00 $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006                ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                        COUNTY: LEE
      COURT:                                  JUDGE: WALKER
DEF ATTORNY:                         DIST ATTORNY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------------
```

```
10/30/2006   16:42:32        LEE COUNTY SHERIFF'S OFFICE
                             INMATE CHARGE SHEET              PAGE    5
=================================================================
BOOKING NO: 060005281   INMATE NAME: VAUGHN ANTHONY KEITH
=================================================================
  CHARGE NO:   7  DISPOSITION: OPEN          HOLD: N

ALA STATUTE: CC 04 221.00        # OF COUNTS:   1
    OFFENSE: FTA/DV III             WARRANT #:
     CASE #:
   BOND AMT: NO BOND                        FINE: 500.00 $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006             ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                   COUNTY: LEE
      COURT:                             JUDGE:
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-----------------------------------------------------------------
  CHARGE NO:   8  DISPOSITION: OPEN          HOLD: N

ALA STATUTE: CC 04 794.00        # OF COUNTS:   1
    OFFENSE: FTA/DV III             WARRANT #:
     CASE #:
   BOND AMT: NO BOND                        FINE: 500.00 $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006             ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                   COUNTY: LEE
      COURT:                             JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-----------------------------------------------------------------
  CHARGE NO:   9  DISPOSITION: OPEN          HOLD: N

ALA STATUTE: CC 05 193.00        # OF COUNTS:   1
    OFFENSE: FTA/DV III             WARRANT #:
     CASE #:
   BOND AMT: NO BOND                        FINE: 500.00 $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006             ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                   COUNTY: LEE
      COURT:                             JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-----------------------------------------------------------------
```

```
                        LEE COUNTY SHERIFF'S OFFICE
10/30/2006    16:42:32        INMATE CHARGE SHEET              PAGE    6
================================================================================
BOOKING NO: 060005281      INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
   CHARGE NO:  10  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 05 194.00          # OF COUNTS:    1
     OFFENSE: FTA/CRIM TRESS III    WARRANT #:
      CASE #:
    BOND AMT: NO BOND                    FINE: 500.00 $0.00
    BAIL AMT:
 INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 10/30/2006           ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                  COUNTY: LEE
      COURT:                            JUDGE: WALKER
 DEF ATTORNY:                      DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
--------------------------------------------------------------------------------
```

```
LEE COUNTY SHERIFF'S OFFICE
10/30/2006   16:42:32    MEDICAL SCREENING FORM                    PAGE 1
============================================================================

Booking No: 060005281  Date: 10/30/2006  Time: 16:13  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B        Sex: M
       DOB: ▓▓▓▓▓ Age:  34  SSN: ▓▓▓▓▓▓  Height: 6'01"  Weight: 190
----------------------------------------------------------------------------
```

No   1.  Is inmate unconscious?

No   2.  Does inmate have any visible signs of trauma, illness, obvious pain
         and bleeding, requiring immediate emergency or doctor's care?

No   3.  Is there obvious fever, swollen lymph nodes, jaundice or other
         evidence of infection that might spread through the facility?

No   4.  Any signs of poor skin condition, vermin, rashes or needle marks?

No   5.  Does inmate appear to be under the influence of drugs or alcohol?

No   6.  Any visible signs of alcohol or drug withdrawal?

No   7.  Does inmate's behavior suggest the risk of suicide or assault?

No   8.  Is inmate carrying any medication?

No   9.  Does the inmate have any physical deformities?

No   10. Does inmate appear to have psychiatric problems?

     11. Do you have or have you ever had or has anyone in your family
         ever had any of the following?

No  a. Allergies      NO  f. Fainting Spells    NO  k. Seizures
No  b. Arthritis      No  g. Hearing Condition  No  l. Tuberculosis
No  c. Asthma         NO  h. Hepatitis          No  m. Ulcers
NO  d. Diabetes       NO  i. High Blood Pressure No n. Venereal Disease
No  e. Epilepsy       No  j. Psychiatric Disorder No o. Other (Specify)

Other:  _____

        _____

        _____


     12. For females only:

         a. Are you pregnant?

         b. Do you take birth control pills?

         c. Have you recently delivered?

LEE COUNTY SHERIFF'S OFFICE
```
10/30/2006    16:42:32    MEDICAL SCREENING FORM              PAGE 2
============================================================================
Booking No: 060005281  Date: 10/30/2006  Time: 16:13  Type: NORMAL
Agency to Bill: LEE COUNTY                 Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH               Race: B        Sex: M
     DOB: ███████████ Age: 34  SSN:█████████   Height: 6'01"  Weight: 190
----------------------------------------------------------------------------
```

__No__  13.  Have you recently been hospitalized or treated by a doctor?

__No__  14.  Do you currently take any non-prescription medication or medication
             prescribed by a doctor?

__No__  15.  Are you allergic to any medication?

__No__  16.  Do you have any handicaps or conditions that limit activity?

__No__  17.  Have you ever attempted suicide or are you thinking about it now?

__No__  18.  Do you regularly use alcohol or street drugs?

__No__  19.  Do you have any problems when you stop drinking or using drugs?

__No__  20.  Do you have a special diet prescribed by a physician?

__No__  21.  Do you have any problems or pain with your teeth?

__No__  22.  Do you have any other medical problems we should know about?

_____

_____

_____

_____

_____

_____

_____

_____


I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: _Anthony K. Vaughn_    DATE: _10/_    TIME: _____

BOOK OFFICER: _____ 2034    DATE: _/30_    TIME: _____

```
LEE COUNTY SHERIFF'S OFFICE
05/08/2006    10:52:32        INMATE RELEASE SHEET                    PAGE    1
================================================================================
BOOKING NO: 060002057

INMATE NAME: VAUGHN ANTHONY KEITH
      ALIAS:                               RACE: B      SEX: M
      ALIAS:                               HT: 6'01"  HAIR: BLK
    ADDRESS: 204 CHESTER AVE.              WT: 190    EYES: BRO
 CITY/ST/ZIP: OPELIKA, AL 36801        COMPLEX: BLK
 HOME PHONE: 334                            SSN
        DOB:         AGE:  33           DL ST:              DLN:
  PLCE BIRTH: OPELIKA                      SID:
       STATE: AL                        LOCID: 10631
  M. STATUS: MARRIED
    RELIGION: BAPT
  GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
     REMARKS:
----------------------------- NEXT OF KIN ------------------------------------
 NEXT OF KIN: DOROTHY VAUGHN              RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                     PHONE: 334-749-5414
 CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
----------------------------- EMPLOYER INFO ----------------------------------
    EMPLOYED: N
EMPLOYER NAME:
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
------------------------------- MEDICAL --------------------------------------
 HANDICAPPED: N   NEEDS: N
     GLASSES: N   SMOKE: N
MEDICAL NEEDS: N   NEEDS:
   PHYSICIAN:                     PHONE: 000-000-0000
     REMARKS: NONE CLAIMED

     REMARKS:
     REMARKS:
------------------------------- PROPERTY -------------------------------------
        CASH:       $00.00
 DESCRIPTION:
ADD. PROPERTY: STREET CLOTHES,KIFE,BOX CUTTER,LIGHTER,NECK CHAIN,CARD
ADD. PROPERTY: CHERRY CHAP ET
ADD. PROPERTY:
  BIN NUMBER: 71
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
```

All Property released to Officer

X *anthony Vaughn*

================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: *anthony K Vaughn*        DATE: _____    TIME: _____

BOOK OFFICER: *L M Gram*        DATE: _____    TIME: _____

```
05/08/2006    10:52:32          LEE COUNTY SHERIFF'S OFFICE                      PAGE    2
                                INMATE RELEASE SHEET
=================================================================================
BOOKING NO: 060002057    INMATE NAME: VAUGHN ANTHONY KEITH
=================================================================================
        COURT: DISTRICT           ATTORNEY ON REC:
        JUDGE: BUSH                        PHONE: 000-000-0000
      REMARKS:
      REMARKS:
---------------------------------------------------------------------------------
    BOOK DATE: 04/26/2006  BOOK TIME: 09:35  BOOK TYPE: NORMAL

   ARREST DATE: 04/26/2006          BOOKING OFFICER: BROWN N
   ARREST DEPT: LCSO                CELL ASSIGNMENT:
 ARRST OFFICER: DALEY                     MEAL CODE: 01  LEE COUNTY
 PROJ. RLSDATE: 00/00/0000                 FACILITY: 01  COUNTY JAIL
 SEARCH OFFCR: CPL HILL             CLASSIFICATION:
  TYPE SEARCH: PAT                   WORK RELEASE: N
INTOX RESULTS: SOBER

        HOLDS: Y
       AGENCY: OPD               REASON: 4 WARRANTS
       AGENCY:                   REASON:
       AGENCY:                   REASON:
       AGENCY:                   REASON:

        NOTES:
        NOTES:
        NOTES:
=================================================================================
 RELEASE DATE: 05/08/2006  RELEASE TIME: 10:52    # DAYS SERVED:    13

RELEASE OFFICER: INGRAM
   RELEASE TYPE: ORD OF REL JUDGE BUSH
       REMARKS: RELEASED TO OPD
       REMARKS:
       REMARKS:
=================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____    DATE:_____    TIME:_____

BOOK OFFICER:_____    DATE:_____    TIME:_____
```

```
                           LEE COUNTY SHERIFF'S OFFICE
05/08/2006    10:52:32           INMATE CHARGE SHEET                    PAGE     3
===================================================================================
BOOKING NO: 060002057       INMATE NAME: VAUGHN ANTHONY KEITH
===================================================================================
    CHARGE NO:   1  DISPOSITION: RELEASED              HOLD: N

ALA STATUTE: CS 1996 000167.01        # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT             WARRANT #:
     CASE #: CS 1996 000167.01
   BOND AMT: NO BOND                          FINE:   $30,194.54
   BAIL AMT: NO BOND
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 05/08/2006
ARREST DATE: 04/26/2006            ARST AGENCY: LCSO
ARST OFFICR: DALEY                      COUNTY: LEE
      COURT: DISTRICT                    JUDGE: BUSH
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY L43D22
------------------------------------------------------------------------------------
    CHARGE NO:   2  DISPOSITION: RELEASED              HOLD: N

ALA STATUTE: CS 2001 000086.00        # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT             WARRANT #:
     CASE #: CS 2001 000086.00
   BOND AMT: NO BOND                          FINE:   $12,683.70
   BAIL AMT: NO BOND
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 05/08/2006
ARREST DATE: 04/26/2006            ARST AGENCY: LCSO
ARST OFFICR: DALEY                      COUNTY: LEE
      COURT: DISTRICT                    JUDGE: LANE
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY L43D22
------------------------------------------------------------------------------------
```

```
04/26/2006    09:50:52    LEE COUNTY SHERIFF'S OFFICE
                          INMATE BOOKING SHEET                    PAGE    1
=================================================================================
BOOKING NO: 060002057

INMATE NAME: VAUGHN ANTHONY KEITH
      ALIAS:                                   RACE: B      SEX: M
      ALIAS:                                   HT: 6'01"   HAIR: BLK
    ADDRESS: 204 CHESTER AVE.                  WT: 190     EYES: BRO
CITY/ST/ZIP: OPELIKA, AL 36801             COMPLEX: BLK
 HOME PHONE: 334-                               SSN:
        DOB:            AGE:  33             DL ST:             DLN:
 PLCE BIRTH: OPELIKA                           SID:
      STATE: AL                              LOCID: 10631
  M. STATUS: MARRIED
   RELIGION: BAPT
 GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
      REMARKS:
```

| State of Alabama<br>Unified Judicial System<br><br>Form C-42   Rev 6/88 | **ORDER OF RELEASE<br>FROM JAIL** | Case Number<br><br>CS 96-167<br>CS01-86 |
|---|---|---|

IN THE ___District___ COURT OF ___Lee___ COUNTY

STATE OF ALABAMA   v. ___Anthony Keith Vaughn___

**TO THE JAILER WITH CUSTODY OF THE DEFENDANT**

You are ordered to release from your custody the above named defendant, charged with the offense of ___
___Contempt of Court-Child Support___

Reason for Release ___Set for review 6-19-06___

Date ___8 May 2006___                                    By: ___

COURT RECORD  (Original)    JAILER   (Copy)    Judge/Clerk

```
                                PROPERTY
=================================================================================
       CASH:      $00.00
DESCRIPTION:
ADD. PROPERTY: STREET CLOTHES,KIFE,BOX CUTTER,LIGHTER,NECK CHAIN,CARD
ADD. PROPERTY: CHERRY CHAP ET
ADD. PROPERTY:
 BIN NUMBER: 71
VEH IMPOUNDED:
IMPOUND LOT:
    REMARKS:
    REMARKS:
=================================================================================
```

*All property to released to officer*

I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: ___Anthony K. Vaughn___   DATE: ___4/26/___   TIME: ___

BOOK OFFICER: ___Brown___   DATE: ___10___   TIME: ___9:50___

```
04/26/2006     09:50:52          INMATE BOOKING SHEET                    PAGE    2
====================================================================================
BOOKING NO: 060002057     INMATE NAME: VAUGHN ANTHONY KEITH
====================================================================================
          COURT: DISTRICT          ATTORNEY ON REC:
          JUDGE: BUSH                        PHONE: 000-000-0000
        REMARKS:
        REMARKS:
------------------------------------------------------------------------------------
    BOOK DATE: 04/26/2006  BOOK TIME: 09:35  BOOK TYPE: NORMAL
------------------------------------------------------------------------------------
   ARREST DATE: 04/26/2006          BOOKING OFFICER: BROWN N
   ARREST DEPT: LCSO                CELL ASSIGNMENT: HC3
 ARRST OFFICER: LCSO                      MEAL CODE: 01  LEE COUNTY
 PROJ. RLSDATE: 00/00/0000                 FACILITY: 01  COUNTY JAIL
  SEARCH OFFCR: CPL HILL            CLASSIFICATION:
   TYPE SEARCH: PAT                   WORK RELEASE: N
 INTOX RESULTS: SOBER

        HOLDS: N  yes
       AGENCY: OPD          REASON: 4 warrants
       AGENCY:              REASON:
       AGENCY:              REASON:
       AGENCY:              REASON:

        NOTES:
        NOTES:
        NOTES:
```

```
04/26/2006    09:50:52        INMATE CHARGE SHEET                    PAGE    3
                          LEE COUNTY SHERIFF'S OFFICE
================================================================================
BOOKING NO: 060002057       INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
    CHARGE NO:   1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS 1996 000167.01        # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT             WARRANT #:
     CASE #: CS 1996 000167.01
    BOND AMT: NO BOND                          FINE:   $30,194.54
    BAIL AMT:
INIT APPEAR: 00/00/0000        SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/26/2006           ARST AGENCY: LCSO
ARST OFFICR: LCSO                      COUNTY: LEE
      COURT: DISTRICT                   JUDGE: BUSH
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
    CHARGE NO:   2  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS 2001 000086.00        # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT             WARRANT #:
     CASE #: CS 2001 000086.00
    BOND AMT:                                  FINE:   $12,683.70
    BAIL AMT:
INIT APPEAR: 00/00/0000        SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/26/2006           ARST AGENCY: LCSO
ARST OFFICR: DALEY                     COUNTY: LEE
      COURT: DISTRICT                   JUDGE: LANE
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
```

LEE COUNTY SHERIFF'S OFFICE

04/26/2006    09:50:52    MEDICAL SCREENING FORM    PAGE 1

===========================================================================

Booking No: 060002057  Date: 04/26/2006  Time: 09:35  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

---------------------------------------------------------------------------

Inmate Name: VAUGHN ANTHONY KEITH                Race: B      Sex: M
    DOB: ██████ Age: 33  SSN: ██████    Height: 6'01"  Weight: 190

---------------------------------------------------------------------------

NO   1.  Is inmate unconscious?

NO   2.  Does inmate have any visible signs of trauma, illness, obvious pain
         and bleeding, requiring immediate emergency or doctor's care?

NO   3.  Is there obvious fever, swollen lymph nodes, jaundice or other
         evidence of infection that might spread through the facility?

NO   4.  Any signs of poor skin condition, vermin, rashes or needle marks?

NO   5.  Does inmate appear to be under the influence of drugs or alcohol?

NO   6.  Any visible signs of alcohol or drug withdrawal?

NO   7.  Does inmate's behavior suggest the risk of suicide or assault?

NO   8.  Is inmate carrying any medication?

NO   9.  Does the inmate have any physical deformities?

NO  10.  Does inmate appear to have psychiatric problems?

    11.  Do you have or have you ever had or has anyone in your family
         ever had any of the following?

    NO  a. Allergies    NO  f. Fainting Spells    NO  k. Seizures

    NO  b. Arthritis    NO  g. Hearing Condition  NO  l. Tuberculosis

    NO  c. Asthma       NO  h. Hepatitis          NO  m. Ulcers

    NO  d. Diabetes     NO  i. High Blood Pressure NO  n. Venereal Disease

    NO  e. Epilepsy     NO  j. Psychiatric Disorder NO  o. Other (Specify)

    Other: _____

           _____

           _____

    12.  For females only:

         _____ a. Are you pregnant?

         _____ b. Do you take birth control pills?

         _____ c. Have you recently delivered?

```
04/26/2006    09:50:52    MEDICAL SCREENING FORM                    PAGE 2
================================================================================
Booking No: 060002057  Date: 04/26/2006  Time: 09:35  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH                Race: B        Sex: M
    DOB: ██████████  Age:  33  SSN: ██████████  Height: 6'01"  Weight: 190
--------------------------------------------------------------------------------
```

NO  13.  Have you recently been hospitalized or treated by a doctor?

NO  14.  Do you currently take any non-prescription medication or medication
         prescribed by a doctor?

NO  15.  Are you allergic to any medication?

NO  16.  Do you have any handicaps or conditions that limit activity?

NO  17.  Have you ever attempted suicide or are you thinking about it now?

yes 18.  Do you regularly use alcohol or street drugs?

NO  19.  Do you have any problems when you stop drinking or using drugs?

NO  20.  Do you have a special diet prescribed by a physician?

NO  21.  Do you have any problems or pain with your teeth?

NO  22.  Do you have any other medical problems we should know about?

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: _Anthony K. Vaughn_       DATE: 4/26/06      TIME: _____

BOOK OFFICER: _Brown_             DATE: _____     TIME: 9:50

```
12/05/2005    16:34:47           LEE COUNTY SHERIFF'S OFFICE           PAGE      1
                                 INMATE RELEASE SHEET
================================================================================
BOOKING NO: 050005761

INMATE NAME: VAUGHN ANTHONY KEITH
      ALIAS:                              RACE: B       SEX: M
      ALIAS:                              HT: 6'01"  HAIR: BLK
    ADDRESS: #18 RAINBOW T.P.             WT: 190    EYES: BRO
CITY/ST/ZIP: OPELIKA, AL 36801        COMPLEX: BLK
 HOME PHONE: 334-                          SSN:
        DOB:            AGE:  33        DL ST:              DLN:
 PLCE BIRTH: OPELIKA                       SID:
      STATE: AL                          LOCID: 10631
  M. STATUS:
   RELIGION: BAPT
 GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
      REMARKS:
------------------------------ NEXT OF KIN ------------------------------------
 NEXT OF KIN: DOROTHY VAUGHN          RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                  PHONE: 334-749-5414
 CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
----------------------------- EMPLOYER INFO -----------------------------------
    EMPLOYED: Y
EMPLOYER NAME: CITY OF OPELIKA
     ADDRESS:
 CITY/ST/ZIP: OPELIKA, AL 36801
       PHONE: 000-000-0000
------------------------------- MEDICAL ---------------------------------------
 HANDICAPPED: N   NEEDS: N
     GLASSES: N   SMOKE: N
MEDICAL NEEDS: N   NEEDS:
   PHYSICIAN:                      PHONE: 000-000-0000
     REMARKS: NONE CLAIMED

     REMARKS:
     REMARKS:
------------------------------- PROPERTY --------------------------------------
        CASH:      $00.73
 DESCRIPTION:
ADD. PROPERTY: STREET CLOTHES.WATCH,NECKLACE,KEYS,BELT,CHAPSTICK,PILLS
ADD. PROPERTY: BUGLER PAPERS,KNIFE
ADD. PROPERTY:
  BIN NUMBER: 173
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____  DATE: 12-5-05  TIME: 4:40

BOOK OFFICER: _____  DATE: _____  TIME: _____
```

```
12/05/2005    16:34:47        INMATE RELEASE SHEET                    PAGE    2
==================================================================================
BOOKING NO: 050005761      INMATE NAME: VAUGHN ANTHONY KEITH
==================================================================================
          COURT:                      ATTORNEY ON REC:
          JUDGE:                          PHONE: 000-000-0000
        REMARKS:
        REMARKS:
----------------------------------------------------------------------------------
     BOOK DATE: 12/04/2005  BOOK TIME: 12:32  BOOK TYPE: NORMAL

   ARREST DATE: 12/04/2005          BOOKING OFFICER: WHEELER
   ARREST DEPT: LCSO               CELL ASSIGNMENT:
 ARRST OFFICER: PURVIS                   MEAL CODE: 01  LEE COUNTY
 PROJ. RLSDATE: 00/00/0000                FACILITY: 01  COUNTY JAIL
 SEARCH OFFCR: CPL LYES             CLASSIFICATION:
   TYPE SEARCH: PAT                  WORK RELEASE: N
 INTOX RESULTS:

         HOLDS: Y
        AGENCY: OPD            REASON: INV DUNSON
        AGENCY:               REASON:
        AGENCY:               REASON:
        AGENCY:               REASON:

         NOTES:
         NOTES:
         NOTES:
==================================================================================
 RELEASE DATE: 12/05/2005  RELEASE TIME: 16:34   # DAYS SERVED:    2

RELEASE OFFICER: INGRAM
   RELEASE TYPE: ORD OF REL JUDGE WALKER
        REMARKS: JUDGE BUSH
        REMARKS: NCIC CLEAR SERITA
        REMARKS:
==================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____  DATE:_____  TIME:_____

BOOK OFFICER:_____  DATE:_____  TIME:_____
```

```
12/05/2005   16:34:47        LEE COUNTY SHERIFF'S OFFICE              PAGE    3
                             INMATE CHARGE SHEET
================================================================================
BOOKING NO: 050005761      INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
  CHARGE NO:   1  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CS2001-000086.         # OF COUNTS:   1
    OFFENSE: CHILDSUPPORT              WARRANT #:
     CASE #: CS2001-000086.
   BOND AMT: RELEASED                      FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005          ARST AGENCY: LCSO
ARST OFFICR: PURVIS                   COUNTY: LEE
      COURT: JUDICAL                   JUDGE: BUSH
DEF ATTORNY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
  CHARGE NO:   2  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CS1996-000167.01       # OF COUNTS:   2
    OFFENSE: CHILD SUPPORT            WARRANT #:
     CASE #: CS1996-000167.01
   BOND AMT: RELEASED                      FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005          ARST AGENCY: LCSO
ARST OFFICR: PURVIS                   COUNTY: LEE
      COURT: JUDICIAL                  JUDGE: BUSH
DEF ATTORNY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
  CHARGE NO:   3  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CC2005-000193.         # OF COUNTS:   3
    OFFENSE: FTA(DOM III)             WARRANT #:
     CASE #:
   BOND AMT: RELEASED                      FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005          ARST AGENCY: LCSO
ARST OFFICR: PURVIS                   COUNTY: LEE
      COURT:                           JUDGE: WALKER
DEF ATTORNY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
```

```
                        LEE COUNTY SHERIFF'S OFFICE
12/05/2005   16:34:47        INMATE CHARGE SHEET                    PAGE    4
==============================================================================
BOOKING NO: 050005761     INMATE NAME: VAUGHN ANTHONY KEITH
==============================================================================
   CHARGE NO:  4 DISPOSITION: RELEASED           HOLD: N

ALA STATUTE: CC2005-000194.         # OF COUNTS:   4
    OFFENSE: FTA(CRIM TRESSPASS)      WARRANT #:
     CASE #: CC05-000194
   BOND AMT: RELEASED                    FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005            ARST AGENCY: LCSO
ARST OFFICR: PURVIS                    COUNTY: LEE
      COURT:                            JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   CHARGE NO:  5 DISPOSITION: RELEASED           HOLD: N

ALA STATUTE: CC04-000220.00         # OF COUNTS:   5
    OFFENSE: FTA(DOM VIO III)        WARRANT #:
     CASE #: CC04-000220.00
   BOND AMT: RELEASED                    FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005            ARST AGENCY: LCSO
ARST OFFICR: PURVIS                    COUNTY: LEE
      COURT:                            JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   CHARGE NO:  6 DISPOSITION: RELEASED           HOLD: N

ALA STATUTE: CC2004- 000221.00      # OF COUNTS:   6
    OFFENSE: FTA(DO, VIO III ASSAULT)  WARRANT #:
     CASE #: CC2004-000221.
   BOND AMT: RELEASED                    FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005            ARST AGENCY: LCSO
ARST OFFICR: PURVIS                    COUNTY: LEE
      COURT:                            JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

```
12/05/2005   16:34:47      COUNTY SHERIFF'S OFFICE
                           INMATE CHARGE SHEET                    PAGE    5
================================================================================
BOOKING NO: 050005761    INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
  CHARGE NO:  7  DISPOSITION: RELEASED            HOLD: N

ALA STATUTE: CC2004-000794.        # OF COUNTS:    7
    OFFENSE: FTA  DOM VIOL III HARASSMENT   WARRANT #:
     CASE #: CC2004-000794.
   BOND AMT: RELEASED                          FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005             ARST AGENCY: LCSO
ARST OFFICR: PURVIS                     COUNTY: LEE
      COURT:                             JUDGE: WALKER
DEF ATTORNY:                       DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
```

```
                          LEE COUNTY SHERIFF'S OFFICE
12/04/2005    12:53:05     INMATE BOOKING SHEET                    PAGE     1
=================================================================================
BOOKING NO: 050005761

INMATE NAME: VAUGHN ANTHONY KEITH                    RACE: B      SEX: M
      ALIAS:                                         HT: 6'01"    HAIR: BLK
      ALIAS:                                         WT: 190      EYES: BRO
    ADDRESS: #18 RAINBOW T.P.                        COMPLEX: BLK
 CITY/ST/ZIP: OPELIKA, AL 36801
 HOME PHONE: 334                                     SSN:
        DOB:            AGE:   33                     DL ST:        DLN:
 PLCE BIRTH: OPELIKA                                  SID:
      STATE: AL                                      LOCID: 10631
  M. STATUS:
   RELIGION: BAPT
 GANG ASSOC: NO
 SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
 KNOWN ENEMIES: NONE
    REMARKS:
-------------------------- NEXT OF KIN -----------------------------------
 NEXT OF KIN. DOROTHY VAUGHN
```

| State of Alabama Unified Judicial System  Form C-42   Rev 6/88 | **ORDER OF RELEASE FROM JAIL** | Case Number CS 01-086 CS 96-167 |
| --- | --- | --- |

IN THE ___District___ COURT OF ___Lee___ COUNTY

| State of Alabama Unified Judicial System  Form C-42   Rev 6/88 | **ORDER OF RELEASE FROM JAIL** | Case Number CC 05 793, 794 C 04 290, 291, 794 |
| --- | --- | --- |

IN THE ___Circuit___ COURT OF ___lee___ COUNTY

STATE OF ALABAMA      v. ___Anthony Keith Vaughn___

**TO THE JAILER WITH CUSTODY OF THE DEFENDANT**

You are ordered to release from your custody the above named defendant, charged with the offense of _____
DV 2d, Crim Tres 2d, Hara-DV, Assault 2d, Assault 2d

**Reason for Release** ___Review 2/16/06 1:30 pm___

Date ___12/5/05___                                By: _____

COURT RECORD   (Original)      JAILER   (Copy)      Judge/Clerk

REMARKS:
=================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: ___Anthony Vaughn___      DATE: _____   TIME: _____

BOOK OFFICER: _____      DATE: 12-04-05  TIME: _____

```
12/04/2005    12:53:05        LEE COUNTY SHERIFF'S OFFICE        PAGE    2
                              INMATE BOOKING SHEET
==============================================================================
BOOKING NO: 050005761       INMATE NAME: VAUGHN ANTHONY KEITH
==============================================================================
            COURT:                      ATTORNEY ON REC:
            JUDGE:                           PHONE: 000-000-0000
          REMARKS:
          REMARKS:
------------------------------------------------------------------------------
    BOOK DATE: 12/04/2005  BOOK TIME: 12:32  BOOK TYPE: NORMAL

    ARREST DATE: 12/04/2005          BOOKING OFFICER: WHEELER
    ARREST DEPT: LCSO              CELL ASSIGNMENT: D-4  D-6
  ARRST OFFICER: PURVIS                  MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000               FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR: CPL LYES            CLASSIFICATION:
   TYPE SEARCH: PAT                  WORK RELEASE: N
 INTOX RESULTS:

          HOLDS: N
         AGENCY:                 REASON:
         AGENCY:                 REASON:
         AGENCY:                 REASON:
         AGENCY:                 REASON:

          NOTES:
          NOTES:
          NOTES:
```

```
                              LEE COUNTY SHERIFF'S OFFICE
12/04/2005    12:53:05         INMATE CHARGE SHEET                    PAGE     3
===============================================================================
BOOKING NO: 050005761      INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
  CHARGE NO:   1 DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS2001-000086.        # OF COUNTS:   1
    OFFENSE: CHILDSUPPORT            WARRANT #:
     CASE #: CS2001-000086.
    BOND AMT:                                     FINE:        $0.00
    BAIL AMT:
 INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 12/04/2005             ARST AGENCY: LCSO
 ARST OFFICR: PURVIS                      COUNTY: LEE
       COURT: JUDICAL                      JUDGE: LANE
 DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
  CHARGE NO:   2 DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS1996-000167.01      # OF COUNTS:   2
    OFFENSE: CHILD SUPPORT           WARRANT #:
     CASE #: CS1996-000167.01
    BOND AMT:                                     FINE:        $0.00
    BAIL AMT:
 INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 12/04/2005             ARST AGENCY: LCSO
 ARST OFFICR: PURVIS                      COUNTY: LEE
       COURT: JUDICIAL                     JUDGE: BUSH
 DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
  CHARGE NO:   3 DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC2005-000193.        # OF COUNTS:   3
    OFFENSE: FTA(DOM III)            WARRANT #:
     CASE #:
    BOND AMT:                                     FINE:        $0.00
    BAIL AMT:
 INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 12/04/2005             ARST AGENCY: LCSO
 ARST OFFICR: PURVIS                      COUNTY: LEE
       COURT:                              JUDGE: WALKER
 DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
```

```
                         LEE COUNTY SHERIFF'S OFFICE                    PAGE    4
12/04/2005   12:53:05         INMATE CHARGE SHEET
==============================================================================
BOOKING NO: 050005761      INMATE NAME: VAUGHN ANTHONY KEITH
==============================================================================
   CHARGE NO:   4 DISPOSITION: OPEN           HOLD: N

ALA STATUTE: CC2005-000194.           # OF COUNTS:    4
    OFFENSE: FTA(CRIM TRESSPASS)      WARRANT #:
     CASE #: CC05-000194
   BOND AMT:                             FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 12/04/2005           ARST AGENCY: LCSO
ARST OFFICR: PURVIS                   COUNTY: LEE
      COURT:                            JUDGE: WALKER
DEF ATTORNY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   CHARGE NO:   5 DISPOSITION: OPEN           HOLD: N

ALA STATUTE: CC04-000220.00           # OF COUNTS:    5
    OFFENSE: FTA(DOM VIO III)        WARRANT #:
     CASE #: CC04-000220.00
   BOND AMT:                             FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 12/04/2005           ARST AGENCY: LCSO
ARST OFFICR: PURVIS                   COUNTY: LEE
      COURT:                            JUDGE: WALKER
DEF ATTORNY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   CHARGE NO:   6 DISPOSITION: OPEN           HOLD: N

ALA STATUTE: CC2004- 000221.00        # OF COUNTS:    6
    OFFENSE: FTA(DO, VIO III ASSAULT) WARRANT #:
     CASE #: CC2004-000221.
   BOND AMT:                             FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 12/04/2005           ARST AGENCY: LCSO
ARST OFFICR: PURVIS                   COUNTY: LEE
      COURT:                            JUDGE: WALKER
DEF ATTORNY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

FTA Dom 3rd Harassment
CC2004- 000794.00   Walker
n/a Bond           Purvis

12/04/2005    12:53:05              LEE COUNTY SHERIFF'S OFFICE                    PAGE    5
                                    INMATE CHARGE SHEET
==================================================================================
BOOKING NO: 050005761         INMATE NAME: VAUGHN ANTHONY KEITH
==================================================================================

LEE COUNTY SHERIFF'S OFFICE

12/04/2005    12:53:05    MEDICAL SCREENING FORM                    PAGE 1
=====================================================================
Booking No: 050005761  Date: 12/04/2005  Time: 12:32  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B        Sex: M
    DOB: ~~████████~~  Age:  33  SSN: ~~████████~~  Height: 6'01"  Weight: 190
---------------------------------------------------------------------

NO  1.   Is inmate unconscious?

NO  2.   Does inmate have any visible signs of trauma, illness, obvious pain
         and bleeding, requiring immediate emergency or doctor's care?

NO  3.   Is there obvious fever, swollen lymph nodes, jaundice or other
         evidence of infection that might spread through the facility?

NO  4.   Any signs of poor skin condition, vermin, rashes or needle marks?

NO  5.   Does inmate appear to be under the influence of drugs or alcohol?

NO  6.   Any visible signs of alcohol or drug withdrawal?

NO  7.   Does inmate's behavior suggest the risk of suicide or assault?

NO  8.   Is inmate carrying any medication?

NO  9.   Does the inmate have any physical deformities?

NO  10.  Does inmate appear to have psychiatric problems?

    11.  Do you have or have you ever had or has anyone in your family
         ever had any of the following?

NO a. Allergies      NO f. Fainting Spells    NO k. Seizures

NO b. Arthritis      NO g. Hearing Condition  NO l. Tuberculosis

NO c. Asthma         NO h. Hepatitis          NO m. Ulcers

NO d. Diabetes       YES i. High Blood Pressure  NO n. Venereal Disease

NO e. Epilepsy       NO j. Psychiatric Disorder  NO o. Other (Specify)

Other:  _____

        _____

        _____

    12.  For females only:

        NO a. Are you pregnant?

        NO b. Do you take birth control pills?

        NO c. Have you recently delivered?

```
12/04/2005    12:53:05    MEDICAL SCREENING FORM                    PAGE 2
================================================================================
Booking No: 050005761  Date: 12/04/2005   Time: 12:32  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH                    Race: B      Sex: M
     DOB: ████████ 2 Age: 33  SSN: ████████ 1  Height: 6'01"  Weight: 190
--------------------------------------------------------------------------------
```

NO  13.  Have you recently been hospitalized or treated by a doctor?

NO  14.  Do you currently take any non-prescription medication or medication prescribed by a doctor?

NO  15.  Are you allergic to any medication?

NO  16.  Do you have any handicaps or conditions that limit activity?

NO  17.  Have you ever attempted suicide or are you thinking about it now?

NO  18.  Do you regularly use alcohol or street drugs?

NO  19.  Do you have any problems when you stop drinking or using drugs?

NO  20.  Do you have a special diet prescribed by a physician?

NO  21.  Do you have any problems or pain with your teeth?

NO  22.  Do you have any other medical problems we should know about?

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _Anthony K. Vaughn_          DATE: _____  TIME: _____

BOOK OFFICER: _____          DATE: 12-4-05  TIME: _____

```
05/02/2005   10:06:57          LEE COUNTY SHERIFF'S OFFICE              PAGE     1
                               INMATE RELEASE SHEET
===============================================================================
BOOKING NO: 050001749

INMATE NAME: VAUGHN ANTHONY KEITH
      ALIAS:                                RACE: B        SEX: M
      ALIAS:                                HT: 6'01"  HAIR: BLK
    ADDRESS: #18 RAINBOW T.P.               WT: 190    EYES: BRO
 CITY/ST/ZIP: OPELIKA, AL 36801         COMPLEX: BLK
 HOME PHONE: 334                            SSN
        DOB:              AGE:  32       DL ST:            DLN:
  PLCE BIRTH: OPELIKA                       SID:
       STATE: AL                          LOCID: 10631
   M. STATUS: SINGLE
    RELIGION: BAPT
  GANG ASSOC: NO
 SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
 KNOWN ENEMIES: NONE
      REMARKS:
----------------------------- NEXT OF KIN -------------------------------------
 NEXT OF KIN: DOROTHY VAUGHN              RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                     PHONE: 334-749-5414
 CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
---------------------------- EMPLOYER INFO ------------------------------------
    EMPLOYED: Y
 EMPLOYER NAME: CITY OF OPELIKA
     ADDRESS:
 CITY/ST/ZIP: OPELIKA, AL 36801
       PHONE: 000-000-0000
------------------------------- MEDICAL ---------------------------------------
 HANDICAPPED: N   NEEDS: N
     GLASSES: N   SMOKE: N
 MEDICAL NEEDS: N   NEEDS:
   PHYSICIAN:                          PHONE: 000-000-0000
     REMARKS: NONE CLAIMED

     REMARKS:
     REMARKS:
------------------------------ PROPERTY ---------------------------------------
        CASH:      $00.00
 DESCRIPTION: NONE TAKEN
 ADD. PROPERTY: BELT,2 KNIFES,LIGHTER,WATCH,RING(YELLOW)
 ADD. PROPERTY: NECKLACE(GREY),BLK HAT,GRY-WHT-BLK SWEATER
 ADD. PROPERTY: LIPCHAP,1 EARRING
  BIN NUMBER: 48
 VEH IMPOUNDED:
  IMPOUND LOT:
     REMARKS: NO INFO OF A VEHICLE
     REMARKS:
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:                        DATE: 5-2-05    TIME:

BOOK OFFICER:                  DATE:           TIME:
```

```
05/02/2005   10:06:57              INMATE RELEASE SHEET                   PAGE    2
================================================================================
BOOKING NO: 050001749      INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
          COURT:                      ATTORNEY ON REC:
          JUDGE:                            PHONE: 000-000-0000
        REMARKS:
        REMARKS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    BOOK DATE: 04/18/2005  BOOK TIME: 19:42  BOOK TYPE: NORMAL

    ARREST DATE: 04/18/2005        BOOKING OFFICER: THOMAS D34
    ARREST DEPT: LCSO              CELL ASSIGNMENT:
  ARRST OFFICER: SGT BLACK               MEAL CODE: 01   LEE COUNTY
  PROJ. RLSDATE: 00/00/0000               FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR: CPL COWHICK          CLASSIFICATION:
   TYPE SEARCH: DRESSED OUT           WORK RELEASE: N
 INTOX RESULTS: SOBER

          HOLDS: N
         AGENCY:                  REASON:
         AGENCY:                  REASON:
         AGENCY:                  REASON:
         AGENCY:                  REASON:

          NOTES:
          NOTES:
          NOTES:
================================================================================
  RELEASE DATE: 05/02/2005  RELEASE TIME: 10:06   # DAYS SERVED:    15

RELEASE OFFICER: BLACK
   RELEASE TYPE: ORD RLSE
        REMARKS: CLEAR DONNA
        REMARKS:
        REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____   DATE:_____   TIME:_____

BOOK OFFICER:_____   DATE:_____   TIME:_____
```

```
05/02/2005    10:06:57       INMATE CHARGE SHEET                    PAGE    3
===============================================================================
BOOKING NO: 050001749     INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
  CHARGE NO:   1  DISPOSITION: RELEASED            HOLD: N

ALA STATUTE: CS01-86              # OF COUNTS:   0
    OFFENSE: FTA/C/S              WARRANT #: CS 01 86.00
     CASE #:
   BOND AMT: NO BOND                     FINE:   $10,920.18
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005           ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                 COUNTY: LEE
      COURT:                            JUDGE:
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
  CHARGE NO:   2  DISPOSITION: RELEASED            HOLD: N

ALA STATUTE: CS96-167             # OF COUNTS:   1
    OFFENSE: FTA/C/S              WARRANT #: CS 96 167.01
     CASE #:
   BOND AMT: NO BOND                     FINE:   $27,613.26
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005           ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                 COUNTY: LEE
      COURT:                            JUDGE:
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
  CHARGE NO:   3  DISPOSITION: RELEASED            HOLD: N

ALA STATUTE:                      # OF COUNTS:   1
    OFFENSE: FTA/DVIII            WARRANT #: CC 04 220
     CASE #:
   BOND AMT: NO BOND                     FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005           ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                 COUNTY: LEE
      COURT:                            JUDGE:
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
```

```
05/02/2005    10:06:57       LEE COUNTY SHERIFF'S OFFICE
                              INMATE CHARGE SHEET                     PAGE    4
===============================================================================
BOOKING NO: 050001749     INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
   CHARGE NO:   4  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE:                           # OF COUNTS:   1
    OFFENSE: FTA/DV III                  WARRANT #: CC 04 221
     CASE #:
    BOND AMT: NO BOND                           FINE:      $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000               SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005                 ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                       COUNTY: LEE
      COURT:                                  JUDGE:
DEF ATTORNY:                          DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
   CHARGE NO:   5  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CC04-794                  # OF COUNTS:   1
    OFFENSE: COURT                       WARRANT #:
     CASE #: CC04-794
    BOND AMT:                                   FINE:      $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000               SENTENCE DATE: 00/00/0000
RELEASE DTE: 04/21/2005
ARREST DATE: 00/00/0000                 ARST AGENCY:
ARST OFFICR:                                 COUNTY:
      COURT:                                  JUDGE: WALKER
DEF ATTORNY:                          DIST ATTORNEY:
   COMMENTS: SET FOR REVIEW HEARING 9-22-05 130PM
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
```

# Exhibit B
# Affidavit of Corey Welch

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY KEITH VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 3:06-cv-1103-WKW |
| | ) | |
| OFFICER SCROGGINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF COREY WELCH

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Corey Welch, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.     My name is Corey Welch.  I am over the age of nineteen and competent to execute this affidavit.

2.     I am employed by the Lee County Sheriff's Office and assigned to serve as a corrections officer at the Lee County Detention Center.  I have worked as a correctional officer for over ten years, having obtained the rank of Lieutenant in November 2004.  I am both a graduate of the Police Academy and the Alabama Jail Management School.  Half of Lee County Detention Center staff is assigned to the red team and half is assigned to the blue team.  I am the red

team supervisor. I am in charge of work-release inmates and am the SPORT team administrator. Lt. Roberson and I are the highest ranking jail officials under Major Torbert and Sheriff Jones.

3.    I am familiar with the Plaintiff Anthony Keith Vaughn due to his incarceration in the Lee County Detention Center. The Plaintiff was a pretrial detainee at all times relevant to the allegations made the basis of the Plaintiff's Complaint.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    It is the policy of the Lee County Sheriff's Office that Detention Center staff use only the minimum physical force necessary to control combative or uncooperative inmates. Physical abuse is not used to punish an inmate for a rule violation.

6.    It is the policy of the Lee County Sheriff's Office that force and restraints are used in the Lee County Detention Center only when it is necessary to do so in order to maintain appropriate control and management and provide for secure and orderly running of the Detention Center.

7.    The Lee County Sheriff's Office operates the Lee County Detention Center under the belief that control and management of inmates incarcerated there should be by sound scientific methods, stressing moral values and organized persuasion rather than depending upon physical force for effective management and control.

8.    When the use of force is necessary, only the minimum amount needed to accomplish the task at hand is used.

9.    Physical force is used only as a last resort. All reasonable attempts are made to identify and utilize alternative means to deal with the situation.

10.    Physical force or chemical agents may be used in the following incidences:

    a.    Prior to the use of deadly force to prevent the commission of a felony, including escape or to prevent an act which could result in death or serious

bodily harm to one's self or another person.

b.    In defending one's self or others against any physical assault.

c.    To prevent the commission of a misdemeanor.

d.    To prevent serious damage to property.

e.    To enforce Detention Center regulations.

f.    To prevent or quell a riot.

11.    It is the policy of the Lee County Sheriff's Office to establish rules and regulations governing the behavior of persons incarcerated in the Lee County Detention Center and to subject such persons to discipline for violation of those rules only in a matter which provides due process for the accused person.

12.    Using profanity or derogatory remarks or gestures to a staff member is a major offense, subjecting the inmate to lockdown. Plaintiff was placed in lockdown on November 3, 2006 for a short time period to allow him to "cool-off."

13.    It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

14.    It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.

15.    It is the policy of the Lee County Sheriff's Office to maintain a housekeeping plan at the Lee County Detention Center in order that all areas of the Detention Center are kept clean and sanitary.

3

16.    Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.

17.    The first and second shift supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.

18.    Each cleaning consists of the following:  Floors are swept and mopped.  Toilets are scrubbed with toilet cleanser and disinfectant.  Sinks and showers are scrubbed with scouring cleanser and disinfectant.  Tables and benches are washed.  Bunks and sleeping areas are made clean and orderly.  Trash receptacles are emptied and washed daily.

19.    The shift supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time including any areas where mildew is present.

20.    The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

21.    It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, chief deputy sheriff, or Detention Center personnel.

22.    Inmates housed in the Lee County Detention Center are furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing.  Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate.  The officer receiving the request form is to answer the request if possible.  If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered.  If the request form is directed to a particular officer, the officer receiving the request will

4

forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

23.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

24.    All inmates are provided access to a Lee County Detention Center Inmate Handbook. All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail. Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

25.    I have never received a grievance or request form from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

26.    When an inmate is booked into the Lee County Detention Center the shift supervisor assigns the inmate to a cell. Felony pretrial inmates are held on the F-wing of the jail. When Plaintiff was first incarcerated he was placed on the F-wing of the jail because

5

Plaintiff was arrested on failure to appear on a first degree theft of property charge, which is a felony charge. Inmates charged with murder are housed in the maximum –security E-wing. Most inmates in the F-wing are facing felony charges of theft. Later, when Plaintiff was released on the felony charge, he was moved to the D-wing of the jail where inmates charged with misdemeanors and trustys are held. At all times, Plaintiff was housed in a cell appropriate for the type of charges against him.

27.    I have never harassed or threatened Plaintiff in any manner. I never made any statement to the Plaintiff indicating that I would "beat him up" or cause him any harm whatsoever.

28.    The heating system for the Lee County Detention center maintains a temperature between 68 and 70 degrees Fahrenheit in all inmate cells. Increasing this temperature increases the opportunity for germ growth. If a problem does occur within the heating system, a service professional is called to fix it immediately. Plaintiff has never been housed in a cell without adequate heat.

29.    The Lee County Detention Center is painted once every two years. If significant paint chipping occurs in between paintings, that spot will be repainted. Often, inmate vandalism to cell walls causes paint to chip. Sprinklers thought the jail are fully functional and are not painted over. Jail officials inspect all surfaces after being painted and ensure that sprinkler heads are functional. Also, the Lee County Detention Center is inspected by fire department officials every six months to ensure sprinklers are operational.

30.    During Plaintiff's incarceration, he has been served a meal three times a day each and every day he has been incarcerated. Inmates receive ample amounts of dairy products, proteins and vegetables. Water is served to the inmates daily; also, inmates receive

6

non-fat milk and fruit drinks several times a week. Further, healthy portions are served at each meal. Inmates are usually served meat daily. Inmates are served three to four different food items at every meal, offering a variety of food choices each day. Inmates are served fruit several times a week.

31.    I have complied with all policies and procedures of the Lee County Detention Center. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

32.    All documents attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business. I am a custodian of these records.

33.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_Corey O Welch_
COREY WELCH

**SWORN TO** and **SUBSCRIBED** before me this $28$ day of February, 2007.


_alnis D. Bridges_
NOTARY PUBLIC
My Commission Expires:_____ MY COMMISSION EXPIRES FEB. 5, 2011

7

# Exhibit D
# Affidavit of James Scroggins

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| ANTHONY KEITH VAUGHN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| V. | )    Civil Action No. 3:06-cv-1103-WKW |
| | ) |
| OFFICER SCROGGINS, et al., | ) |
| | ) |
|     Defendants. | ) |

## <u>AFFIDAVIT OF JAMES SCROGGINS</u>

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared James Scroggins, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is James Scroggins.  I am over the age of nineteen and competent to execute this affidavit.

2.    I am employed by the Lee County Sheriff's Office and assigned to serve as a Corrections Officer at the Lee County Detention Center.  I have worked as a correctional officer for approximately three years at the Lee County Detention Center.  For approximately eleven years, I was employed as a Corrections Officer at the Macon County Sheriff's Office.  I am a graduate of the Alabama Jail Management School.

3.    I am familiar with the Plaintiff Anthony Keith Vaughn due to his incarceration in the Lee County Detention Center.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    It is the policy of the Lee County Sheriff's Office that Detention Center staff use

only the minimum physical force necessary to control combative or uncooperative inmates. Physical abuse is not used to punish an inmate for a rule violation.

6.    It is the policy of the Lee County Sheriff's Office that force and restraints are used in the Lee County Detention Center only when it is necessary to do so in order to maintain appropriate control and management and provide for secure and orderly running of the Detention Center.

7.    The Lee County Sheriff's Office operates the Lee County Detention Center under the belief that control and management of inmates incarcerated there should be by sound scientific methods, stressing moral values and organized persuasion rather than depending upon physical force for effective management and control.

8.    When the use of force is necessary, only the minimum amount needed to accomplish the task at hand is used.

9.    Physical force is used only as a last resort.  All reasonable attempts are made to identify and utilize alternative means to deal with the situation.

10.    Physical force or chemical agents may be used in the following incidences:

    a.    Prior to the use of deadly force to prevent the commission of a felony, including escape or to prevent an act which could result in death or serious bodily harm to one's self or another person.

    b.    In defending one's self or others against any physical assault.

    c.    To prevent the commission of a misdemeanor.

    d.    To prevent serious damage to property.

    e.    To enforce Detention Center regulations.

    f.    To prevent or quell a riot.

11.    It is the policy of the Lee County Sheriff's Office to establish rules and regulations governing the behavior of persons incarcerated in the Lee County Detention Center and to subject

2

such persons to discipline for violation of those rules only in a matter which provides due process for the accused person.

12.    Using profanity or derogatory remarks or gestures to a staff member is a major offense, subjecting the inmate to lockdown.  Plaintiff was placed in lockdown for a short time period to allow him to "cool-off."

13.    It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

14.    It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.

15.    It is the policy of the Lee County Sheriff's Office to maintain a housekeeping plan at the Lee County Detention Center in order that all areas of the Detention Center are kept clean and sanitary.

16.    Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.

17.    The first and second shift supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.

18.    Each cleaning consists of the following:  Floors are swept and mopped.  Toilets are scrubbed with toilet cleanser and disinfectant.  Sinks and showers are scrubbed with

3

scouring cleanser and disinfectant. Tables and benches are washed. Bunks and sleeping areas are made clean and orderly. Trash receptacles are emptied and washed daily.

19.    The shift supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time including any areas where mildew is present.

20.    The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

21.    It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the sheriff or Detention Center personnel.

22.    Inmates housed in the Lee County Detention Center are furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

23.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

4

27.    Due to his refusal to follow orders, I told Plaintiff to pack his things up because he was going to lockdown. I handcuffed Plaintiff and escorted him down the hallway to E-6, a lockdown cell. I removed Plaintiff's handcuffs and he walked into the lockdown cell. Plaintiff was handcuffed, escorted to the lockdown cell and the handcuffs were removed all without incident. At no time was any physical force used against Plaintiff by me or Officer Aaron. Plaintiff did not resist being handcuffed, being escorted to E-6 or having the handcuffs removed. Plaintiff made no complaint of any kind. I told Plaintiff that I was placing him in lockdown so he could cool-off. Plaintiff was in lockdown for approximately one day.

28.    I have never harassed or threatened Plaintiff in any manner. I never made any statement to the Plaintiff indicating that I would "beat him up" or cause him any harm whatsoever. I have never made any statement encouraging anyone else to harm Plaintiff. I have never made any statement to Plaintiff regarding teaching him a lesson or teaching him to respect me by housing him with inmates charged with murder or rape.

29.    When an inmate is booked into the Lee County Detention Center the shift supervisor assigns the inmate to a cell. Felony pretrial inmates are held on the F-wing of the jail. When Plaintiff was first incarcerated he was placed on the F-wing of the jail because Plaintiff was arrested on failure to appear on a first degree theft of property charge, which is a felony charge. Inmates charged with murder are housed in the maximum –security E-wing. Most inmates in the F-wing are facing felony charges of theft. Later, when Plaintiff was released on the felony charge, he was moved to the D-wing of the jail where inmates charged with misdemeanors and trustys are held. At all times, Plaintiff was housed in a cell appropriate for the type of charges against him.

6

30.    The heating system for the Lee County Detention center maintains a temperature between 68 and 70 degrees Fahrenheit in all inmate cells. Increasing this temperature increases the opportunity for germ growth. If a problem does occur within the heating system, a service professional is called to fix it immediately. Plaintiff has never been housed in a cell without adequate heat.

31.    The Lee County Detention Center is painted once every two years. If significant paint chipping occurs in between paintings, that spot will be repainted. Often, inmate vandalism to cell walls causes paint to chip. Sprinklers thoughout the jail are fully functional and are not painted over. Jail officials inspect all surfaces after being painted and ensure that sprinkler heads are functional. Also, the Lee County Detention Center is inspected by fire department officials every six months to ensure sprinklers are operational.

32.    I have complied with all policies and procedures of the Lee County Detention Center. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

33.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_James Scroggins_
JAMES SCROGGINS

**SWORN TO** and **SUBSCRIBED** before me this 27 day of February, 2007.


_Iris D. Bridges_
NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES FEB. 5, 2011

7

# Exhibit E
# Affidavit of Leon Aaron

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY KEITH VAUGHN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Civil Action No. 3:06-cv-1103-WKW** |
| | ) | |
| **OFFICER SCROGGINS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF LEON AARON

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Leon Aaron, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Leon Aaron. I am over the age of nineteen and competent to execute this affidavit.

2.      I am employed by the Lee County Sheriff's Office and assigned to serve as a Corrections Officer at the Lee County Detention Center. I have worked as a correctional officer for three and one-half (3 1/2) years. I am a graduate of the Alabama Jail Management School.

3.      I am familiar with the Plaintiff Anthony Keith Vaughn due to his incarceration in the Lee County Detention Center.

4.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      It is the policy of the Lee County Sheriff's Office that Detention Center staff use

only the minimum physical force necessary to control combative or uncooperative inmates. Physical abuse is not used to punish an inmate for a rule violation.

6.      It is the policy of the Lee County Sheriff's Office that force and restraints are used in the Lee County Detention Center only when it is necessary to do so in order to maintain appropriate control and management and provide for secure and orderly running of the Detention Center.

7.      The Lee County Sheriff's Office operates the Lee County Detention Center under the belief that control and management of inmates incarcerated there should be by sound scientific methods, stressing moral values and organized persuasion rather than depending upon physical force for effective management and control.

8.      When the use of force is necessary, only the minimum amount needed to accomplish the task at hand is used.

9.      Physical force is used only as a last resort. All reasonable attempts are made to identify and utilize alternative means to deal with the situation.

10.     Physical force or chemical agents may be used in the following incidences:

   a.     Prior to the use of deadly force to prevent the commission of a felony, including escape or to prevent an act which could result in death or serious bodily harm to one's self or another person.

   b.     In defending one's self or others against any physical assault.

   c.     To prevent the commission of a misdemeanor.

   d.     To prevent serious damage to property.

   e.     To enforce Detention Center regulations.

   f.     To prevent or quell a riot.

11.     It is the policy of the Lee County Sheriff's Office to establish rules and regulations governing the behavior of persons incarcerated in the Lee County Detention Center and to subject

2

such persons to discipline for violation of those rules only in a matter which provides due process for the accused person.

12.    Using profanity or derogatory remarks or gestures to a staff member is a major offense, subjecting the inmate to lockdown.  Plaintiff was placed in lockdown for a short time period to allow him to "cool-off."

13.    It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

14.    It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.

15.    It is the policy of the Lee County Sheriff's Office to maintain a housekeeping plan at the Lee County Detention Center in order that all areas of the Detention Center are kept clean and sanitary.

16.    Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.

17.    The first and second shift supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.

18.    Each cleaning consists of the following:  Floors are swept and mopped.  Toilets are scrubbed with toilet cleanser and disinfectant.  Sinks and showers are scrubbed with

3

scouring cleanser and disinfectant. Tables and benches are washed. Bunks and sleeping areas are made clean and orderly. Trash receptacles are emptied and washed daily.

19.    The shift supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time including any areas where mildew is present.

20.    The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

21.    It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the sheriff, chief deputy sheriff, or Detention Center personnel.

22.    Inmates housed in the Lee County Detention Center are furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

23.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

4

24.    All inmates are provided access to a Lee County Detention Center Inmate Handbook. All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail. Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the sheriff, who will make the final decision.

25.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.

26.    Officer Scroggins and I responded to a call from the inmates in F-3 that an inmate was sick and needed help. Upon arriving in F-3, we summoned medical help for an inmate who was lying on the floor and stating that he was in pain. We instructed the 15-20 inmates in the cell to be quiet so that the nurse could do her job and take care of the sick inmate. Plaintiff began running his mouth as soon as we arrived in the cell and continued after we told the inmates to not talk. Plaintiff was instructed several times to be quiet by me and Officer Scroggins. However, Plaintiff refused to stop talking and made multiple and various derogatory comments such as we were not helping the sick inmate, that we were going to let him die, and that we needed to get the inmate some more medical help. Plaintiff spoke in a loud and belligerent manner and kept using profanity. Plaintiff was the only inmate in the cell refusing the order to be quiet. Plaintiff was interfering with the nurse's ability to talk with the sick inmate and was interfering with the nurse's work. Plaintiff was refusing to follow a direct order from an officer.

5

27.    Due to his refusal to follow orders, Officer Scroggins told Plaintiff to pack his things up because he was going to lockdown. Plaintiff was handcuffed and escorted down the hallway to a lockdown cell by Officer Scroggins. I witnessed Plaintiff being handcuffed and was 6-8 feet behind them as they walked down the hall. I also witnessed Officer Scroggins removing the handcuffs and Plaintiff walking into the lockdown cell. Plaintiff was handcuffed, escorted to the lockdown cell and the handcuffs were removed all without incident. At no time was any physical force used against Plaintiff by me or Officer Scroggins. Plaintiff did not resist being handcuffed, being escorted to E-6 or having the handcuffs removed. Plaintiff made no complaint of any kind.

28.    When an inmate is booked into the Lee County Detention Center the shift supervisor assigns the inmate to a cell. Felony pretrial inmates are held on the F-wing of the jail. When Plaintiff was first incarcerated he was placed on the F-wing of the jail because Plaintiff was arrested on failure to appear on a first degree theft of property charge, which is a felony charge. Inmates charged with murder are housed in the maximum --security E-wing. Most inmates in the F-wing are facing felony charges of theft. Later, when Plaintiff was released on the felony charge, he was moved to the D-wing of the jail where inmates charged with misdemeanors and trustys are held. At all times, Plaintiff was housed in a cell appropriate for the type of charges against him.

29.    I have never harassed or threatened Plaintiff in any manner. I never made any statement to the Plaintiff indicating that I would "beat him up" or cause him any harm whatsoever.

30.    The heating system for the Lee County Detention center maintains a temperature between 68 and 70 degrees Fahrenheit in all inmate cells. Increasing this

6

temperature increases the opportunity for germ growth. If a problem does occur within the heating system, a service professional is called to fix it immediately. Plaintiff has never been housed in a cell without adequate heat.

31.    The Lee County Detention Center is painted once every two years. If significant paint chipping occurs in between paintings, that spot will be repainted. Often, inmate vandalism to cell walls causes paint to chip. Sprinklers throughout the jail are fully functional and are not painted over. Jail officials inspect all surfaces after being painted and ensure that sprinkler heads are functional. Also, the Lee County Detention Center is inspected by fire department officials every six months to ensure sprinklers are operational.

32.    I have complied with all policies and procedures of the Lee County Detention Center. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

33.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_Leon Aaron_
LEON AARON

**SWORN TO** and **SUBSCRIBED** before me this 27 day of February, 2007.


_alris A. Bridges_
NOTARY PUBLIC
My Commission Expires:___MY COMMISSION EXPIRES FEB. 6, 2011___


7

# Exhibit F
# Inmate Medical File

# NOTES

NAME _Vaughn, Anthony_ SS# ⬛⬛⬛⬛⬛⬛⬛

DOB: ⬛⬛⬛⬛⬛ AGE: _34_ SEX: _m_ RACE _B_

DRUG ALLERGIES: _Ø_____ TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _Neck pain_____

_____

_____

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

## HEALTH CARE DOCUMENTATION                    179⁺

SUBJECTIVE:

OBJECTIVE: BP _128/82_ P _____ R _____ T _____ O2 _____

ASSESSMENT:

PLAN: _Naproxen 500 ? RED # 14_
_ved BD  time ; ? ACL_

REFER TO: _____ PA/PHYSICIAN____ MENTAL HEALTH____ DENTAL____

SIGNATURE_____ TITLE _MD_ DATE _1/23/07_ TIME _0948_

JOHN H MCFARLAND MD
AM8104894
AL 11404

# NOTES

NAME _Vaughn, Anthony_     SS# ▮▮▮▮▮▮▮▮

DOB: ▮▮▮▮▮     AGE: _34_     SEX: _M_     RACE _B_

DRUG ALLERGIES: _Ø_ _____     TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _H/A's   B/P meds_
_Not Helping_

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

HEALTH CARE DOCUMENTATION                    175k

SUBJECTIVE:

OBJECTIVE: BP _120/72_ P _60_ R _____ T _____ O2 _97%_

ASSESSMENT:

01/03/07     **Lee County Detention Center**               **Vaughn, Anthony**          ▮▮▮▮▮

**Assessment:** 34 y/o black male. Says he's still having some headaches. He describes occipital neck muscle headaches. He hasn't wanted to take his blood pressure medicine because he didn't think that helped. The nurse has continued it. His blood pressure today is 120/72. He has a supple comfortable neck motion but he's so tight and tender in the muscles.

**Exam:** PERRL. Heart & lungs: clear.

**Impression:** Hypertension, headaches muscular/skeletal.

**Plan:** Resisted range of motion exercises etc. Continue HCTZ 12.5 mg q day.

PLAN:

REFER TO: _____ PA/PHYSICIAN _____ MENTAL HEALTH _____ DENTAL _____

SIGNATURE _____ TITLE _MD_ DATE _1/3/07_ TIME _1023_

JOHN H MCFARLAND MD
AM8104894
AL 11404

1

# NOTES

NAME *Vaughn, Anthony*    SS# �as▬▬▬▬

DOB: ▬▬▬▬    AGE: 34    SEX: M    RACE: B

DRUG ALLERGIES: Ø    TETNUS: _____

NATURE OF PROBLEM OR REQUEST: *H/p    §₂ HTN Ø meds*

_____

_____

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

## HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE: BP 142/82   P _____ R _____ T _____ O2 _____

ASSESSMENT:

**12/13/06    Lee County Detention Center    Anthony Vaughn    #▬▬▬▬**
This 34 YOBM says he has had headaches for two years since he was hit on the head with a
bungee cord, it was in the eye. He saw Dr. Anz about it. He had a surgery in Birmingham for it.
He just has blurry vision in that right eye now.
**Physical Exam:** Heart and lungs are clear. Blood pressure is 142/82.
**Impression:** Hypertension; old eye injury; headaches.
**Plan:** Hydrochlorothiazide 12.5 mg q day. Recheck in one month.

PLAN:

HCTZ 12.5 q d   reck 1 mo.

REFER TO: _____ PA/PHYSICIAN _____ MENTAL HEALTH _____ DENTAL _____

SIGNATURE _____ TITLE MD DATE 12/31/06 TIME 1500

JOHN H MCFARLAND MD   12/31/06  J- 3 Ch  HCT3  tot
AMB1 0 4 8 9 4
AL 11404  Still  have  HTN's   f/u ū , mo

## NOTES

NAME _Vaughn, Anthony_    SS# ███████████

DOB: ███████    AGE: _31_    SEX: _M_    RACE _B_

DRUG ALLERGIES: _none_    TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _(R) Shoulder +_
_neck pain - States was pushed_
_by Officers_

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

---

### HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE: BP _____ P _____ R _____ T _____ O2 _____

ASSESSMENT:

**11/07/06    Lee County Detention Center    Anthony Vaughn**    ████████
This 31 YOBM says there is "nothing wrong with me now". He was injured a week ago when he was forced up against a wall.
**Physical Exam:** He shows me full range of motion of his shoulders, neck, and chest without respiratory distress. He sounds like he is getting a little cold.
**Impression:** Minor musculoskeletal injuries resolved.
**Plan:** Motrin/Tylenol prn. Recheck as needed.

PLAN:

REFER TO: _____ PA/PHYSICIAN _____ MENTAL HEALTH _____ DENTAL _____

SIGNATURE _____ TITLE _MD_ DATE _11-7-06_ TIME _0952_
JOHN H MCFARLAND MD
AM8104894
AL 11404

## NOTES

NAME _Vaugh, Anthony_ SS# ▓▓▓▓▓▓▓▓▓

DOB: ▓▓▓▓▓▓ AGE: _31_ SEX: _M_ RACE _B_

DRUG ALLERGIES: _Ø_ TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _C/o Rt Shoulder_
_& Neck pain from Being push_
_into Wall._

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

---

## HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE: BP _____ P _____ R _____ T _____ O2 _98%_

ASSESSMENT: J-3 Alert & responsive Skin
Warm & dry to touch J-3 C/o sore &
painful Neck & Rt Shoulder from
being push into Wall by Officers when
J-3 interferes c Officer's duty during a
Medical v for J-3 own Admission
good rom to Shoulder move Neck c some
stiffness c/o pain slightly down Neck c moderate

PLAN: T motrin gms x T doz, See on
MD for pain assessment & opinion & Medical
Clea J-3

REFER TO: ___ PA/PHYSICIAN ___ MENTAL HEALTH _____ DENTAL _____

SIGNATURE _Stewart_ TITLE _LVN_ DATE _11/5/06_ TIME _1200_

1

NOTES

SS# ▓▓▓▓▓▓▓▓▓▓▓

NAME *Vaughn, Anthony*    DOB ▓▓▓▓ AGE 31 SEX M RACE B

DRUG ALLERGIES Ø    TETANUS

NATURE OF PROBLEM OR REQUEST *Assessment of Rt eye*

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

**********************************************************************************

HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE: BP_____ P_____ R_____ T_____

ASSESSMENT:

**02/10/04    Lee County Detention Center    Anthony Vaughn**

This 31 YOBM had an injury to his right eye with a bungee cord on 01/02/04. He has been seen by Dr. Anz. He has an appointment later this month to be rechecked (02/26/04). He says he sees double anywhere that he looks. His vision is blurry. He says he anticipates getting out soon. He had not been taking the eye drops regularly.

**Physical Exam:** Alert, no distress. The right pupils is a little bit bigger than the left. It reacts equally. He says he has diplopia but sometimes he doesn't even look at the object when he tells me he sees double. I am not sure he is having any trouble.

**Impression:** _____

**Plan:** Follow up with Dr. Anz when he gets out. No need for the drops now since it has been about six weeks since his injury and there is no anterior chamber problems. Recheck prn.

REFER TO: _____    PA/PHYSICIAN _____    MENTAL HEALTH _____    DENTAL _____

SIGNATURE  JOHN H MCFARLAND MD    TITLE MD    DATE 2-10-04    TIME 0925

AM8104894
AL 11404

NOTES

SS# ███████████

NAME Vaughn, Anthony   DOB ████   AGE 31   SEX M   RACE B

DRUG ALLERGIES _____   TETANUS _____

NATURE OF PROBLEM OR REQUEST Assessment g Rt eye

Under D. Ang  749-1986

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

SIGNATURE _____

*************************************************************************

### HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE:  BP 60/75  P —  R —  T ___  99°?

ASSESSMENT: Alert & Responsive Skin warm & dry
to touch I/m 3 late under care g
Dr. Ang for Rt eye probl _____ _____
meds _ him unable get
on phone Ken Block ____ _____
seen now in B. Lay g Water
Pupil reactive to Light & Water.

PLAN: Called D. Ang's off ___
Called To I/m ____ meth ___ _____
meds. For Release 749-1748

REFER TO: (PA/PHYSICIAN)   MENTAL HEALTH ____   DENTAL ____

SIGNATURE Stewart   TITLE LPN   DATE ____   TIME ____

16/04 ____ Brought in Prednisone 20mg 5 gt ____ Hyoscine
D.25% Dentak 3.5g all ordered 01/12/04. Called Dr McFarland
don't restart meds. Clin OPD for 2 wks.

_e County Detention Center

# INMATE REQUEST SLIP

D-4
**LOCATION**

Name _Anthony R. Vaughn_          Date _1-20-07_

☐ Telephone Call    ☑ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_I'm Requesting To See The Doctor, ~~and~~ Because_
_My Neck Has Swollen And I Have Lost My Voice_
_I Really Cant Talk At All._

<u>Do Not Write Below This Line</u> - For Reply Only

_1/20/07 you have been placed back_
_on the doctors list once again._
_He's already seen you several_
_times & said you were fine._

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

# MEDICATION SHEET - ADMINISTRATION RECORD

P & L FORMS #3021 *(for A03 print programs)*

Jan. 2007

| Medications | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| H_cT_3 12.5 mg + g d 1/1/07 | 0800 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Naprosyn 500 mg TPO BID #14 1/23/07 | 0800 / 8PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | 1 | 1 | 2 | 2 | 3 | 3 | 4 | 4 | 5 | 5 | 6 | 6 | 7 | 7 | 8 | 8 | 9 | 9 | 10 | 10 | 11 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | |

| | 12 | 12 | 13 | 13 | 14 | 14 | 15 | 15 | 16 | 16 | 17 | 17 | 18 | 18 | 19 | 19 | 20 | 20 | 21 | 21 | 22 | 22 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | refused | | | | | | | | | | count | |
| PM | | | | | | | | | | | | | | | | | | | | | | |

| | 23 | 23 | 24 | 24 | 25 | 25 | 26 | 26 | 27 | 27 | 28 | 28 | 29 | 29 | 30 | 30 | 31 | 31 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | |

Charting For _____ Through _____

Physician _____
Alt. Phys. Mc Farley m

Telephone No. _____
Alt. Telephone _____
Rehabilitative Potential _____

Medical Record No. _____

Admission Date _____

| Medicaid Number | Medicare Number | - | Complete Entries Checked: By: Stewart | Title: LPN | Date 1/1/07 |
|---|---|---|---|---|---|
| Resident | | | Birth Date | Resident Code | Room No. / Bed / Facility Code |

Lee County Detention Center
# INMATE REQUEST SLIP

C-1
**LOCATION**

Name _Vaughn, Anthony_    Date _2/13/07_

☐ Telephone Call    ☐ Doctor    ☑ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

Says he has ringworm

Says its a itchy rash that is raised + in a circular pattern to his back.

<u>Do Not Write Below This Line</u> - For Reply Only

2/13/07  Antifungal cream sent
NurseGriffith

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

'ᵻe County Detention Center

# INMATE REQUEST SLIP

LOCATION _D-4_

Name _Anthony K. Vaughn_    Date _1-15-07_

☐ Telephone Call    ☑ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. **Give To Jailer**

_I HAVE BEEN HAVING PROBLEM WITH MY NECK FOR 2 months, where officer's Slam me against the Wall, I can't turn my Neck It's Still painful EVERYTIME I EXERCISE It, It's HURT WORSE, I NEED A NECK BRACE_

Do Not Write Below This Line - For Reply Only

_1/17/07 your B/P 120/70 that's very good Cpt your exercise keep me follow up with him in 2 months_

_Nurse Stewart_

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

# MEDICATION SHEET - ADMINISTRATION RECORD

Dec 2006

P & L FORMS #3021 (for A03 print programs)

| Medications | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HCTZ 12.5mg 1 po ⊂ day 12/13/06 | 0800 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

|  | 1 | 1 | 2 | 2 | 3 | 3 | 4 | 4 | 5 | 5 | 6 | 6 | 7 | 7 | 8 | 8 | 9 | 9 | 10 | 10 | 11 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | | |

|  | 12 | 12 | 13 | 13 | 14 | 14 | 15 | 15 | 16 | 16 | 17 | 17 | 18 | 18 | 19 | 19 | 20 | 20 | 21 | 21 | 22 | 22 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | DH | AN | DB | AN | DH | AN | DB | AN | JP | AN | DH | | | | DB | AN |
| PM | | | | | | | | | | | | | | | | | CP | AN | | | | |

|  | 23 | 23 | 24 | 24 | 25 | 25 | 26 | 26 | 27 | 27 | 28 | 28 | 29 | 29 | 30 | 30 | 31 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | DB | AN | DB | AN | DB | AN | DB | AN | DB | AN | DB | AN | DB | AN | DB | AN | DB | AN |
| PM | | | | | | | | | | | | | | | | | | |

| Charting For | | Through Dec 2006 | |
|---|---|---|---|
| Physician | McFarland | Telephone No. | Medical Record No. |
| Alt. Phys. | | Alt. Telephone | |
| Allergies | | Rehabilitative Potential | |
| Diagnosis | | | Admission Date |
| Medicaid Number | Medicare Number | Complete Entries Checked: By: [signature]  Title: LPN  Date: 12/13/06 | |
| Resident | Vaugh, Anthony | Birth Date | Resident Code | Room No.  Bed  Facility Code |

ither
VURSE
OR
1octoR

## Lee County Detention Center
# INMATE REQUEST SLIP

F-6
**LOCATION**

Name _Anthony R. Vaughn_    Date _12-21-06_

☐ Telephone Call    ☒ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

---

Briefly Outline Your Request. <u>Give To Jailer</u>

I'M REQUESTING TO SEE THE NURSE OR DOCTOR
ABOUT THESE HEADACHE I'M KEEP OWN HAVING
FOR A WEEK STRAIGHT, IT'S REALLY BEEN BOTHER
ME CONSTANTLY OWN AND OFF, I THINK I REALLY
NEED TO BE CHECK UP OWN ABOUT THESE
SEVERE PAIN'S I'M HAVING OR STRESSING PAIN
I'M STRESSING PROBLEM!!! Thanks Very
much A.R.V.

---

<u>Do Not Write Below This Line</u> - For Reply Only

12/21/06 You have been put on Blood
pressure medication. You have seen
the doctor already. Stop refusing
your meds, take them everyday
+ you will be ok. You go back to
see the doctor in a month

Approved _____ Denied _____ Collect Call
Nurse Ginger

Lee County Detention Center

# INMATE REQUEST SLIP

F-6
**LOCATION**

Name _Anthony K. Vaughn_    Date _12-9-06_

☐ Telephone Call    ☑ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

I NEED TO SEE A DOCTOR ABOUT THESE
PAINS I BEEN HAVING IN MY Right EYE
IT'S ACHES AND GIVES ME HEADACHES, I Can't
SEE out of It At TIME, I WAS TAKEN
MEDICINE I Step, Now THESE PAIN Coming
BACK. I HAD SURGERY IN Birmingham They
GAVE ME Something I Step, PAIN Came And
On. I CAN'T SEE, EVERYTHING Blurry, Hurts

Do Not Write Below This Line - For Reply Only

_12-11-06_    to Dee M.D.

Approved _____    Denied _____    Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

# ALABAMA DEPARTMENT OF PUBLIC HEALTH
## MANTOUX TUBERCULIN SKIN TEST REPORT

Patient Name: Vaughn, Anthony Keith

County: LCC

I.D. NUMBER: 917570

Address: ▓▓▓▓▓▓▓▓

B/M

Social Security No: _____

Phone No: _____

Birth Date: _____

Month   Day   Year

MI

Counselor (Initials): J-L

Sex: ☑ M ☐ F

Hisp ☐ Y ☐ O

Date Collected: / / /

Reason Tested:
☐ Health Care Worker   ☐ Student   ☐ Homeless
☐ Medical Risk   ☐ Occupational   ☑ Jail/Prison
☐ Shelter   ☐ Foreign Born   ☐ Not at Risk

| EIA | WESTERN BLOT |
|---|---|
| Results: Indicated by Marked | |
| ◉ Negative | ○ Negative |
| ○ Not Done | ○ Indeterminate |
| ○ Positive | ○ Positive |
| | ○ Not Done |

Contact: ☐ Yes ☐ No          Facility Name: LCSO

Risk Factor Category (Check One) A ☐   B ☐   C ☐   (See Reverse Side)

Date Tested: 11/8/06   Date Read: 11/10/06   Result: 0 mm

Month Day Year          Month Day Year

(For Two-Step Method Only)

Second Test Date: _____   Date Read: _____   Result: _____ mm

Month Day Year          Month Day Year

All results must be recorded in millimeters (mm) of induration.

ANALYST INITIALS: [ ] [ ] [ ]

DATE REPORTED: / / /

☐ Birmingham   ☐ Mobile
☐ Decatur   ☑ Montgomery
☐ Dothan

Race codes: W-White; B-Black; AI-American Indian; A-Asian; AN-Alaskan Native;
H/PI-Hawaiian/Pacific Islander; O-Other

ADPH-TB-26/Rev. 2-06 (BS)

County Health Dept. CHR Number: [ ][ ][ ][ ][ ][ ][ ][ ][ ]

Social Security Number: [ ][ ][ ] - [ ][ ] - [ ][ ][ ][ ]

Medicaid Number: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Provider Number: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Has Patient Had a Previous Positive or Indeterminate Western Blot?
◉ No   ○ Yes   ○ Unknown

Date: [ ][ ] / [ ][ ] / [ ][ ][ ][ ]

## PATIENT SHOULD HAVE A TUBERCULIN SKIN TEST IF HIV POSITIVE

1997321024

PO BOX 244018, MONTGOMERY AL 36124-4018
Phone:(334) 260-3400  FAX:(334) 274-9800

Page:   1

| Provider: | Accession | 4045507 | ID: | 1075913 | Patient: |
|---|---|---|---|---|---|

**Provider:**
TKD JUSTICE CENTER
PO BOX 2407
OPELIKA, AL, 36801-0000
(000) 000-0000,
UNKNOWN DOCTOR

**Accession** 4045507
Requisition #: 4045507
Service Area:
CHR #:

**ID:** 1075913

Collected: 11/15/2006 @
Received: 11/17/2006 @ 10:20 AM
Reported: 11/20/2006 @ 3:29 PM

**Patient:**
**Vaughn,Anthony,Keith**
D.O.B.:
Sex:    M    MALE
Phone:  (000) 000-0000
SSN:
Status:  **Final Report**

| Test Name | Result | Units | Normal Range | Notes |
|---|---|---|---|---|

### *Serology Results*

| | | | | |
|---|---|---|---|---|
| VDRL, STS Qualitative | Non-Reactive | | | |

Lab Director
William J. Callan,Ph.D.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date Printed: | 11/20/2006 | 3:29 PM | >> | PH - Panic High | > | AH - Abnormal High | ~ | A - Abnormal | *** Final Page *** |
| Completed Between:11/20/2006 | - | 11/20/2006 | << | PL - Panic Low | < | AL - Abnormal Low | δ | Delta Check Failed | All Results Included |

# Exhibit G
# Affidavit of Ray Roberson

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

ANTHONY KEITH VAUGHN, )
)
    Plaintiff, )
)
V. )     Civil Action No. 3:06-cv-1103-WKW
)
OFFICER SCROGGINS, et al., )
)
    Defendants. )

## AFFIDAVIT OF RAY ROBERSON

STATE OF ALABAMA )
)
COUNTY OF LEE )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Ray Roberson, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Ray Roberson. I am over the age of nineteen and competent to execute this affidavit.

2.    I am employed with the Lee County Sheriff's Office and serve as Assistant Jail Administrator at the Lee County Detention Center. I have worked in the Lee County Detention Center for twenty-three years and have obtained the rank of lieutenant.

3.    I am familiar with the Plaintiff Anthony Keith Vaughn due to his incarceration in the Lee County Detention Center. However, I have no personal knowledge of any of the facts made the basis of the Plaintiff's Complaint. I was not involved and did not observe any of the incidents alleged in his Complaint.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, chief deputy sheriff, or Detention Center personnel.

6.    Inmates housed in the Lee County Detention Center are furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

7.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

8.    All inmates are provided access to a Lee County Detention Center Inmate Handbook. All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail. Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that

2

if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

9.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

10.    All documents attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business. I am a custodian of these records.

11.    I have complied with all policies and procedures of the Lee County Detention Center. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

12.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_____
RAY ROBERSON

**SWORN TO** and **SUBSCRIBED** before me this 28 day of February, 2007.


_____
NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES FEB. 5, 2011

3

# Exhibit C
# Affidavit of Sheriff Jay Jones

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY KEITH VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 3:06-cv-1103-WKW |
| | ) | |
| OFFICER SCROGGINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF JAY JONES

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Jay Jones, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Jay Jones. I am over the age of nineteen and competent to execute this affidavit.

2.      I am the duly elected Sheriff of Lee County, Alabama, and have served in such capacity since 1999.

3.      I am familiar with the Plaintiff Anthony Keith Vaughn due to his incarceration in the Lee County Detention Center. I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

4.      As Sheriff of Lee County, I am responsible for promulgating the policies governing the Lee County Detention Center.

5.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

6.    It is the policy of the Lee County Sheriff's Office that Detention Center staff use only the minimum physical force necessary to control combative or uncooperative inmates. Physical abuse is not used to punish an inmate for a rule violation.

7.    It is the policy of the Lee County Sheriff's Office that force and restraints are used in the Lee County Detention Center only when it is necessary to do so in order to maintain appropriate control and management and provide for secure and orderly running of the Detention Center.

8.    The Lee County Sheriff's Office operates the Lee County Detention Center under the belief that control and management of inmates incarcerated there should be by sound scientific methods, stressing moral values and organized persuasion rather than depending upon physical force for effective management and control.

9.    When the use of force is necessary, only the minimum amount needed to accomplish the task at hand is used.

10.    Physical force is used only as a last resort.  All reasonable attempts are made to identify and utilize alternative means to deal with the situation.

11.    Physical force or chemical agents may be used in the following incidences:

   a.    Prior to the use of deadly force to prevent the commission of a felony, including escape or to prevent an act which could result in death or serious bodily harm to one's self or another person.

   b.    In defending one's self or others against any physical assault.

   c.    To prevent the commission of a misdemeanor.

   d.    To prevent serious damage to property.

   e.    To enforce Detention Center regulations.

2

f.    To prevent or quell a riot.

12.    It is the policy of the Lee County Sheriff's Office to establish rules and regulations governing the behavior of persons incarcerated in the Lee County Detention Center and to subject such persons to discipline for violation of those rules only in a matter which provides due process for the accused person.

13.    Using profanity or derogatory remarks or gestures to a staff member is a major offense, subjecting the inmate to lockdown.

14.    It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

15.    It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.

16.    It is the policy of the Lee County Sheriff's Office to maintain a housekeeping plan at the Lee County Detention Center in order that all areas of the Detention Center are kept clean and sanitary.

17.    Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.

18.    The first and second shift supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.

3

19.    Each cleaning consists of the following: Floors are swept and mopped. Toilets are scrubbed with toilet cleanser and disinfectant. Sinks and showers are scrubbed with scouring cleanser and disinfectant. Tables and benches are washed. Bunks and sleeping areas are made clean and orderly. Trash receptacles are emptied and washed daily.

20.    The shift supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time including any areas where mildew is present.

21.    The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

22.    It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, chief deputy sheriff, or Detention Center personnel.

23.    Inmates .housed in the Lee County Detention Center are furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

4

24.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

25.    All inmates are provided access to a Lee County Detention Center Inmate Handbook. All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail. Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

26.    I have never received a grievance or request form from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

27.    When an inmate is booked into the Lee County Detention Center the shift supervisor assigns the inmate to a cell. Felony pretrial inmates are held on the F-wing of the jail. Inmates charged with murder are housed in the maximum –security E-wing. The D-wing of the jail houses inmates charged with misdemeanors along with trustys.

5

28. I have never harassed or threatened Plaintiff in any manner. I never made any statement to the Plaintiff indicating that I would "beat him up" or cause him any harm whatsoever.

29. The heating system for the Lee County Detention Center maintains a temperature between 68 and 70 degrees Fahrenheit in all inmate cells. Increasing this temperature increases the opportunity for germ growth. If a problem does occur within the heating system, a service professional is called to fix it immediately. Plaintiff has never been housed in a cell without adequate heat.

30. The Lee County Detention Center is painted once every two years. If significant paint chipping occurs in between paintings, that spot will be repainted. Often, inmate vandalism to cell walls causes paint to chip. Sprinklers thought the jail are fully functional and are not painted over. Jail officials inspect all surfaces after being painted and ensure that sprinkler heads are functional. Also, the Lee County Detention Center is inspected by fire department officials every six months to ensure sprinklers are operational.

31. I have complied with all policies and procedures of the Lee County Detention Center. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

32. I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


JAY JONES


6

**SWORN TO** and **SUBSCRIBED** before me this $\underline{28}$ day of February, 2007.

NOTARY PUBLIC

My Commission Expires: _MY COMMISSION EXPIRES FEB. 5, 2011_

7